Michael D. Kinkley
Michael D. Kinkley, P.S.
4407 N. Division, Suite 914
Spokane, WA 99207
(509) 484-5611
(509) 484-5972 FAX

Kirk D. Miller
Miller and Associates, P.S.
209 E. Sprague Ave.
Spokane, WA 99202
(509) 413-1494
(509) 413-1724 Fax

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KELLI GRAY, and all other similarly situated, | ) ) ) |
| Plaintiff, | ) )   Case No.: ) |
| v. | )   COMPLAINT ) |
| SUTTELL & ASSOCIATES; MIDLAND FUNDING, LLC; MARK T. CASE, and JANE DOE CASE, husband and wife, KAREN HAMMER and JOHN DOE HAMMER | )   CLASS ACTION ) ) )   [FDCPA] ) ) ) |
| Defendants. | ) ) |

Plaintiff Kelli Gray, suing on her behalf and on behalf of all other similarly situated, through her attorney, Michael D. Kinkley of Michael D. Kinkley, P.S., alleges the following:

COMPLAINT  -1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

## I. COMPLAINT

1.1.    This is an action for damages and remedies against Midland Funding

LLC; Suttell & Associates, P.S.; and Mark T. Case and Jane Doe Case,

husband and wife, Karen Hammer and John Doe Hammer, Wife and

husband (collectively "Defendants") pursuant to the Fair Debt Collection

Practices Act, 15 U.S.C. §1692, et seq., ("FDCPA"); for damages and

remedies pursuant to the Washington State Consumer Protection Act

(RCW 19.86 et seq.) ("WCPA"); and for damages and remedies against

Midland Funding, LLC, pursuant to the State of Washington Collection

Agency Act, RCW 19.16, ("WCAA");.

## II. JURISDICTION & VENUE

2.1.    Jurisdiction of this Court arises under 15 U.S.C. §1692k (d), 28 U.S.C.

§1337, and 28 U.S.C. §1331. Supplemental jurisdiction exists for state

law claims pursuant to 28 U.S.C. §1367. Declaratory relief is available

pursuant to 28 U.S.C. §2201 and §2202.

2.2.    Venue is proper in this District under 28 U.S.C. §1391(b) because the

Defendants conduct affairs and transact business in this District, and a

significant portion of the unlawful acts giving rise to this Complaint

COMPLAINT  -2

occurred in this District, and the plaintiffs reside within the territorial

jurisdiction of the court.


### III. FEDERAL QUESTION
### SUBJECT MATTER JURISDICTION

3.1.    Plaintiff Kelli Gray is a "consumer" as defined by the FDCPA, 15 U.S.C.

§ 1692a(3).

3.2.    Plaintiff Kelli Gray is a natural person.

3.3.    Plaintiff Kelli Gray is alleged by the defendant to be obligated to pay a

debt.

3.4.    Defendant Midland Funding LLC, was attempting to collect a "debt" as

defined by FDCPA, 15 U.S.C. §1692a(5).

3.5.    Defendant Suttell & Associates, P.S., was attempting to collect a "debt"

as defined by FDCPA, 15 U.S.C. §1692a(5).

3.6.    Defendant Mark Case was attempting to collect a "debt" as defined by

FDCPA, 15 U.S.C. § 1692a(5).

3.7.    Defendant Karen Hammer was attempting to collect a "debt" as defined

by FDCPA, 15 U.S.C. § 1692a(5).

COMPLAINT  -3

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

3.8.    The alleged debt of Kelli Gray was an alleged obligation of plaintiff to pay money arising out of a transaction primarily for personal, family, or household purposes.

3.9.    Defendant Midland Funding LLC, is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

3.10.    The principle purpose of Midland Funding LLC's business is the collection of debts.

3.11.    Defendant Midland Funding LLC, regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another using the telephone and mail.

3.12.    Defendant Suttell & Associates, P.S., is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

3.13.    Defendant Suttell & Associates, P.S., regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another using the telephone and mail.

3.14.    Defendant Mark T. Case is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

3.15.    Defendant Mark T. Case regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another using the telephone and mail.

COMPLAINT -4

3.16.    Defendant Karen Hammer is a "debt collector" as defined by the

FDCPA, 15 U.S.C. § 1692a(6).

3.17.    Defendant Karen Hammer regularly collects or attempts to collect,

directly or indirectly, debts owed or due or asserted to be owed or due

another using the telephone and mail.

