Michael D. Kinkley
Scott M. Kinkley
Michael D. Kinkley, P.S.
4407 N. Division, Suite 914
Spokane, WA 99207
(509) 484-5611
mkinkley@qwestoffice.net
skinkley@qwestoffice.net

Kirk D. Miller
Kirk D. Miller, P.S.
209 E. Sprague Ave.
Spokane, WA 99202
(509) 413-1494
(509) 413-1724 Fax

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KELLI GRAY, and all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SUTTELL & ASSOCIATES; MIDLAND FUNDING, LLC; MARK T. CASE, and JANE DOE CASE, husband and wife, KAREN HAMMER and JOHN DOE HAMMER<br><br>Defendants. | Case No.: CV-09-251-EFS<br><br>RESPONSE TO SUTTELL'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: APPLICABLE STATUTE OF LIMITATIONS |

The Suttell Defendant's argument for partial summary judgment is based on an unsupported claim that the Gray account was created by First Consumer National Bank ("FCNB"). But there is not one scintilla of evidence that the account was FCNB rather than Spiegel.

The Suttell Defendants have attached to their memorandum a Spokane County Superior Court (WA) alleged affidavit of Elizabeth Neu. Plaintiff has objected to the admissibility and moved to strike this affidavit and the alleged attachments, which would completely eliminate any possibility of any factual support for Defendant's claims for summary judgment. (Ct. Rec. 60).

But even the documents attached to the Neu "affidavit" undercut Defendants' claim. The so-called "Bill of Sale" filed by Suttell Defendant's (Ct. Rec. 34-1, p 18) alleging a sale and assignment of accounts is from "Spiegal Acceptance Corporation", not FCNB. It is dated December 4, 2007. (Ct. Rec. 34-1, p 18). The Office of the Controller of Currency ordered FCNB to cease and dissest all servicing activities by June 30, 2003. (OCC Order, Ct. Rec. 62, Exhibit 24, p.5). Nothing is attached to the "Bill of Sale" except a copy of a purported signature page from the "President" of "Spiegel Acceptance Corporation" not FCNB. (Ct. Rec. 34-1, p 19). Nothing in the Bill of Sale references in any way the alleged Gray account. (Ct. Rec. 34-1, p 18-19). The "Bill of Sale" references an "Exhibit A" which "identifies accounts" but "Exhibit A" is not a part of this (or the state court's) record. The Bill of Sale is also subject to and modified by the "terms and provisions of that certain purchase and sale agreement…dated of even date herewith ("the agreement")" which is also not presented to this court. (Ct. Rec. 34-1, p. 18).

MEMORANDUM IN RESPONSE TO
SUTTELL'S MOTION FOR PARTIAL
SUMMARY JUDGMENT RE: APPLICABLE
STATUTE OF LIMITATIONS  - 2

*Michael D. Kinkley P.S.*
4407 N. Division, Suite 914.
Spokane, WA 99207
(509) 484-5611

The Suttell Defendants rely on conclusory opinions (objected to by Plaintiff, Ct. Rec. 60) to attempt to support Defendant's claim that it was FCNB not Spiegel that owned the Gray account. But even the Elizabeth Neu affidavit is considered, a question of fact remains on the face of the Defendants (objected to) evidence alone. The defendants continually refer to the account as the "FCNB-Spiegel account", submits an Assignment/Bill of Sale from Spiegel, a credit card agreement from FCNB, an Affidavit that fails to identify either FCNB or Spiegel, and a credit card statement prominently displaying Spiegel's name. (Ct. Rec. 34-1, pp. 16-22).

Defendants have not produced anything signed by Plaintiff Gray, especially no agreement between Gray and FCNB.

The statement that someone attached to the Neu "affidavit" prominently says "Spiegel Charge" and otherwise mentions "Spiegel". (Ct. Rec. 34-1, p. 20). The Neu "affidavit" does not mention the "First Consumer National Bank. FCNB Credit Card Agreement". (compare Ct. Rec. 34-1, p 16 with Ct. Rec. 34-1, p 21-22). The Neu "affidavit" does not mention the "Bill of Sale". (compare Ct. Rec. 34-1, p 16 with Ct. Rec. 34-1, p 18-19).

