Michael D. Kinkley
Scott M. Kinkley
Michael D. Kinkley, P.S.
4407 N. Division, Suite 914
Spokane, WA 99207
(509) 484-5611
mkinkely@qwestoffice.net
skinkley@qwestoffice.net

Kirk D. Miller
Kirk Miller, P.S.
209 E. Sprague Ave.
Spokane, WA 99202
(509) 413-1494
kmiller@millerlawspokane.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KELLI GRAY, and all others similarly situated, )<br><br>Plaintiff, )<br><br>v. )<br><br>SUTTELL & ASSOCIATES; MIDLAND FUNDING, LLC; MARK T. CASE, and JANE DOE CASE, husband and wife, KAREN HAMMER and JOHN DOE HAMMER, wife and husband. )<br><br>Defendants. ) | Case No.: CV-09-251-EFS<br><br>MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE "EXHIBIT 'A'" ATTACHED TO THE SUTTELL DEFENDANTS MEMORANDUM REGARDING APPLICABLE STATUTE OF LIMITATIONS (Ct. R 34-1, pp. 16-22) |

The Suttell Defendants have produced no admissible evidence in support of

their Motion for Summary Judgment Re: Statute of Limitations. (Ct. Rec. 32). The

MEMORANDUM IN SUPPORT OF
MOTION TO STRIKE - 1

*Michael D. Kinkley P.S.*
4407 N. Division, Suite 914.
Spokane, WA 99207
(509) 484-5611

Suttell Defendants argument is supported only by Exhibit "A" attached to their

Memorandum. Exhibit "A" consists of:

a.  Declaration of Elizabeth Neu, "Form 400", (Ct. Rec. 34-1, p. 16);

b.  Signature page for Declaration of Elizabeth Neu, form "WA1" (Ct. Rec. 34-
    1, p. 17,);

c.  "Bill of Sale and Assignment" (Ct. Rec. 34-1, p.18-19,);

d.  "Spiegel" Statement (Ct. Rec. 34-1, p. 20);

e.  FCNB Agreement (Ct. Rec. 34-1, p.21).

   The Plaintiff objects to the admission of these documents.

### I. The Records are Hearsay

   "'Hearsay' is a statement, other than one made by the Declarant while

testifying at the trial or hearing, offered in evidence to prove the truth of the matter

asserted." Fed. R. Evid. 801(c). Hearsay is not admissible unless an exception

applies. Fed. R. Evid. 802. The Defendants may claim that the "regularly kept

records" (often called "business records" exception) applies. ER 803(6). But these

records do not and can not meet that exception for a number of reasons.[1]

   The Plaintiff does not dispute that "Exhibit 'A'" was filed in the State Court

Collection Lawsuit. The Defendants offer the "Exhibit 'A'" for the alleged truth of

the matter therein hoping it would demonstrate that FCNB owned the Gray account

---

[1] The deposition of the Affiant Elizabeth A. Neu has been noted for August 16, 2010 in Minneapolis Minnesota.

MEMORANDUM IN SUPPORT OF
MOTION TO STRIKE - 2

*Michael D. Kinkley P.S.*
4407 N. Division, Suite 914.
Spokane, WA 99207
(509) 484-5611

(Defendants Memorandum, Ct. Rec. 34, p.2, ln. 13-14, 21-23; p.8, ln. 4-5, 15-16).

In addition, "Exhibit 'A'" is not only not admissible but also unreliable since "Exhibit 'A'" attached to the Suttell Memorandum is not an original. "Exhibit 'A'" contains internal inconsistencies which would also justify removal from the record.

II. Declaration of Elizabeth Neu, "Form 400" (Ct. Rec. 34-1, p. 16), and form "WA1" signature page for "Form 400" (Ct. Rec. 34-1, p. 17)

The Affidavit of Elizabeth A. Neu makes conclusory unsupported opinion, hearsay statements in anticipation of litigation. The statements are also inconsistent with documents attached to the Affidavit. (Ct. Rec. 34-1, p. 16-17).

There is no statement in the Neu Affidavit that Ms. Neu has ever seen the attached records before. Ms. Neu's Affidavit makes conclusions that she claims she is able to make from her review of Defendant Midland Funding, LLC's records.

Defendants claim the account was owned by FCNB but the only assignment is from "Spiegel Acceptance Corporation." (Ct. Rec. 34-1, p. 18-19). Defendant claims FCNB is the original creditor. How did the Spiegel account get from FCNB to Spiegel Acceptance? Ms. Neu states that "Midland Funding (sic) LLC is the current owner of, and/or successor to, the obligation sued upon." This claim is unsupported. Ms. Neu does not reference the Bill of Sale or authenticate it as a business records but rather, offers her opinion that the "final statement of account" shows a balance of "$2,065.22" with an interest rate of "0.00%" on December 31,

MEMORANDUM IN SUPPORT OF
MOTION TO STRIKE - 3

*Michael D. Kinkley P.S.*
4407 N. Division, Suite 914.
Spokane, WA 99207
(509) 484-5611

2004. (Ct. Rec. 34-1, p. 16). Attached to her declaration is a May 3, 2003, "Spiegal" statement showing a balance of "$1,394.76." (Ct. Rec. 34-1, p. 20). The discrepancy is not explained. It is further unexplained how there could be a "final account balance" on December 31, 2004, when the OCC required FCNB to cease and desist servicing all accounts, "no later than June 30, 2003." (Ct. Rec. 62-1, p.5)

Ms. Neu makes other conclusory hearsay statements, "defendant did fail to make payments", and "the attorneys representing plaintiff (sic) Midland Funding (sic) LLC were retained on Midland Funding (sic) LLC (sic) behalf", which should be stricken. (Ct. Rec. 34-1, p. 16). Midland Funding, LLC has stated it did not retain Suttell & Hammer, P.S.

