Michael D. Kinkley
Scott M. Kinkley
Michael D. Kinkley, P.S.
4407 N. Division, Suite 914
Spokane, WA 99207
(509) 484-5611
mkinkley@qwestoffice.net
skinkley@qwestoffice.net

Kirk D. Miller
Kirk D. Miller, P.S.
209 E. Sprague Ave.
Spokane, WA 99202
(509) 413-1494
kmiller@millerlawspokane.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KELLI GRAY, and all other similarly situated,<br><br>   Plaintiff,<br><br>   v.<br><br>SUTTELL & ASSOCIATES; MIDLAND FUNDING, LLC; MARK T. CASE, and JANE DOE CASE, husband and wife, KAREN HAMMER and JOHN DOE HAMMER<br><br>   Defendants. | Case No.: CV-09-251-EFS<br><br>MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES TO PLAINTIFF'S SECOND SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION |

I. Discovery Standard

Under Rule 26(b)(1), "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending

action." As a general matter, "relevance" for discovery purposes is broadly construed, and "information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1); *see, e.g.*, *Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 402 (6th Cir. 1998) ("The scope of examination permitted under Rule 26 (b) is broader than that permitted at trial.") (internal quotation marks omitted). Courts have long held that pretrial discovery is "to be accorded a broad and liberal treatment." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947) ("No longer can the time-honored cry of `fishing expedition' serve to preclude a party from inquiring into the facts underlying his opponent's case."). *See also Madden v. Turner Broadcasting Systems, Inc.*, 1998 WL 458188, at *2 (3d Cir. 1998) (same); see also, e.g., *Katz v. Batavia Marine & Sporting Supplies, Inc.*, 984 F.2d 422, 424 (Fed. Cir. 1993) ("It is a premise of modern litigation that the Federal Rules contemplate liberal discovery, in the interest of just and complete resolution of disputes."); *Epstein v. MCA, Inc.*, 54 F.3d 1422, 1423 (9th Cir. 1995) ("The Federal Rules of Civil Procedure creates a `broad right of discovery' because `wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for the truth.'"); *Hickman*, 329 U.S. at 507. Of course, district courts have considerable discretion in handling discovery matters. *See, e.g.*, *Brune v. IRS*, 861 F.2d 1284, 1288 (D.C. Cir. 1988); *Laborers'*

MEMORANDUM IN SUPPORT OF
MOTION TO COMPEL DISCOVERY
- 2 -

MICHAEL D. KINKLEY P.S.
N. 4407 Division, Suite 914
Spokane Washington 99207
(509) 484-5611

*Int'l Union of N. Am. v. Department of Justice*, 772 F.2d 919, 921 (D.C. Cir. 1984) ("Control of discovery is a matter entrusted to the sound discretion of the trial courts.").]

II. Plaintiff's Second Set of Requests for Production and Interrogatories

On June 15, 2010, Defendant Midland Funding was served with Plaintiff's Second Set of Requests for Production and Interrogatories. On July 16, 2010, Defendant Midland Funding served their Response to Plaintiff's Second Set of Requests for Production and Interrogatories. Defendant Midland Funding objected to every single interrogatory.

The Defendant produced approximately three hundred and eighty-two pages (382), only twenty two (22) of which relate to the Plaintiff's requests.

Three hundred and six (306) pages printed from the Washington Court's website showing the results of a search for cases filed by "Midland Funding, LLC" in each of Washington State's thirty-nine (39) counties. This information is useless to the Plaintiff. As indicated by the printouts, the Washington Court's website does not produce reliable results. The query "Midland Funding, LLC" does not capture all the Midland Funding cases. The Plaintiff has discovered that occasionally the Court clerks omit the "LLC" from the caption. These results are not included. The Defendant has accurate records of the cases it has filed in Washington, but did not

produce them. Printouts from the Washington Court website are not an acceptable substitute.

Defendant Midland Funding also produced an additional seventy-six (76) pages marked as bates one (1) through seventy-six (76). Bates thirty-three (33) through seventy-six (76) are the documents filed in State Court. This information was given to Defendant Midland as part of Plaintiff's initial disclosures. The remaining twenty-two (22) pages consist of five (5) "Spiegel" statements (one (1) of which was a part of the state court file, and the remaining four (4) postdate the existence of FCNB), and sixteen (16) pages of coded account history from the Midland Funding database.

Defendant Midland Funding did not respond with information regarding its contractual relationship with Suttell (if any) or information from Midland Funding's records regarding lawsuits filed in the state of Washington. The Defendant failed to adequately respond to the following requests:

A. Interrogatories

<u>Interrogatory # 6</u>. Midland Funding, LLC did not object and did not answer Interrogatory Six (6).

