Michael D. Kinkley
Scott M. Kinkley
Michael D. Kinkley, P.S.
4407 N. Division, Suite 914
Spokane, WA 99207
(509) 484-5611
mkinkley@qwestoffice.net
skinkley@qwestoffice.net

Kirk D. Miller
Kirk D. Miller, P.S.
209 E. Sprague Ave.
Spokane, WA 99202
(509) 413-1494
kmiller@millerlawspokane.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KELLI GRAY, and all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SUTTELL & ASSOCIATES; MIDLAND FUNDING, LLC; MARK T. CASE, and JANE DOE CASE, husband and wife, KAREN HAMMER and JOHN DOE HAMMER<br><br>Defendants. | Case No.: CV-09-251-EFS<br><br>MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCOVERY RESPONSES TO PLAINTIFF'S SECOND SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION PROPOUNDED TO DEFENDANTS MARK T. CASE and KAREN HAMMER |

## I. Discovery Standard

Under Rule 26(b)(1), "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." As a general matter, "relevance" for discovery purposes is broadly construed, and "information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1); *see, e.g.*, *Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 402 (6th Cir. 1998) ("The scope of examination permitted under Rule 26 (b) is broader than that permitted at trial.") (internal quotation marks omitted). Courts have long held that pretrial discovery is "to be accorded a broad and liberal treatment." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947) ("No longer can the time-honored cry of `fishing expedition' serve to preclude a party from inquiring into the facts underlying his opponent's case."). *See also Madden v. Turner Broadcasting Systems, Inc.*, 1998 WL 458188, at *2 (3d Cir. 1998) (same); see also, e.g., *Katz v. Batavia Marine & Sporting Supplies, Inc.*, 984 F.2d 422, 424 (Fed. Cir. 1993) ("It is a premise of modern litigation that the Federal Rules contemplate liberal discovery, in the interest of just and complete resolution of disputes."); *Epstein v. MCA, Inc.*, 54 F.3d 1422, 1423 (9th Cir. 1995) ("The Federal Rules of Civil Procedure creates a `broad right of discovery' because `wide access to relevant facts serves the integrity and fairness of the judicial

MEMORANDUM IN SUPPORT OF
MOTION TO COMPEL DISCOVERY
- 2

KIRK D. MILLER, P.S.
211 E. Sprague Ave.
Spokane Washington 99202
(509) 413-1494

process by promoting the search for the truth.'"); *Hickman*, 329 U.S. at 507. Of course, district courts have considerable discretion in handling discovery matters. *See, e.g.*, *Brune v. IRS*, 861 F.2d 1284, 1288 (D.C. Cir. 1988); *Laborers' Int'l Union of N. Am. v. Department of Justice*, 772 F.2d 919, 921 (D.C. Cir. 1984) ("Control of discovery is a matter entrusted to the sound discretion of the trial courts.").]

## *II. Plaintiff's Second Set of Requests for Production and Interrogatories*

On June 15, 2010, Defendants Mark Case and Karen Hammer were served with Plaintiff's Second Set of Requests for Production and Interrogatories. On July 12, 2010, Mr. Case and Ms. Hammer served their Response to Plaintiff's Second Interrogatories and Plaintiff's Second Set of Requests for Production on the plaintiff. The Defendant failed to adequately respond to the following requests:

### *A. Second Interrogatories Propounded to Mark Case*

Interrogatories # 5,6. Mr. Case objects to these interrogatories as "overly broad, vague, unduly burdensome and intended to cause embarrassment." With the exception of his claim of "overly burdensome," it is unclear how any of the other objections apply. Mr. Case also states that "[t]he requested information can just as easily be obtained by plaintiff from court files…". It is not a valid basis for objecting or refusing to fully respond because the information is available from

MEMORANDUM IN SUPPORT OF
MOTION TO COMPEL DISCOVERY
- 3

KIRK D. MILLER, P.S.
211 E. Sprague Ave.
Spokane Washington 99202
(509) 413-1494

another source if the information is in the responding party's possession, custody or control. *See Lockwood v. Shands Jacksonville Medical Center Inc.*, 2010 WL 2035117 (M.D.Fla., 2010.); *Gabby v. Meyer*, 2006 WL 2794316 (E.D.Wis., 2006). Notwithstanding the inadequacy of the opted production, Suttell has information to complete the request in electronic form. Suttell maintains a sophisticated fully relational database of the accounts it purchases. The database contains fields which may be searched to provide the information responsive to Plaintiff's Interrogatories. Here, the Plaintiff believes that Suttell's database can be queried to find entries by any employee who made any entry in Suttell's collection log.

