Michael D. Kinkley
Scott M. Kinkley
Michael D. Kinkley, P.S.
4407 N. Division, Suite 914
Spokane, WA 99207
(509) 484-5611
mkinkley@qwestoffice.net
skinkley@qwestoffice.net

Kirk D. Miller
Kirk D. Miller, P.S.
209 E. Sprague Ave.
Spokane, WA 99202
(509) 413-1494
kmiller@millerlawspokane.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

KELLI GRAY, and all other similarly situated,

    Plaintiff,

v.

SUTTELL & ASSOCIATES; MIDLAND FUNDING, LLC; MARK T. CASE, and JANE DOE CASE, husband and wife, KAREN HAMMER and JOHN DOE HAMMER

    Defendants.

Case No.: CV-09-251-EFS

MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCOVERY RESPONSES TO PLAINTIFF'S SECOND SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION PROPOUNDED TO DEFENDANTS SUTTELL & ASSOCIATES

### I. *Discovery Standard*

Under Rule 26(b)(1), "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." As a general matter, "relevance" for discovery purposes is broadly construed, and "information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1); *see, e.g.*, *Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 402 (6th Cir. 1998) ("The scope of examination permitted under Rule 26 (b) is broader than that permitted at trial.") (internal quotation marks omitted). Courts have long held that pretrial discovery is "to be accorded a broad and liberal treatment." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947) ("No longer can the time-honored cry of `fishing expedition' serve to preclude a party from inquiring into the facts underlying his opponent's case."). *See also Madden v. Turner Broadcasting Systems, Inc.*, 1998 WL 458188, at *2 (3d Cir. 1998) (same); see also, e.g., *Katz v. Batavia Marine & Sporting Supplies, Inc.*, 984 F.2d 422, 424 (Fed. Cir. 1993) ("It is a premise of modern litigation that the Federal Rules contemplate liberal discovery, in the interest of just and complete resolution of disputes."); *Epstein v. MCA, Inc.*, 54 F.3d 1422, 1423 (9th Cir. 1995) ("The Federal Rules of Civil Procedure creates a `broad right of discovery' because `wide access to relevant facts serves the integrity and fairness of the judicial

MEMORANDUM IN SUPPORT OF
MOTION TO COMPEL DISCOVERY
- 2

KIRK D. MILLER, P.S.
211 E. Sprague Ave.
Spokane Washington 99202
(509) 413-1494

process by promoting the search for the truth.'"); *Hickman*, 329 U.S. at 507. Of course, district courts have considerable discretion in handling discovery matters. *See, e.g.*, *Brune v. IRS*, 861 F.2d 1284, 1288 (D.C. Cir. 1988); *Laborers' Int'l Union of N. Am. v. Department of Justice*, 772 F.2d 919, 921 (D.C. Cir. 1984) ("Control of discovery is a matter entrusted to the sound discretion of the trial courts.").

## II. Plaintiff's Second Set of Requests for Production and Interrogatories

On June 1, 2010 and June 16, 2010, respectively, Defendant Suttell & Associates (hereinafter, "Suttell") was served with Plaintiff's Second Set of Requests for Production and Second Interrogatories. On July 1, 2010, and July 12, 2010, respectively, Suttell served their Response to Plaintiff's Second Set of Requests for Production and Plaintiff's Second Interrogatories. Defendant Suttell objected to all but two (2) of the plaintiff's interrogatories and failed to adequately respond to any interrogatory. Suttell objected to all but one (1) request for production. Suttell produced over one thousand (1000) pages of documents, primarily consisting of an incomplete list containing approximately forty two thousand (42,000) cases filed in Washington State during the applicable time period and records relating to collection of the plaintiff's account. The Defendant failed to adequately respond to the following requests:

MEMORANDUM IN SUPPORT OF
MOTION TO COMPEL DISCOVERY
- 3

KIRK D. MILLER, P.S.
211 E. Sprague Ave.
Spokane Washington 99202
(509) 413-1494

A. Interrogatories

<u>Interrogatories # 5,8, and 9</u>. Suttell objects, stating that the requests are "overly broad and unduly burdensome and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." Notwithstanding their objection, Suttell provided a list of initials and corresponding employee names that purport to correspond to Suttell employee's initials found in a collection log that was produced in part as an answer to Plaintiff's Second Set of Requests for Production.