3.18.    Midland Funding, LLC, is a "collection agency" as defined by RCW

19.16.100(2).

3.19.    Midland Funding, LLC, is not properly licensed as required by

Washington law.

3.20.    Defendant Midland Funding,, LLC, is a Delaware Corporation.

### IV. PARTIES

4.1.    Now, and at all relevant times, Plaintiff Kelli Gray was a resident of the

State of Washington residing within the territorial jurisdiction area of the

United States District Court for the Eastern District of Washington.

4.2.    Defendant Midland Funding, LLC, is a limited liability corporation

engaged in the business of collecting debts within the State of

Washington; which debts were originally owed to another.

4.3.    Defendant Midland Funding,, LLC, is not a Washington corporation.

4.4.    Defendant Midland Funding, LLC, has not been qualified to do business

in Washington as a foreign corporation.

COMPLAINT  -5

4.5.  The principle purpose of Defendant Midland Funding, LLC's business activities within the jurisdiction of this court is the collection of debts originally owed another using the mail and telephone.

4.6.  Defendant Midland Funding, LLC,  is doing business as a "debt collector" in the Eastern District of Washington of the United States District Court as defined by the FDCPA, 15 U.S.C. §1692a(6).

4.7.  Defendant Midland Funding, LLC, purchases the right to collect on defaulted credit obligations.

4.8.  Defendant Midland Funding, LLC, purchased the right to collect on hundreds of defaulted credit obligations.

4.9.  Defaulted debt in default is often not performing.

4.10.  The debt in default purchased by defendant Midland Funding, LLC is graded based on a number of factors affecting its collectability.

4.11.  One of the factors used to grade debt in default is the time between the date it was last performing and the present date.

4.12.  The older the debt, the lower it is graded.

4.13.  The lower grade bad debt is given, the lower its value on the debt buying market.

4.14.  Midland Funding, LLC purchases bundled packages of debt in default for pennies on the dollar.

COMPLAINT -6

4.15. Midland Funding, LLC purchases bundles of debt in default which is wholly or partially consisting of debt which is beyond the applicable statute of limitations to collect.

4.16. Midland Funding, LLC, attempts to collect the debt in default it purchases.

4.17. Midland Funding, LLC, files lawsuits to collect the debt in default it purchases.

4.18. Defendant Mark T. Case of Suttell & Associates, P.S., was an attorney for Midland Funding,, LLC in the State of Washington, Spokane County Superior Court Lawsuit against Plaintiff Kelli Gray.

4.19. Defendant Karen Hammer of Suttell & Associates, P.S., was an attorney for Midland Funding,, LLC in the State of Washington, Spokane County Superior Court Lawsuit against Plaintiff Kelli Gray.

4.20. Defendant Suttell & Associates have an agreement with Defendant Midland Funding, LLC to represent Midland Funding in lawsuits to collect debt in default alleged owed by Washington residents.

4.21. Defendant Mark T. Case of Suttell & Associates, P.S. approved the form of the state court Complaint filed against Plaintiff Kelli Gray and the collection system using that complaint.

COMPLAINT -7

4.22.   Defendant Mark T. Case is an employee of Suttell & Associates, P.S.
All acts done by Defendant Mark T. Case were done on his behalf, on
behalf of the Case marital community, on behalf of Suttell & Associates,
P.S., and on behalf of Midland Funding, LLC.

4.23.   Defendant Karen Hammer of Suttell & Associates, P.S. approved the
form of the state court Motion and Declaration of Default Judgment filed
against Plaintiff Kelli Gray and the collection system using that
complaint.

4.24.   Defendant Karen Hammer is an employee of Suttell & Associates, P.S.
All acts done by Defendant Karen Hammer were done on her behalf, on
behalf of the Hammer marital community, on behalf of Suttell &
Associates, P.S., and on behalf of Midland Funding, LLC.

4.25.   All acts done by Suttell & Associates were done on its own behalf, and
on behalf of Midland Funding, LLC.

## V. FACTS

5.1.   On September 24, 2008, Defendants served Plaintiff Kelli Gray the
Summons and Complaint in Washington State Superior Court, Spokane
County, Case No.: 08-2-04860-2 (Collection Lawsuit).

5.2.   On November 5, 2008, Defendants filed the Collection Lawsuit against
Kelli Gray in Washington State Superior Court, Spokane County.