The Neu "affidavit" makes the conclusory allegation that "the final statement of accounts reveals that the Defendant owed a balance of $2,065.22 on the following dates: 2004-12-31; that that such balance will continue to earn

MEMORANDUM IN RESPONSE TO
SUTTELL'S MOTION FOR PARTIAL
SUMMARY JUDGMENT RE: APPLICABLE
STATUTE OF LIMITATIONS  - 3

*Michael D. Kinkley P.S.*
4407 N. Division, Suite 914.
Spokane, WA 99207
(509) 484-5611

interested at a rate of .00% as annual percentage rate." (Ct. Rec. 34-1 p 16). But the only statement attached to the Neu "affidavit" indicates a "total new balance" of "$1,394.76" with an interest rate of 22.60% "annual percentage". (Ct. Rec. 34-1, p 20).

The Defendants have not briefed or argued the business records exception to the non-original, unauthenticated, intentionally inconsistent alleged "affidavit" of Ms. Neu. But if they did (and met the standards), it would only mean that the records not the conclusions of Ms. Nell are admissible. Upon receiving the Suttell Defendants memorandum with the Neu "affidavit" attached that the Suttell Defendants were relying upon, the Plaintiff scheduled the deposition of Ms. Neu in Minneapolis where her "affidavit" indicates she is employed by Midland Credit Management Co. Plaintiff has requested an extension and continuance to supplement her response.

But even if the Neu "affidavit" and any other information argued by the Defendants were considered, if the court reviewed that information in the light most favorable to Ms. Gray, the Defendants have not unambiguously demonstrated that the account was with FCNB rather than Spiegel. The Defendants entire argument of a tri-part relationship is build on proof that Ms. Gray had an agreement with FCNB. There is now evidence to support that claim.

In addition, the Neu "affidavit" alleges that the "final statement of account" on "2004-12-31" indicated the balance the Defendants are claiming. Since FCNB was under an OCC to cease and dissest that "final statement of account" could not have been from FCNB.

The Suttell Defendants claim without proof that FCNB created the account. If that were true, how did the account get back to "Spiegel"? There is no Assignment or Bill of Sale from FCNB to "Spiegel". The only assignment is from Spiegel Acceptance to Midland Funding. FCNB is never mentioned. The only even possible suggestion in the record submitted by the Suttell Defendants that FCNB was involved at all is the terms and conditions. But there is nothing in the record linking those terms and conditions to Ms. Gray. There is no signed agreement or credit card application. There is no affidavit that those terms and conditions were ever mailed to her. There is no evidence of FCNB in a chain of assignment.

Without establishing that this was a bank card, the argument for excuse from UCC 2-725 as a tripartite relationship wholly fails.

Dated this the 2nd day of August, 2010.

*Michael D. Kinkley P.S.*

s/Michael D. Kinkley
Michael D. Kinkley
WSBA # 11624
Attorney for Plaintiff
4407 N. Division, Suite 914
Spokane, WA 99207
(509) 484-5611
Fax: (509) 484-5972
mkinkley@qwestoffice.net

MEMORANDUM IN RESPONSE TO
SUTTELL'S MOTION FOR PARTIAL
SUMMARY JUDGMENT RE: APPLICABLE
STATUTE OF LIMITATIONS  - 5

*Michael D. Kinkley P.S.*
4407 N. Division, Suite 914.
Spokane, WA 99207
(509) 484-5611

CM/ECF CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of August, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

| | |
|---|---|
| Michael D. Kinkley | mkinkley@qwestoffice.net, pleadings@qwestoffice.net; |
| Scott M. Kinkley | skinkley@qwestoffice.net; |
| Kirk D. Miller | kmiller@millerlawspokane.com |
| Carl Hueber | ceh@winstoncashatt.com; |
| John D. Munding | munding@crumb-munding.com |

*Michael D. Kinkley P.S.*

s/Michael D. Kinkley
Michael D. Kinkley
WSBA # 11624
Attorney for Plaintiffs
4407 N. Division, Suite 914
Spokane, WA 99207
(509) 484-5611
mkinkley@qwestoffice.net