The Declaration of Elizabeth Neu is created in anticipation of litigation. Suttell's records indicate that on August 22, 2008, the Suttell Defendants sent a request to Midland Credit Management for an "Affidavit from Client". (Ct. Rec. 62-3, pp. 27-28). On September 2, 2008, the Affidavit of Elizabeth Neu was received by Defendant Suttell. (Ct. Rec. 62-3, pp. 27-28). Records created in anticipation of litigation are inherently "untrustworthy" and should not be admitted. *U.S. v. Olano*, 62 F.3d 1180, 1205 -1206 (9th Cir., 1995). The court should strike the Declaration from the record.

MEMORANDUM IN SUPPORT OF
MOTION TO STRIKE - 4

*Michael D. Kinkley P.S.*
4407 N. Division, Suite 914.
Spokane, WA 99207
(509) 484-5611

III. "Bill of Sale and Assignment" (Ct. Rec. 34-1, p.18-19,)

The "Bill of Sale and Assignment" states "Spiegel Acceptance Corporation", not FCNB, is transferring the account to Defendant Midland Funding, LLC. (Ct. Rec. 34-1, p.18). The Suttell Defendants' entire argument is based on Ms. Gray's account being formed by FCNB. The Suttell Defendants offer no explanation how and FCNB account could be assigned by "Spiegel Acceptance." The "Bill of Sale and Assignment" describes an "account schedule attached hereto as Exhibit A." (Ct. Rec. 34-1, p. 18). No "account schedule" is attached, nor is it attached in the State Court.

FCNB was ordered to cease and desist servicing all accounts by the Office of the Comptroller of Currency ("OCC") no later than June 30, 2003. (Ct. Rec. 62-1, p.5). The Bill of Sale is dated December 4, 2007.  (Ct. Rec. 34-1, p. 18). The Defendant provides no explanation.

IV. "Spiegel" Statement (Ct. Rec. 34-1, p. 20)

Defendants brief states the statement was from FCNB. (Ct. Rec. 34, p. p.8, ln. 6). In his deposition, Defendant Mark Case stated he believed the statement was received from Spiegal.  (Case Depo., Ct. Rec. 42-1, pp 44). Defendant Midland Funding, LLC has produced purported September 2, 2004 statement. (Ct. Rec. 62-2, p. 21). The September 2, 2004, statement is inconsistent with the one offered by the Suttell Defendants. For instance, the Midland Statements requests payment to a

MEMORANDUM IN SUPPORT OF
MOTION TO STRIKE - 5

*Michael D. Kinkley P.S.*
4407 N. Division, Suite 914.
Spokane, WA 99207
(509) 484-5611

different address ("Card Processing Center") and states another inconsistent balance ("$1,604.77") (Ct. Rec. 62-2, p. 21).

<h3 style="text-align:center">V. "FCNB Agreement" (Ct. Rec. 34-1, p. 21)</h3>

A document titled "FCNB Card Account Agreement" is also included in "Exhibit 'A'". The Defendants cite to the purported agreement to support the conclusory statement, "It is undisputed here that the written agreement with Ms. Gray was with FCNB." (Ct. Rec. 34-1, p. 8, ln. 5). This is not true. Plaintiff Gray's name does not appear anywhere on the purported agreement. (Ct. Rec. 34-1, p. 21). The effective date of the agreement is not listed. (Ct. Rec. 34-1, p. 21). The agreement does not mention a Spiegel credit card. (Ct. Rec. 34-1, p. 21). The agreement is unsigned. (Ct. Rec. 34-1, p. 21). Nothing in the purported agreement suggests it applies to the Plaintiff or the subject Spiegel account. There is no affidavit stating it was mailed or otherwise provided to Ms. Gray.

<h3 style="text-align:center">VI. Conclusion</h3>

For the reasons stated above, "Exhibit 'A'" attached to the Defendants Memorandum in Support of Summary Judgment Re: Statute of Limitations, should be stricken from the record and not considered by the Court.

MEMORANDUM IN SUPPORT OF
MOTION TO STRIKE - 6

*Michael D. Kinkley P.S.*
4407 N. Division, Suite 914.
Spokane, WA 99207
(509) 484-5611

DATED this the 2nd day of August 2010.

*Michael D. Kinkley P.S.*

s/Scott M. Kinkley

Scott M. Kinkley
WSBA # 42434
Attorney for Plaintiff
4407 N. Division, Suite 914
Spokane, WA 99207
(509) 484-5611
Fax: (509) 484-5972
skinkley@qwestoffice.net

MEMORANDUM IN SUPPORT OF
MOTION TO STRIKE - 7

CM/ECF CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of August, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

| | |
|---|---|
| Michael D. Kinkley | mkinkley@qwestoffice.net, pleadings@qwestoffice.net; |
| Scott M. Kinkley | skinkley@qwestoffice.net; |
| Kirk D. Miller | kmiller@millerlawspokane.com |
| Carl Hueber | ceh@winstoncashatt.com; |
| John D. Munding | munding@crumb-munding.com |

*Michael D. Kinkley P.S.*

s/Scott M. Kinkley
Scott M.  Kinkley
WSBA # 42434
Attorney for Plaintiffs
4407 N. Division, Suite 914
Spokane, WA 99207
(509) 484-5611
skinkley@qwestoffice.net

MEMORANDUM IN SUPPORT OF
MOTION TO STRIKE - 8

*Michael D. Kinkley P.S.*
4407 N. Division, Suite 914.
Spokane, WA 99207
(509) 484-5611