<u>Interrogatory # 3, 5, & 7</u>. Plaintiff's Interrogatories three (3), five (5) and seven (7) request a list of information about lawsuits and the parties to the lawsuits filed by Midland Funding against putative class members. Defendant Midland

MEMORANDUM IN SUPPORT OF
MOTION TO COMPEL DISCOVERY
- 4 -

Funding, LLC objected to the Plaintiff's interrogatory as unduly burdensome, beyond the scope of the discovery rules, and not relevant prior to class certification. No list was provided. The Defendant attached pages printed from the Washington Courts website listing cases filed by Midland Funding. The production of the website printouts does not answer the Interrogatories presented.

Defendant Midland Funding, LLC further objected, "[p]leadings are equally available from the clerk's office." It is not a valid basis for objecting or refusing to fully respond because the information is available from another source if the information is in the responding party's possession, custody or control. *See Lockwood v. Shands Jacksonville Medical Center Inc.*, 2010 WL 2035117 (M.D.Fla., 2010.); *Gabby v. Meyer*, 2006 WL 2794316 (E.D.Wis., 2006). Notwithstanding the inadequacy of the production, Defendant Midland Funding, LLC has information to complete the request in electronic form. Defendant maintains a sophisticated fully relational database of the accounts it purchases. The database contains fields which may be searched to provide the information responsive to Plaintiff's Interrogatories. For example, Defendant Midland Funding LLC's Bates No. 2 has a field containing "FCNB-Spiegel." The Plaintiff's believe the Defendant can run a search for this term in this field and produce a list of all accounts labeled "FCNB-Spiegel." The Plaintiff specifically requested this information. Defendant Midland Funding, LLC objected and did not respond. In

MEMORANDUM IN SUPPORT OF
MOTION TO COMPEL DISCOVERY
- 5 -

MICHAEL D. KINKLEY P.S.
N. 4407 Division, Suite 914
Spokane Washington 99207
(509) 484-5611

the past, the Court has ordered defendants using similar software and making similar objections, to download or export the database to another version of the software under the plaintiff's control. If necessary, the Plaintiff is prepared to take similar action in this matter.

Interrogatory # 8. The answer is incomplete. The Interrogatory requests a description of all attorney fees billed to or by Midland. The answer describes the relationship between Midland Funding and its subsidiary company Midland Credit Management, Inc. Information regarding the attorney fees billed to or by Midland is necessary because the Plaintiff has alleged a violation of the Washington Consumer Protection Act ("WCPA"), RCW 19.86 *et. seq*. One element a WCPA claim is that the deceptive act occurs in trade or commerce. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash.2d 778, 780, 719 P.2d 531 (1986). With respect to attorneys, the "in trade or commerce" element is satisfied if the act is in the "entrepreneurial" aspect of the practice of law. The "entrepreneurial" aspect includes how clients are billed and attorney fees determined. *Short v. Demopolis*, 103 Wash.2d 52, 62, 691 P.2d 163 (1984). A complete response is necessary to the Plaintiff's case.

Interrogatory # 9 & 10. The answer is incomplete. Interrogatory Nine (9) asks how Midland Funding determines the statute of limitations on accounts it purchases and the qualifications of the person making that determination. No

MEMORANDUM IN SUPPORT OF
MOTION TO COMPEL DISCOVERY
- 6 -

MICHAEL D. KINKLEY P.S.
N. 4407 Division, Suite 914
Spokane Washington 99207
(509) 484-5611

procedure is described. No name is given. Midland Funding, LLC further objects based on attorney-client privilege. This objection is inconsistent with Midland Funding, LLC's position that it did not contract with Suttell & Associates, P.S., and inappropriate, given the information requested. Midland Funding, LLC's records indicate the statute of limitations was determined before it was sent to Suttell & Associates, P.S. for collection. Further, a privilege log is not produced.

The Defendant has raised the "bona fide" error affirmative defense. (Ct. Rec. 9, p. 19, Midland Answer; Ct. Rec. 13, p. 21, Suttell Amended Answer). To prevail on the "bona fide" error defense, the Defendant must prove the violation of the FDCPA occurred "notwithstanding the maintenance of procedures reasonably adopted to avoid any such error." 15 USC § 1692k(c). The Plaintiff needs information regarding Midland Funding's policies and procedures with respect to its determination of the appropriate statute of limitations to explore what steps Midland Funding, LLC took to determine the appropriate statute of limitations and avoid filing time barred lawsuits.