### B. Second Interrogatories Propounded to Karen Hammer

Interrogatories # 5, 6. Ms. Hammer objects to these interrogatories as "overly broad, vague, unduly burdensome and intended to cause embarrassment." With the exception of his claim of "overly burdensome," it is unclear how any of the other objections apply. Ms. Hammer also states that "[t]he requested information can just as easily be obtained by plaintiff from court files…". It is not a valid basis for objecting or refusing to fully respond because the information is available from another source if the information is in the responding party's possession, custody or control. *Id.* Notwithstanding the inadequacy of the opted production, Suttell has information to complete the request in electronic form. Suttell maintains a sophisticated fully relational database of the accounts it

MEMORANDUM IN SUPPORT OF
MOTION TO COMPEL DISCOVERY
- 4

KIRK D. MILLER, P.S.
211 E. Sprague Ave.
Spokane Washington 99202
(509) 413-1494

purchases. The database contains fields which may be searched to provide the information responsive to Plaintiff's Interrogatories. Here, the Plaintiff believes that Suttell's database can be searched by the employee who made any entry in a collection log.

### C. Second Request for Production Propounded to Mark Case

<u>Request for Production # 20, 21, 23.</u>  These discovery requests each seek documentation pertaining to when and how Mr. Case determined the amount of time spent by himself and other Suttell employees in *Midland Funding LLC v. Kelli Gray* and other collection cases.  Mr. Case testified that a "historical analysis" was conducted regarding the reasonableness of requested fee.  Mr. Case has also signed many affidavits stating the approximate amount of time spent by Suttell on collection cases.  Either all documents related to time keeping and determination of time spent have been provide (as implied by Mr. Case's answer to Request for Production #20), or the records are too voluminous to produce (as implied by Mr. Case's answer to Request for Production #21).  Both scenarios cannot be true.

Plaintiff's counsel is wholly confused by Mr. Case's objection to Request for Production number twenty three (23).  Plaintiff's request for these documents is not "vague and burdensome," as Mr. Case asserts.  The documents requested, if they exist at all, would not be burdensome to produce.  Defendants have repeatedly

MEMORANDUM IN SUPPORT OF
MOTION TO COMPEL DISCOVERY
- 5

KIRK D. MILLER, P.S.
211 E. Sprague Ave.
Spokane Washington 99202
(509) 413-1494

stated that their determination of a reasonable attorney fee is based on a "historical analysis". This request for production seeks documents that were used by the defendants to generate their "historical analysis".

*D. Second Request for Production Propounded to Karen Hammer*

Request for Production # 20, 21, 23. These discovery requests each seek documentation pertaining to when and how Ms. Hammer determined the amount of time spent by herself and other Suttell employees in *Midland Funding LLC v. Kelli Gray* and other collection cases. Ms. Hammer testified that a "historical analysis" was conducted regarding the reasonableness of requested fee. Ms. Hammer has also signed many affidavits stating the approximate amount of time spent by Suttell on collection cases. Either all documents related to time keeping and determination of time spent have been provide (as implied by Ms. Hammer's answer to Request for Production #20), or the records are too voluminous to produce (as implied by Ms. Hammer's answer to Request for Production #21). Both scenarios cannot be true.

Plaintiff's counsel is wholly confused by Ms. Hammer's objection to Request for Production number twenty three (23). Plaintiff's request for these documents is not "vague and burdensome," as Ms. Hammer asserts. The documents requested, if they exist at all, would not be burdensome to produce. Defendants have repeatedly stated that their determination of a reasonable attorney

MEMORANDUM IN SUPPORT OF
MOTION TO COMPEL DISCOVERY
- 6

KIRK D. MILLER, P.S.
211 E. Sprague Ave.
Spokane Washington 99202
(509) 413-1494

fee is based on a "historical analysis". This request for production seeks documents that were used by the defendants to generate their "historical analysis".

### III. Certificate of Counsel

I certify that I have in good faith conferred with Carl Heuber of Winston & Cashatt, the attorney for the Defendant Suttell & Associates on August 6, 2010 in an effort to secure the discovery disclosures without court action.

Dated this the 9th day of August, 2010

*Kirk D. Miller, P.S.*

  /s/ Kirk D. Miller
Kirk D. Miller
Attorney for Plaintiff
WSBA # 40025
(509) 413-1494
kmiller@millerlawspokane.com

CM/ECF CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of August, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

| | |
|---|---|
| Michael D. Kinkley | mkinkley@qwestoffice.net, pleadings@qwestoffice.net; |
| Scott M. Kinkley | skinkley@qwestoffice.net; |
| Kirk D. Miller | kmiller@millerlawspokane.com |
| Carl Hueber | ceh@winstoncashatt.com; |
| John D. Munding | munding@crumb-munding.com |

*Kirk D. Miller, P.S.*

   /s/ Kirk D. Miller
Kirk D. Miller
Attorney for Plaintiff
WSBA # 40025
(509) 413-1494
kmiller@millerlawspokane.com