Suttell's reference to the produced documents is insufficient. At least one Suttell employee who performed a large amount of work on *Midland Funding, LLC v. Kelli Gray* was omitted from the list. Suttell's answer also fails to provide any employee's work performed, job description, date the employee performed the work, rate of pay information, dates of employment, and usual billing rates, as requested.

The collection log provided in one of Suttell's responses to Plaintiffs Second Set of Requests for Production contains large sections redacted by Suttell. No privilege log has been provided by Suttell and only "attorney-client privilege" has been asserted as a basis for portions that were redacted as long ago as December 3, 2008.

MEMORANDUM IN SUPPORT OF
MOTION TO COMPEL DISCOVERY
- 4

KIRK D. MILLER, P.S.
211 E. Sprague Ave.
Spokane Washington 99202
(509) 413-1494

Interrogatories # 6, 10, 11, 12, 13, and 16. Suttell objects to these interrogatories as overly broad, vague, unduly burdensome and intended to cause embarrassment. Suttell states in their interrogatory answers that "[t]he requested information can be obtained by plaintiff from court filed which would be more convenient, less burdensome, and less expensive." Suttell states that to answer this interrogatory would necessitate that Suttell review approximately 42,000 files which may or may not contain copies of the requested documents. Notwithstanding their objections, Suttell then references nine hundred fifty six (956) pages that contain the approximately 42,000 cases that it produced in response to Plaintiff's Second Requests for Production. These pages were produced in paper, rather than in the electronic form in which they were stored and which the Plaintiff would have had some ability to sort.

Suttell has not explained how any of these interrogatories are "overly broad, vague…[or] intended to cause embarrassment." Since Suttell has control of their own records, Suttell is in a superior position to determine which, if any, of the lawsuits they filed meet the criteria requested in Plaintiff's interrogatories. The Plaintiff believes that Suttell's collection software contains a fully relational database that could be queried for the information that the Plaintiff has requested in its interrogatories. If Suttell is unable to query their system in a manner that will

MEMORANDUM IN SUPPORT OF
MOTION TO COMPEL DISCOVERY
- 5

KIRK D. MILLER, P.S.
211 E. Sprague Ave.
Spokane Washington 99202
(509) 413-1494

allow them to properly respond to the Plaintiff's discovery requests, then the Plaintiff will ask the court to allow the Plaintiff access to Suttell's database.

Furthermore, the list of approximately 42,000 cases provided by Suttell is also incomplete. It only contains current cases with judgment balances. Suttell has not answered the Plaintiff's discovery request in that it does not contain every case filed during the applicable period that meets the requested criteria. Instead, it appears that the cases provided are only those where a judgment has been obtained and the judgment has not been satisfied.

Interrogatory #7: Interrogatory seven (7) in part requests the identification of Suttell's billing accounting software. Suttell only provided information pertaining to its time keeping software. Thus, Suttell's answer to this interrogatory is incomplete.

Interrogatory #14: Interrogatory fourteen (14) requests information, including employer information, pertaining to any person who prepared any part of the default documents in *Midland Funding, LLC v. Kelli Gray*. Suttell objects to this interrogatory on the same basis as its objection Interrogatory five (5). This question is only distinguishable from Interrogatory five (5) insomuch as it asks Suttell to provide information regarding employees of employers other than Suttell who prepared any part of Ms. Gray's default documents. Thus, Suttell's answer to this interrogatory is wholly inapplicable.

MEMORANDUM IN SUPPORT OF
MOTION TO COMPEL DISCOVERY
- 6

KIRK D. MILLER, P.S.
211 E. Sprague Ave.
Spokane Washington 99202
(509) 413-1494

Interrogatory #15:  Interrogatory fifteen (15) specifically requests information pertaining to both the procedure and persons responsible for ascertaining the correct statute of limitations in *Midland Funding, LLC v. Kelli Gray*.  Suttell responded by objecting on the basis that the request is "overly broad and unduly burdensome and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence."   Notwithstanding its objection, Suttell then provided a general description of how "Suttell" determines the applicable statute of limitations.  Suttell has raised the affirmative defense of "bona fide error" with respect to the statute of limitations and this interrogatory in part seeks to determine whether Suttell's bona fide error claim has merit.