COMPLAINT -8

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

5.3.    The alleged debt which was the subject of the Collection Lawsuit was from an alleged obligation to Spiegel, account number 50-2493-287-2 ("Spiegel").

5.4.    The Spiegel debt was for the purchase of clothing from a mail order catalogue.

5.5.    The clothing was a "good" as defined by the Revised Code of Washington ("RCW") § 62A.2-105.

5.6.    The Washington UCC statute of limitations to bring an action for breach of contract for the sale of a good is four years pursuant to RCW § 62A.2-725.

5.7.    The clothing was a "good" as defined by Oregon Revised Statute ("O.R.S.") § 72.1030

5.8.    The Oregon UCC statute of limitations to bring an action for breach of contract for the sale of a good is four years pursuant to O.R.S. § 72.7250.

5.9.    No payment has been made to Spiegel since sometime before May 5, 2003.

5.10.    No charges were made on the Spiegel account since sometime before May 5, 2003.

5.11.    The Collection Lawsuit was an attempt to collect a debt that was time barred by the Washington UCC statute of limitations.

COMPLAINT -9

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

5.12.   The Collection Lawsuit was an attempt to collect a debt that was time

barred by the Oregon UCC statute of limitations.

5.13.   Midland Funding, LLC solicits debts that were originated in Washington

that are in default in order to collect or to attempt to collect after

purchasing the debt.

5.14.   On October 30, 2008, Defendant Karen Hammer signed a Motion and

declaration for Default Judgment in the Gray Collection Lawsuit.

5.15.   The signing of the Motion and Declaration for Default Judgment was an

attempt to collect a debt.

5.16.   On November 5, 2008, Karen Hammer on behalf of Defendant Midland

Funding, LLC filed the Motion and Declaration for Default Judgment in

the Gray Collection Lawsuit.

5.17.   The filing of the Motion and Declaration for Default Judgment was an

attempt to collect a debt.

5.18.   The Gray Default Judgment Motion and Declaration states at ¶ 8,

"Plaintiff is entitled to its costs and attorney's fees pursuant to contract

and/or statute. Declarant states that the sum of $650.00 is a reasonable

sum as and for plaintiff's attorney's fees in the even judgment is rendered

on this Motion."

COMPLAINT -10

5.19.   Karen Hammer of Suttell & Associates signed the Motion and Declaration for Default Judgment in the Gray Collection Lawsuit under the following oath, "Declarant states that the foregoing statements are true and correct to the best of his/her knowledge and belief and are made subject to the penalties of perjury under the laws of the State of Washington."

5.20.   The sum of $650.00 is not a reasonable attorney fee.

5.21.   Defendants misrepresented the amount of attorney fee due.

5.22.   The defendants in the Gray Collection Lawsuit did not comply with Washington law in requesting the $650.00 attorney fee.

5.23.   Defendant Suttell and Associates regularly requests a flat fee attorney's fee of $650.00.

5.24.   Flat fees and block billing is not allowed by Washington law.

5.25.   The flat attorney's fee of $650.00 regularly requested by Karen Hammer of Suttell and Associates did not comply with *Mahler v. Szucs,* 135 Wn.2d 398, 957 P.2d 632.

5.26.   The $650.00 attorney fee is a part of defendant Suttell & Associates template or form Default Judgment package.

5.27.   The default judgment package consists of forms in which data is merged.

COMPLAINT  -11

5.28.   The application for default template or form included a standard request for fees in default cases.

5.29.   The "$650.00" attorney fee requested in the form or template application for default judgment is a part of the form or template and not a field.

5.30.   The request for attorney's fees of $650.00 is not allowed by law.

5.31.   The request for attorney's fees of $650.00 is a misrepresentation of the amount incurred reasonable attorney fees.

5.32.   The request for attorney's fees of $650.00 is an unfair and deceptive act or practice.

## VI. CLASS ALLEGATIONS

6.1.   This action is brought on behalf of a class consisting of:

6.1.A. All persons in the State of Washington;

6.1.A.1.   against whom defendants filed lawsuits or threatened to file lawsuits;

6.1.A.2.   to collect a debt or alleged debt;

6.1.A.3.   Which was beyond the applicable statute of limitations.

6.1.B. All persons in the State of Washington;

6.1.B.1.   Against whom a motion and affidavit for default was filed;

6.1.B.2.   which sought an unreasonable attorney fee in an amount not allowed by law.

COMPLAINT -12

6.2.    The class period for the FDCPA claims is one year prior to the date of filing this action.  The class period for the WCPA and WCAA is the four-year period prior to the date of the filing of this Complaint.