B. Requests for Production

Request for Production # 26 & 27. Plaintiff requests production of all agreements granting Suttell the right to collect on behalf of Midland Funding, LLC. Midland Funding, LLC objects based on attorney client privilege. This is inconsistent with Midland Funding, LLC's position that it did not hire an attorney.

MEMORANDUM IN SUPPORT OF
MOTION TO COMPEL DISCOVERY
- 7 -

MICHAEL D. KINKLEY P.S.
N. 4407 Division, Suite 914
Spokane Washington 99207
(509) 484-5611

No privilege log is provided. As discussed above, the information is relevant and necessary to establish the "in trade or commerce" element of Plaintiff's WCPA claims. *See Short,* 103 Wash.2d 52.

Request for Production # 31. Defendant Midland Funding, LLC objects to the request as conclusory. The objection is improper and should be stricken. Midland Funding should be required to state that there are no more responsive documents.

Request for Production # 29 & 40. Defendant Midland Funding, LLC objects to the production of documents related to the putative class members pre-certification. The Defendant argues that there should be no class wide discovery until a class ruling carries little weight and has been rejected by the courts. See e.g. *Pittman v. Anaconda Wire & Cable Co*., 408 F. Supp. 286, 296 (E.D. N.C. 1974)(Over defendant's objections that interrogatories were relevant only if the court certified the class action, the court ordered defendants to answer because the information had a direct bearing on class certification).

> As noted in Manual for Complex Litigation (2d ed.):
>
> Often, however, bifurcating discovery in this manner will be counterproductive. Discovery relating to "class issues" is not always distinguishable from other discovery. Moreover, the key question in class certification is often the similarity or dissimilarity of the claims of the representative parties to those of the class members–an inquiry that may require some discovery on the "merits" and development of the basic issues. Nor will discovery into matters affecting other

MEMORANDUM IN SUPPORT OF
MOTION TO COMPEL DISCOVERY
- 8 -

MICHAEL D. KINKLEY P.S.
N. 4407 Division, Suite 914
Spokane Washington 99207
(509) 484-5611

members of the putative class necessarily be wasted if a class is not certified, for in many cases this information will be valuable as circumstantial evidence.

Moreover, the observations made in the Manual, Second, were carried over into the Manual for Complex Litigation (3d ed.), but stated slightly differently:

Bifurcating class and merits discovery can at times be more efficient and economical (particularly when the merits discovery would not be used if certification were denied), but can result in duplication and *unnecessary disputes* among counsel over the scope of discovery.

In this case, even if class certification were denied the merits discovery of the other consumers' information relevant to the Defendant's bona fide error affirmative defense.

Further, the Court's scheduling order requires all motions to compel be filed by October 13, 2010. (Ct. Rec. 18, p. 4-5). The hearing on Plaintiff's Motion to Compel is set for September 9, 2010. It is likely the Plaintiff will not have the opportunity to timely move to compel production of these documents after class certification has been decided.

### III. Sanctions

The Court has discretion to award "reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. Pro 37(a)(5)(A). Therefore, the Plaintiff requests that the Court award her reasonable expenses and attorney fees in connection with this motion, should she prevail.

MEMORANDUM IN SUPPORT OF
MOTION TO COMPEL DISCOVERY
- 9 -

MICHAEL D. KINKLEY P.S.
N. 4407 Division, Suite 914
Spokane Washington 99207
(509) 484-5611

## IV. Certificate of Counsel

I certify that I have in good faith conferred with John D. Munding of *Crumb & Munding, P.S.*, the attorney for the Defendant Midland Funding, LLC, on July 30, 2010 in an effort to secure the discovery disclosures without court action.

Dated this the 10th day of August, 2010

                                       *Michael D. Kinkley, P.S.*

                                         s/ Scott M. Kinkley  
                                       Scott M. Kinkley  
                                       Attorney for Plaintiff  
                                       WSBA # 42434  
                                       (509) 484-5611  
                                       skinkley@qwestoffice.net

CM/ECF CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of August, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

| | |
|---|---|
| Michael D. Kinkley | mkinkley@qwestoffice.net, pleadings@qwestoffice.net; |
| Scott M. Kinkley | skinkley@qwestoffice.net; |
| Kirk D. Miller | kmiller@millerlawspokane.com |
| Carl Hueber | ceh@winstoncashatt.com; |
| John D. Munding | munding@crumb-munding.com |

*Michael D. Kinkley P.S.*

s/Scott M. Kinkley
Scott M. Kinkley
WSBA # 42434
Attorney for Plaintiff
4407 N. Division, Suite 914
Spokane, WA 99207
(509) 484-5611
skinkley@qwestoffice.net