## *B. Requests for Production*

Request for Production # 1, 3, 6, 15, 22, 24-29, 31-37. Suttell objects based on attorney client privilege.  No privilege log has provided despite being requested and it is unclear whether all documents requested, for which there is no claim of privilege, have been produced.  Furthermore, the collection log provided by Suttell contains significant portions that have been redacted with no explanation except their claim of attorney-client privilege.  Suttell claims that its attorney-client privilege existed with respect to its collection log as far back as December 3, 2008 without any further explanation.

MEMORANDUM IN SUPPORT OF
MOTION TO COMPEL DISCOVERY
- 7

KIRK D. MILLER, P.S.
211 E. Sprague Ave.
Spokane Washington 99202
(509) 413-1494

Request for Production # 4, 5. Defendant Suttell objects to the request as "information which is confidential and proprietary in nature". Suttell then offers to produce only its contract with Midland Funding, LLC upon execution of a protective order. Plaintiff has filed a proposed protective order. Further, the Plaintiff seeks all documents related to Suttell's right to collect the Gray account, should any besides the Midland Funding, LLC contract exist.

Request for Production # 7, 8,9, 10, 11, 12, 13, 14, 16, 17 . Suttell objects to these requests as "overly broad, vague, and unduly burdensome, and intended to cause embarrassment." "the requested information can be obtained by plaintiff from court files which would be more convenient, less burdensome, and less expensive."

It is not a valid basis for objecting or refusing to fully respond because the information is available from another source if the information is in the responding party's possession, custody or control. *See Lockwood v. Shands Jacksonville Medical Center Inc.*, 2010 WL 2035117 (M.D.Fla., 2010.); *Gabby v. Meyer*, 2006 WL 2794316 (E.D.Wis., 2006). Notwithstanding the inadequacy of the opted production, Suttell has information to complete the request in electronic form. Suttell maintains a sophisticated fully relational database of the accounts it purchases. The database contains fields which may be searched to provide the information responsive to Plaintiff's Interrogatories. In the past, the Court has

MEMORANDUM IN SUPPORT OF
MOTION TO COMPEL DISCOVERY
- 8

KIRK D. MILLER, P.S.
211 E. Sprague Ave.
Spokane Washington 99202
(509) 413-1494

ordered defendants using similar software and making similar objections, to download or export the database to another version of the software under the plaintiff's control. If necessary, the Plaintiff is prepared to make a similar request in this matter.

<u>Request for Production 19, 20.</u>  Suttell objects to Plaintiff's request for templates used in collection and default as "vague, overly broad, and information that is confidential and proprietary and protected by the work product and attorney-client privilege."  Again, Suttell has failed to produce a privilege log with respect to any requested document and it is unclear what attorney-client privilege would protect against the production of the templates used by Suttell in thousands of collection cases.  It is unclear to the plaintiff how any of the requests for documents are "vague" or "overly broad".

### *III. Certificate of Counsel*

I certify that I have in good faith conferred with Carl Heuber of Winston & Cashatt, the attorney for the Defendant Suttell & Associates on August 6, 2010 in an effort to secure the discovery disclosures without court action.

MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCOVERY - 9

KIRK D. MILLER, P.S.
211 E. Sprague Ave.
Spokane Washington 99202
(509) 413-1494

Dated this the 9th day of August, 2010

*Kirk D. Miller, P.S.*

  /s/ Kirk D. Miller
Kirk D. Miller
Attorney for Plaintiff
WSBA # 40025
(509) 413-1494
kmiller@millerlawspokane.com

MEMORANDUM IN SUPPORT OF
MOTION TO COMPEL DISCOVERY
- 10

KIRK D. MILLER, P.S.
211 E. Sprague Ave.
Spokane Washington 99202
(509) 413-1494

CM/ECF CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of August, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

| | |
|---|---|
| Michael D. Kinkley | mkinkley@qwestoffice.net, pleadings@qwestoffice.net; |
| Scott M. Kinkley | skinkley@qwestoffice.net; |
| Kirk D. Miller | kmiller@millerlawspokane.com |
| Carl Hueber | ceh@winstoncashatt.com; |
| John D. Munding | munding@crumb-munding.com |

*Kirk D. Miller, P.S.*

  /s/ Kirk D. Miller
Kirk D. Miller
Attorney for Plaintiff
WSBA # 40025
(509) 413-1494
kmiller@millerlawspokane.com