6.3.    The class is sufficiently numerous that joinder of all members is impractical.

    6.3.1. This assertion is based upon the fact that defendants threaten to sue and do sue hundreds of consumers in the State of Washington using by merging data into form collection letters and complaint.

    6.3.2. The data merged into the form collection letters and complaints is obtained by the defendants by purchasing books of old debt beyond the statute of limitations to sue.

    6.3.3. The unlawful and unreasonable attorney's fees are a static feature of a data merge form Motion and Declaration for Default judgment filed in hundreds of cases.

6.4.    There are questions of law and fact common to the class, which questions predominate over any questions peculiar to individual class members. The principal issues include whether defendants violated the FDCPA, WCAA and the WCPA by:

    6.4.1. Using false representations or deceptive means to collect or attempt to collect a debt;

COMPLAINT -13

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

6.4.2. Using unfair or unconscionable means to collect or attempt to collect a debt;

6.4.3. Threatening and/or taking action that could not legally be taken;

6.4.4. Threatening to file a lawsuit to collect debts barred by the statute of limitations.

6.4.5. Filing lawsuits to collect debts beyond the statute of limitations.

6.4.6. Defendant Midland Funding, LLC, violated the WCAA and the WCPA by Collecting and/or attempting to collect debts without a license as required by Washington Law.

6.5.    There are no individual questions, other than issues which can be determined by a ministerial inspection of defendants' records. There are no individual questions peculiar to individual class members.

6.6.    Plaintiff has the same claims as the members of the class. All of the claims are based on the same factual and legal theories.

6.7.    Plaintiffs will fairly and adequately represent the interest of the class members.  They are committed to vigorously litigating this matter. Plaintiffs have retained counsel experienced in prosecuting class actions and claims involving unlawful collection matters. Neither the Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue this claim.

COMPLAINT  -14

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

6.8.   A class action is a superior method for the fair and efficient adjudication of this controversy.

6.9.   Class wide damages are essential to induce defendants to comply with the law.

6.10.  The interest of the class members in individually controlling the presentation of separate claims against the defendants is small because the maximum statutory damages in an individual FDCPA action are $1,000.00.

6.11.  Certification of a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate. A class action is the only appropriate means of resolving this controversy because the class members are not aware of their rights.  In the absence of a class action, a failure of justice will result.

6.12.  Certification of a class pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate. Defendants have acted on grounds generally applicable to the class, thereby making appropriate declaratory relief with respect to the class as a whole.

COMPLAINT -15

## VII. VIOLATION OF THE FAIR DEBT
## COLLECTION PRACTICES ACT

7.1    The debt collector Defendants, through their own acts, by and through

their agents and employees, and their policies and procedures, have

violated the FDCPA which has caused damage to Plaintiff.

7.2    The Defendants falsely represented the character, amount, and/or legal

status of the alleged debt, violating 15 USC § 1692e, 15 USC §

1692e(2)(A), and other provisions of the FDCPA.

7.3    The debt collector defendants made misleading and deceptive statements

in the collection of a debt in violation of 15 USC § 1692e.

7.4    The Defendants have threatened to take action that cannot legally be

taken, violating 15 USC § 1692e, 15 USC § 1692e(5) and other

provisions of the FDCPA.

7.5    The debt collector defendants made misleading and deceptive statements

in the collection of a debt in violation of 15 USC § 1692e.

7.6    Defendants misrepresented the date of default of the loan.

7.7    Defendants misrepresented the amount due.

7.8    Defendants misrepresented the amount due for interest and the amount

due for principal and failed to disclose that any amounts claimed were

COMPLAINT -16

due for any reason other than principle or interest including but not limited to late fee, etc.

7.9    Defendants have used unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 USC § 1692f including but not limited to 15 USC § 1692f(1).

7.10   Commencing or threatening to commence a lawsuit to collect a debt which is barred by the statute of limitations is a violation of the FDCPA, 15 USC § 1692f(1).

7.11   The attempt to collect or collection of such an amount is neither expressly authorized by an agreement creating the debt nor permitted by law, therefore in violation of 15 USC § 1692f, 15 USC § 1692f(1), and other provisions of the FDCPA.

7.12   Defendants have collected or attempted to collect collection charges, interest and attorney fees in excess of the collection charges, interest and attorney fees allowed by law, in violation of 15 USC § 1692f, 15 USC § 1692f(1), and other provisions of the FDCPA.

7.13   The Defendants violation of the FDCPA has caused actual Damages to the Plaintiff.

COMPLAINT -17

## VIII. VIOLATION OF THE WASHINGTON
## COLLECTION AGENCY ACT

8.1    Defendant Midland Funding, LLC is a "collection agency" as defined by RCW 19.16.100(2).

8.2    Defendant Midland Funding, LLC, is in violation of RCW 19.16.250(14), 19.16.250(15), 19.16.250(18), and other sections of RCW 19.16. including but not limited to RCW 19.16.250.

8.3    Midland Funding, LLC is not properly licensed as a collection agency as required by the WCAA.

8.4    Midland Funding, LLC is collecting debts in Washington without a license in violation of the WCAA.

8.5    Midland Funding, LLC is filing lawsuits without being a valid Washington corporation.

8.6    Midland Funding, LLC is filing lawsuits without being a Qualified Foreign Corporation.

8.7    Midland Funding, LLC violated RCW 19.16.250(8) by failing to give or send to any debtor or cause to be given or sent to any debtor, any notice, letter, message, or form which represents or implies that a claim exists unless it shall indicate in clear and legible type:

COMPLAINT  -18

8.7.1      (a) The name of the licensee and the city, street, and number at which he is licensed to do business;

8.7.2      (b) The name of the original creditor to whom the debtor owed the claim if such name is known to the licensee or employee: PROVIDED, That upon written request of the debtor, the licensee shall make a reasonable effort to obtain the name of such person and provide this name to the debtor;

8.7.3      (c) If the notice, letter, message, or form is the first notice to the debtor or if the licensee is attempting to collect a different amount than indicated in his or its first notice to the debtor, an itemization of the claim asserted must be made including:

8.7.3.1      (i) Amount owing on the original obligation at the time it was received by the licensee for collection or by assignment;

8.7.3.2      (ii) Interest or service charge, collection costs, or late payment charges, if any, added to the original obligation by the original creditor, customer or assignor before it was received by the licensee for collection, if such information is known by the licensee or employee: PROVIDED, That upon written request of the debtor, the licensee shall make a reasonable effort to

COMPLAINT -19

obtain information on such items and provide this information to the debtor;

8.7.3.3    (iii) Interest or service charge, if any, added by the licensee or customer or assignor after the obligation was received by the licensee for collection;

8.7.3.4    (iv) Collection costs, if any, that the licensee is attempting to collect;

8.7.3.5    (v) Attorneys' fees, if any, that the licensee is attempting to collect on his or its behalf or on the behalf of a customer or assignor;

8.7.3.6    (vi) Any other charge or fee that the licensee is attempting to collect on his or its own behalf or on the behalf of a customer or assignor.

8.8    Defendant Midland Funding, LLC violated RCW 19.16.250(14)(15) and (18) by misrepresenting the amount due and attempting to collect amounts in excess of that allowed by law.

8.9    Defendant Midland Funding, LLC, violated RCW 19.16.250, by causing a lawsuit to be filed for a time barred debt.

COMPLAINT -20

## IX. VIOLATION OF THE
## CONSUMER PROTECTION ACT

9.1     Defendant Midland Funding, LLC violated the Washington Consumer

Protection Act (WCPA).

9.2     Defendant Midland Funding, LLC's violation of the Washington State

Collection Agency Act is a per se violation of the Washington State

Consumer Protection Act.  (RCW 19.16.440).

9.3     Defendant Midland Funding, LLC's violation of the Washington State

Collection Agency Act (WCAA) prohibited practices section, RCW

19.16.250 or licensing sections is an unfair act or practice and/or an

unfair method of competition in the conduct of trade or commerce.

9.4     Defendant Midland Funding, LLC's violation of the Washington State

Collection Agency Act (WCAA) prohibited practices section, RCW

19.16.250 or licensing sections affects the public interest in violation of

the Washington State Consumer Protection Act.  (RCW 19.16.440).

9.5     Defendant Midland Funding, LLC, has violated the WCCA including but

not limited to the prohibited practices section (RCW 19.16.250).

9.6     Defendant Midland Funding, LLC has violated the WCCA including but

not limited to failing to obtain and maintain a license as required by

RCW 19.16.110.

COMPLAINT -21

9.7    Defendant Midland Funding, LLC has violated the Washington

Administrative Code governing the actions of collection agencies.

9.8    The business of collection agencies, as well as all acts and practices of

collection agencies, debt collectors, are subject to the Consumer

Protection Act, RCW 19.86 and subsequent sections.

9.9    The Consumer Protection Act of the State of Washington requires that all

collection agencies, their agents, and debt collectors abstain from unfair

or deceptive practices or acts and unfair methods of competition.

9.10   Defendant Midland, LLC, personally and/or by and through their agents

and employees, policies and procedures, have engaged in deceptive acts

and practices, unfair acts and practices,  and unfair methods of

competition that have caused injury to the plaintiffs.

9.11   Defendant Midland Funding, LLC has engaged in unfair and deceptive

acts and practices in attempting to collect an alleged debt from the

plaintiff.

9.12   Defendant Midland Funding, LLC has is in the business of debt

collection in trade or commerce.

9.13   Unlawful and Unfair Debt Collections is against public interest.

9.14   Defendant Midland Funding, LLC's actions were the direct cause of

injury to plaintiff's property.

COMPLAINT  -22

9.15    The violations have harmed and unless enjoined will continue to harm the public interest by causing Plaintiff to pay collection charges that are unfair deceptive, unlawful, and an unfair method of competition.

9.16    Suttell & Associates, P.S. has a contingent fee agreement with Defendant Midland Funding, LLC.

9.17    Inflating the attorney fee results in additional profits to the Suttell & Associates law firm.

9.18    Defendants Suttell & Associates P.S., Mark T. Case and Karen Hammer have engaged in unfair and deceptive acts and practices in attempting to collect an alleged debt from the plaintiff.

9.19    Defendants Suttell & Associates P.S., Mark T. Case and Karen Hammer misrepresent the attorney fee as an entrepreneurial part of the practice of law which is in trade or commerce.

9.20    Unlawful and Unfair Debt Collections is against public interest.

9.21    Defendants Suttell & Associates P.S., Mark T. Case and Karen Hammer's actions were the direct cause of injury to plaintiff's property.

9.22    The violations have harmed and unless enjoined will continue to harm the public interest by causing Plaintiff to pay collection charges that are unfair deceptive, unlawful, and an unfair method of competition.

9.23    Defendant Suttell & Associates, P.S. is a for profit corporation.

COMPLAINT -23

9.24    The entrepreneurial acts and practices of an attorney are subject to the

Washington Consumer Protection Act, RCW 19.16 and subsequent

sections.

9.25    The Washington Consumer Protection Act requires that all attorney's

engaging in the entrepreneurial acts and practices abstain from unfair or

deceptive practices or and unfair methods of competition.

9.26    Defendants Suttell & Associates P.S., Mark T. Case and Karen Hammer

use unfair and deceptive acts and practices to obtain and retain clients.

9.27    The violations of the WCPA against Defendants Suttell & Associates

P.S., Mark T. Case and Karen Hammer are based on entrepreneurial

aspects of the practice of law.

## X. DEMAND

WHEREFORE, plaintiff demands judgment as follows:

10.1    Actual damages;

10.2    Statutory damages pursuant to the FDCPA, 15 U.S.C.  § 1692k(a)(2).

10.3    Statutory damages pursuant to the FDCPA 15 U.S.C. § 1692k(a)(2)(B)

10.4    Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C.

§1692k(a)(3);

10.5    Costs and reasonable attorney's fees pursuant to the Washington

Consumer Protection Act, RCW 19.86;

COMPLAINT -24

10.6    Treble damages pursuant to the Washington Consumer Protection Act, RCW 19.86;

10.7    Declaratory Judgment that defendants' practices violate the Fair Debt Collection Practices Act and/or the Washington Consumer Protection Act; and/or the Washington Collection Agency Act.

10.8    Disgorgement pursuant to RCW 19.16.450 of all interest, service charges, attorneys' fees, collection costs, delinquency charge or any other fees or charges otherwise legally chargeable to the debtor on such claim, collected by defendants;

10.9    Injunction prohibiting defendants from attempting to collect collection fees, interest, attorney fees, and other charges unless allowed by law.

10.10   Injunction prohibiting defendants from attempting to collect time barred debt by threatening or instituting litigation.

10.11   For such other and further relief as may be just and proper.


DATED this 12th day of August, 2009.


*Michael D. Kinkley P.S.*


/s Michael D. Kinkley
Michael D. Kinkley
WSBA # 11624
Attorney for Plaintiff


COMPLAINT -25