Michael D. Kinkley
Scott M. Kinkley
Michael D. Kinkley, P.S.
4407 N. Division, Suite 914
Spokane, WA 99207
(509) 484-5611
mkinkley@qwestoffice.net
skinkley@qwestoffice.net

Kirk D. Miller
Kirk D. Miller, P.S.
209 E. Sprague Ave.
Spokane, WA 99202
(509) 413-1494
kmiller@millerlawspokane.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KELLI GRAY, and all other similarly situated,<br><br>          Plaintiff,<br><br>          v.<br><br>SUTTELL & ASSOCIATES; MIDLAND FUNDING, LLC; MARK T. CASE, and JANE DOE CASE, husband and wife, KAREN HAMMER and JOHN DOE HAMMER<br><br>          Defendants. | Case No.: CV-09-251-EFS<br><br>MEMORANDUM IN RESPONSE TO SUTTELL'S MOTION FOR SUMMARY JUDGMENT RE: ATTORNEY FEES |

The Suttell Defendants admit that "Suttell's usual and standardized procedure is for Suttell counsel to request $650.00 in default pleadings". (Ct. Rec. 47, statement of facts; Ct. Rec. 46, p.5, ln. 13-15, Suttell Memorandum; Ct. Rec. 48, p. 5, ¶ 14, affidavit of Karen Hammer). One of the Suttell attorneys (most

MEMORANDUM IN RESPONSE TO
SUTTELL'S MOTION FOR SUMMARY
JUDGMENT RE: ATTORNEY FEES  - 1

*Michael D. Kinkley P.S.*
4407 N. Division, Suite 914.
Spokane, WA 99207
(509) 484-5611

frequently Defendant Mark Case and Defendant Karen Hammer) files the

following declaration with the court[1] "sworn under penalty of perjury",

8.   ATTORNEY'S FEES

    Plaintiff  is  entitled  to  its  costs  and  attorney's  fees
pursuant  to  contract  and/or  statute.   Declarant  states  that  the
sum  of  $650.00  is  a  reasonable  sum  as  and  for  plaintiff's
attorney's  fees  in  the  event  judgment  is  rendered  on  this  Motion.

    Declarant  states  that  the  foregoing  statements  are  true  and
correct  to  the  best  of  his/her  knowledge  and  belief  and  are  made
subject  to  the  penalties  of  perjury  under  the  laws  of  the  State  of
Washington.

    DATED October 30, 2008, at Bellevue, WA.

                    SUTTELL & ASSOCIATES, P.S.


                    ( ) William G. Suttell, WSBA No. 12424
                    ( ) Patrick J. Layman, WSBA #5707
                    ( ) Karen L. Hammer, WSBA #35608
                    ( ) Isaac Hammer, WSBA #36101
                    ( ) Tyler J. Moore, WSBA #39598
                    ( ) Mark T. Case, WSBA #38589
                    Attorneys for Plaintiff

(Ct. Rec. 39-1, p. 100)

---

[1] This or the summary judgment declaration for fees is used in "more than 99% of all Suttell cases". Deposition of Karen Hammer, taken in Seattle on August 3, 2010 (transcript ordered at time of deposition expected delivery August 17, 2010).

MEMORANDUM IN RESPONSE TO
SUTTELL'S MOTION FOR SUMMARY
JUDGMENT RE: ATTORNEY FEES - 2

*Michael D. Kinkley P.S.*
4407 N. Division, Suite 914.
Spokane, WA 99207
(509) 484-5611

1.    I am one of the attorneys representing the plaintiff above-named and my law firm has expended approximately 1.8 hours of legal services in the preparation and prosecution of this action and anticipate an additional 2.0 hours in the hearing of this Motion and therefore state that the sum of $850.00 is a reasonable sum as and for plaintiff's attorney's fees in the event judgment is rendered on this Motion.

2.    Declarant states that the foregoing is true and correct to the best of his knowledge and belief subject to the penalty of perjury under the laws of the State of Washington.  DATED August 10, 2009, at Bellevue, Washington.

( ) William G. Suttell, WSBA #12424
( ) Patrick J. Layman, WSBA #5707
( ) Karen L. Hammer, WSBA #35608
( ) Isaac Hammer, WSBA #36101
( ) Mark T. Case, WSBA #38589
( ) Malisa L. Gurule, WSBA #40602
( ) Nicholas R. Filer, WSBA #39536

(Ct. Rec. 39-1, p. 26)

Defendants have admitted that the attorney fee request is not made "pursuant to …Statute" but rather the "attorney fees will be requested if recoverable under the loan agreement". The loan agreements (alleged to apply by the Suttell defendants) allow only a "reasonable attorney fee".

The Suttell attorney declares under penalty of perjury "that the sum of $650.00 is a reasonable fee". Washington has a well developed and clearly established body of law (Lodestar) defining "reasonable attorney fee" as a

MEMORANDUM IN RESPONSE TO
SUTTELL'S MOTION FOR SUMMARY
JUDGMENT RE: ATTORNEY FEES  - 3

*Michael D. Kinkley P.S.*
4407 N. Division, Suite 914.
Spokane, WA 99207
(509) 484-5611

reasonable hourly rate time a reasonable number of hours expended. *Mahler v. Szucs*, 135 Wash.2d 398, 434, 957 P.2d 632, 651 (Wash.,1998); *Scott Fetzer Co. v. Weeks*, 114 Wash.2d 109, 150, 786 P.2d 265 (1990); *Travis v. Washington Horse Breeders Ass'n.*, 111 Wash.2d 396, 759 P.2d 418 (1988).

In the context of fee shifting based on a contract or statute, in Washington, "reasonable attorney fee" is a legal term of art. *Id*. Washington requires "litigants…to rigorously adhere to the lodestar methodology…" :

> In the past, we have expressed more than modest concern regarding the **need of litigants and courts to rigorously adhere to the lodestar methodology**. *See Scott Fetzer Co.,* 122 Wash.2d 141, 859 P.2d 1210. Courts must take an *active* role in assessing the reasonableness of fee awards, rather than treating cost decisions as a litigation afterthought. Courts should not simply accept unquestioningly fee affidavits from counsel. *Nordstrom, Inc. v. Tampourlos,* 107 Wash.2d 735, 744, 733 P.2d 208 (1987).

> Consistent with such an **admonition** is the need for an adequate record on fee award decisions. Washington courts have repeatedly held that the absence of an adequate record upon which to review a fee award will result in a remand of the award to the trial court to develop such a record. *Smith v. Dalton,* 58 Wash.App. 876, 795 P.2d 706 (1990); *Rhinehart v. Seattle Times,* 59 Wash.App. 332, 798 P.2d 1155 (1990); *Bentzen v. Demmons,* 68 Wash.App. 339, 842 P.2d 1015 (1993); *State Farm Mut. Auto. Ins. Co. v. Johnson,* 72 Wash.App. 580, 871 P.2d 1066, *review denied,* 124 Wash.2d 1018, 881 P.2d 254 (1994). Not only do we reaffirm the rule regarding an adequate record on review to support a fee award, we hold findings of fact and conclusions of law are required to establish such a record.

*Mahler v. Szucs,* 135 Wash.2d 398, 434-435, 957 P.2d 632, 651 - 652 (Wash., 1998). Defendants admit that the statement that "650.00 is a reasonable sum for an

MEMORANDUM IN RESPONSE TO
SUTTELL'S MOTION FOR SUMMARY
JUDGMENT RE: ATTORNEY FEES  - 4

*Michael D. Kinkley P.S.*
4407 N. Division, Suite 914.
Spokane, WA 99207
(509) 484-5611

attorney fee" is not based on a lodestar analysis, admit that is instead a "standardized fee" which Suttell decided to apply to all defaults.

Deposition testimony[2] will show that the Suttell "paralegals" have no paralegal training[3] or any legal training, at all. The employees do not "draft" the pleadings but instead spend a matter of minutes pressing buttons that cause the computer to print out the documents e.g. default package, a few minutes to attach the "media"[4], and then the attorneys spend at most a few minutes reviewing to see if the blanks have been filled in. The computer merges data (automatically entered into Suttell's JST CollectMax program when received from Midland Credit) into an electronic template. The entire process is automated and an entire default package can be created and printed in less than three minutes.  It is the process of a collection

---

[2]  Deposition of Karen Hammer, completed August 3, 2010 and Tu Uyen Huynh, completed August 4, 2010. The transcripts are expected to be available on August 17, 2010.

[3] Nor even a high school degree or GED.

[4] The "media" is what Suttell calls the attachments to the Motion for Default or Summary Judgment. In the *Gray* state collection case the media included one "Spiegal" credit card statement, a "Bill of Sale" from "Spiegal Acceptance to Midland Funding LLC". It is made to appear that these "records" are attached to the Midland Credit Affiant's affidavit, but instead they are printed and attached by the Suttell employee. The "media" is printed at the same time as the default package which according to testimony took a total of three minutes.

MEMORANDUM IN RESPONSE TO
SUTTELL'S MOTION FOR SUMMARY
JUDGMENT RE: ATTORNEY FEES  - 5

*Michael D. Kinkley P.S.*
4407 N. Division, Suite 914.
Spokane, WA 99207
(509) 484-5611

agency not a law firm. Defendants do not keep any contemporaneous time records as required by *Mahler*.

The Suttell defendants mislead the state court and debtors by claiming $650.00 is a "Reasonable sum as an attorney fee". No analysis has been done under the lodestar method or under RPC 1.5. (Ct. Rec. 42-1, p. 59, Mark Case Deposition). Such an analysis can not be done since the Suttell attorneys have not determined what a reasonable hourly rate would be. More importantly the Suttell employees can have not and can not determine what are a reasonable number of hours have been spent on any case since they do not keep contemporaneous time records. (Ct. Rec. 42-1, pp. 10-12, p. 29; Mark Case Deposition; Ct. Rec. 91-1, 91-2, 91-3, Requests for Admission).

Finally, the amount of time that is spent in the automated production of the collection matter up to the time of making the motion for default or summary judgment is minimal, so minimal that $650.00 as a matter of law will be shown to be unreasonable in Plaintiff's Motion for Summary Judgment regarding attorney fees (to be filed once depositions are transcribed).

Defendants seem to argue that state court judges signed the default orders which included the attorney fees. However, the Suttell defendants misrepresented to the court that the court that the fees were "reasonable".  Congress recognized

MEMORANDUM IN RESPONSE TO
SUTTELL'S MOTION FOR SUMMARY
JUDGMENT RE: ATTORNEY FEES  - 6

*Michael D. Kinkley P.S.*
4407 N. Division, Suite 914.
Spokane, WA 99207
(509) 484-5611

that "Existing laws and procedures for redressing these injuries are inadequate to protect consumers." 15 USC § 1692(b).

Plaintiff's claim is for the misrepresentation of the $650.00 fee as "reasonable" in light of Washington law defining "reasonable" attorney fees and the inflation of the fee from what should have been a very minimal amount to the claim of $650.00 in the attorneys' declarations. The FDCPA prohibits misrepresentation and inflating a claim ("padding"). 15 USC § 1692e; 15 USC § 1592f(1). The two FDCPA provisions at issue in this case are 15 U.S.C. §§ 1692e and 1692f. Section 1692e prohibits the use by a debt collector of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." Section 1692e(2) prohibits "[t]he false representation of ... the character, amount, or legal status of any debt." Section 1692f prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." "The collection of any amount ... unless such amount is expressly authorized by the agreement creating the debt or permitted by law" is a violation of § 1692f(1). Whether conduct violates §§ 1692e or 1692f requires an objective analysis that takes into account whether "the least sophisticated debtor would likely be misled by a communication." *See Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 934 (9th Cir.2007) (internal quotation marks omitted); *see*

MEMORANDUM IN RESPONSE TO
SUTTELL'S MOTION FOR SUMMARY
JUDGMENT RE: ATTORNEY FEES  - 7

*Michael D. Kinkley P.S.*
4407 N. Division, Suite 914.
Spokane, WA 99207
(509) 484-5611

*Wade v. Reg'l Credit Ass'n*, 87 F.3d 1098, 1099-1100 (9th Cir.1996); *Swanson v. S. Or. Credit Serv., Inc.*, 869 F.2d 1222, 1227 (9th Cir.1988).

Seeking somewhat to level the playing field between debtors and debt collectors, the FDCPA prohibits debt collectors "from making false or misleading representations and from engaging in various abusive and unfair practices." *Heintz v. Jenkins*, 514 U.S. 291, 292, 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995). The FDCPA is a strict liability statute that "makes debt collectors liable for violations that are not knowing or intentional." *Reichert v. Nat'l Credit Sys., Inc.*, 531 F.3d 1002, 1005 (9th Cir.2008).

Defendants argue that claiming $650.00 for a default or $850.00 for a summary judgment, each of which is produced by an automated computer process involving an extremely minimal amount of time (both staff and attorney), is not a misrepresentation or inflation of the claimed owed. They argue that *Mahler* and Washington law making a "reasonable attorney fee" synonymous with "lodestar" is merely advisory and not mandatory citing *Highland School Dist. No. 203 v. Racy,* 149 Wash.App. 307, 317, 202 P.3d 1024, 1029 (Wash.App. Div. 3, 2009). But *Highland* was about the court's discretion in awarding *sanctions* not fee shifting. The union awarded its actual attorney fees as a sanction against the opposing party argued that the opposing party should not get the benefit of the Union's attorneys reduced rate so it "appealed the court's decision to order

MEMORANDUM IN RESPONSE TO
SUTTELL'S MOTION FOR SUMMARY
JUDGMENT RE: ATTORNEY FEES  - 8

*Michael D. Kinkley P.S.*
4407 N. Division, Suite 914.
Spokane, WA 99207
(509) 484-5611

sanctions in the amount the litigation cost the Union rather than applying a lodestar

analysis and imposing a *higher* amount." *Highland,* 149 Wash.App. at  314-315.

The court had "no authority for the proposition that the trial court had to use a

lodestar analysis under RCW 4.84.185 [frivolous lawsuit]". *Id.* "The amount and

methodology for imposing *sanctions* was left to the trial court. *Id.* We find no

abuse of discretion in the decision to reimburse for actual costs rather than a higher

figure." *Id*. Plaintiff does not dispute that a court can in its discretion award less

than a lodestar amount when it is imposing sanctions. *See also* Fed. R. Civ. P 11.

But a discussion of the court's discretion to award or limit sanctions to the actual

cost rather than lodestar simply has no application to an analysis of fee shifting

based on a contract provision allegedly allowing a "reasonable attorney fee". It is

hard to imagine how the Washington Supreme Court could be much clearer than to

"admonish" the courts to apply lodestar and require "litigants …to rigorously

adhere to the lodestar methodology". *Mahler v. Szucs,* 135 Wash.2d at 434-435,

957 P.2d at 651 – 652.

> The Seventh Circuit has required debt collectors to identify attorney's fees:
>
> Even if attorneys' fees are authorized by contract, as in this case, and
> even if the fees are reasonable, debt collectors must still clearly and
> fairly communicate information about the amount of the debt to
> debtors. This includes how the total amount due was determined if the
> demand for payment includes add-on expenses like attorneys' fees or
> collection costs.

MEMORANDUM IN RESPONSE TO
SUTTELL'S MOTION FOR SUMMARY
JUDGMENT RE: ATTORNEY FEES  - 9

*Michael D. Kinkley P.S.*
4407 N. Division, Suite 914.
Spokane, WA 99207
(509) 484-5611

*Fields v. Wilber Law Firm, P.C.*, 383 F.3d 562, 565 (7th Cir.2004) (holding that the allegations were sufficient to state a claim under § 1692e and § 1692f). A trier of fact could find that the failure to identify that the claim for "reasonable attorney's fees" of $650.00 was based on a "customary and standardized" request rather than a lodestar analysis could be misleading to the least sophisticated consumer.

In *Kojetin v. C U Recovery, Inc*., 212 F.3d 1318 (8th Cir.(Minn.) 2000) the court in a Per Curiam adopted the holding in *Kojetin v. CU Recovery, Inc.,* 1999 WL 1847329, 2 (D.Minn.) (D.Minn.,1999) in which the court explained that "The FDCPA would provide little protection to a debtor like Kojetin if, in agreeing to pay "reasonable collection costs," a debtor was held to have agreed to pay whatever percentage fee a debt collection service happened to charge a lender such as MMCU for collection efforts."… "It is a violation of the FDCPA for a debt collector to collect any amount 'unless such amount is *expressly* authorized by the agreement created a debt or permitted by law.' 15 U.S.C. § 1692f(1) (emphasis added)" *Id*. "The Court agrees with the Magistrate Judge, however, that C.U.'s inclusion of this fee …contravenes the terms of the note." *Id*. Stating an amount for an attorney fee that is in excess of the amount then due and owing violates the FDCPA. *Munoz v. Pipestone Financial*, *LLC,* 513 F.Supp.2d 1076 (D.Minn., 2007)

MEMORANDUM IN RESPONSE TO
SUTTELL'S MOTION FOR SUMMARY
JUDGMENT RE: ATTORNEY FEES  - 10

*Michael D. Kinkley P.S.*
4407 N. Division, Suite 914.
Spokane, WA 99207
(509) 484-5611

In Washington if a fee agreement stipulates a "reasonable attorney fee" then it is an ethical violation to charge or claim an attorney fee that is not reasonable; reasonableness is evaluated by the factors set forth in Washington RPC 1.5. *In re Disciplinary Proceeding Against Vanderbeek*,  153 Wash.2d 64, 90, 101 P.3d 88, 100 (Wash.,2004) ('VanDerbeek at least acted knowingly when she sent clients inflated bills with the intent of personal gain"). In finding the claimed charges excessive and unreasonable, "The hearing officer examined the summons and complaint and found that it was a "form pleading" which VanDerbeek routinely used in her collection actions" *In re Disciplinary Proceeding Against Vanderbeek*, 153 Wash.2d at 83, 101 P.3d at 97 (Wash., 2004).

 "Material facts are generally those facts upon which the outcome of the litigation depends in whole or in part." *In re Disciplinary Proceeding Against Dynan*, 152 Wash.2d 601, 614, 98 P.3d 444, 450 (Wash.,2004) quoting *In re Disciplinary Proceeding Against Carmick*, 146 Wash.2d 582, 600, 48 P.3d 311 (2002); see also RCW 9A.72.010(1) (defining a materially false statement in the perjury context as any false statement "which could have affected the course or outcome of the proceeding").

MEMORANDUM IN RESPONSE TO
SUTTELL'S MOTION FOR SUMMARY
JUDGMENT RE: ATTORNEY FEES  - 11

*Michael D. Kinkley P.S.*
4407 N. Division, Suite 914.
Spokane, WA 99207
(509) 484-5611

The Washington Supreme Court adopted as a practice norm[5] "that typically **when a lawyer wants a fee award that is higher than his actual fee the lawyer discloses this to the court**." *In re Disciplinary Proceeding Against Dynan*, 152 Wash.2d at 614, 98 P.3d at 450; see RPC 8.4(d). In Washington, it is a "practice norm" that a request for a reasonable attorney fee represents that an attorney has multiplied his usual hourly rate time a reasonable number of hours to arrive at that "reasonable fee". A request for a reasonable attorney fee of $650.00" is a suggestion by the Suttell defendants that they have actually earned $650.00 under this method not a unilateral determination by Suttell to use a "standardized fee" (not disclosed to the court). The Dynan court explained why this is an ethical violation (which Plaintiff argues makes it unfair and a misrepresentation):

> It is the normal practice for an attorney to present his actual rate and then argue for a higher rate if the actual rate is not reasonable. This practice allows the court to reach a reasonable attorney fee based on actual and true evidence, adjusting the rate for other variables. Dynan, in his official capacity, violated practice norms by not providing the court with his actual rate. Further, even if the submitted rate was reasonable, Dynan's misrepresentations prejudiced the administration of justice by preventing the court from determining an attorney fee award based on true evidence.

---

[5] Under RPC 8.4(d), an attorney may prejudice the administration of justice if he engages in conduct in his official capacity or advocacy role that **violates practice norms** or engages in conduct that physically obstructs justice. *In re Disciplinary Proceeding Against Curran*, 115 Wash.2d 747, 764, 801 P.2d 962 (1990)

MEMORANDUM IN RESPONSE TO SUTTELL'S MOTION FOR SUMMARY JUDGMENT RE: ATTORNEY FEES - 12

*Michael D. Kinkley P.S.*
4407 N. Division, Suite 914.
Spokane, WA 99207
(509) 484-5611

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

*In re Disciplinary Proceeding Against Dynan*, 152 Wash.2d 601, 617, 98 P.3d 444, 452 (Wash.,2004); *See also* RPC 3.3(f), Candor to the Tribunal ("In an ex parte proceeding, a lawyer shall inform the court of all material facts known to the lawyer that will enable the tribunal to make an informed decision, whether or not the facts are adverse").

In this case, Washington law and the alleged attorney fee agreement only allow the collection of a "reasonable attorney fee". Defendants are wholly unaware of the reasonable number of hours spent on a case because they do not keep contemporaneous time records. Defendant Mark T. Case admitted he does not keep contemporaneous time records, does not keep track of the time he spends on cases, does not use a time keeping program, and reviews "15 to 20" default judgment packages in "45 minutes or so." (Ct. Rec. 42-1, pp. 10-12, p. 29; Mark Case Deposition; Ct. Rec. 91-1, p. 5, Requests for Admission). Karen Hammer admitted she did not keep contemporaneous time records. (Ct. Rec. 42-1, pp. 10-12, p. 29; Mark Case Deposition; Ct. Rec. 91-1, p. 5, Requests for Admission). Suttell & Hammer, P.S. admitted no one at Suttell kept contemporaneous time records (Ct. Rec. 91-3, p. 11).

Defendants cite *Cheng v. Messerli & Kramer, P.A.*,  2007 WL 1582714, 2 (D.Minn.) (D.Minn.,2007), *Cisneros v. Neuheisel Law Firm, P.C.*, 2008 WL 65608, 1 (D.Ariz.) (D.Ariz.,2008), *Bull v. Asset Acceptance*, LLC, 444 F.Supp.2d

946, 951 (N.D.Ind.2006), *Hall v. Leone Halpin & Konopinski*, LLP  2008 WL

608609, (N.D.Ind.) (N.D.Ind., 2008) for the proposition that a request for attorney

fee is state court can not form an FDCPA violation. But in each of those cases the

attorney fee request was in the state court *complaint* not a sworn declaration for

default. The courts allow much wider latitude in a request made in a prayer of a

complaint -stating what is hoped for- than in sworn declaration for a default which

affirmatively misrepresents, unfairly inflates, or misrepresents the basis for an

attorney fees. *See e.g. Kirk v. Gobel*,  622 F.Supp.2d 1039, 1046 (E.D.Wash.,

2009)("It was not unfair or misleading for Mr. Gobel to plead RCW 4.84.250 as an

alternative basis for attorney fees in the complaint, but it was unfair and misleading

to plead RCW 4.84.250 as an alternative basis for attorney fees in the motion for

default judgment."). Defendants' declaration would lead a court and debtor to

conclude that $650.00 was the actual fee based on a reasonable attorney fee

(lodestar) analysis. In this case, defendants also alleged a statutory basis for

reasonable attorney fees but now have admitted they have none.

     The Suttell Defendants also cite

     Defendants cite *Singer v. Pierce & Associates, P.C.*,  383 F.3d 596, 598

(C.A.7 (Ill.),2004), The *Singer* FDCPA claim was based solely on the allegation

that a state court attorney fee award restricted defendants to claiming only the

amount awarded by that court (and defendants later demanded a greater amount).

MEMORANDUM IN RESPONSE TO
SUTTELL'S MOTION FOR SUMMARY
JUDGMENT RE: ATTORNEY FEES  - 14

*Michael D. Kinkley P.S.*
4407 N. Division, Suite 914.
Spokane, WA 99207
(509) 484-5611

According to the *Singer* court, that would have been an FDCPA violation but the earlier state court award had been *vacated* before the defendants made the greater demand.  The case has no application to the case before the court.

Defendants cite *Rosado v. Taylor*, 324 F.Supp.2d 917, 926 (N.D.Ind., 2004) But the holding in *Rosado* was that a mortgage foreclosure action was not an "attempt to collect a debt" and therefore not within the subject matter jurisdiction of the FDCPA. 15 USC 1692a(5)("debt"); 1692e("in connection with the collection of any debt"); 1692f ("to collect or attempt to collect any debt"). The gravamen of the *Rosado* action was for repossession, not to collect a debt; therefore the FDCPA did not apply. It was not that "a solicitation for attorney fees does not bring a request under the FDCPA" as alleged by the defendant (Suttell Memorandum, Ct rec 46, p. 8) but rather that particular "request for attorney's fees does not fall under the FDCPA" because it was not made "in connection with the collection of a debt", or as an "attempt to collect a debt". Id.

Defendants cite *Gaisser v. Portfolio Recovery Associates, LLC*, 571 F.Supp.2d 1273, 1279 (S.D.Fla.,2008). The decision of that court is not binding on this court or even persuasive because the court did not consider the arguments being made to this court. There is no indication that under Florida law a "reasonable attorney fee" has a particular meaning as a legal term as it does under Washington law and no showing that the argument was considered by the court.

MEMORANDUM IN RESPONSE TO
SUTTELL'S MOTION FOR SUMMARY
JUDGMENT RE: ATTORNEY FEES  - 15

*Michael D. Kinkley P.S.*
4407 N. Division, Suite 914.
Spokane, WA 99207
(509) 484-5611

The court interpreted the statement from the attorney that "he reviewed the file and I believe that [$500.00] <u>would be</u> a reasonable attorney fee" was "amounts [that] were recommendations or suggestions" *Gaisser v. Portfolio Recovery Associates, LLC*,  571 F.Supp.2d at 1279. The word "would" is "used to express an intention or inclination". Webster's Unabridged Encyclopedia, p. 2191, 1996 ed. In this case the defendants affirmatively stated that "the sum of $650.00 <u>is</u> a reasonable sum as and for Plaintiff's attorney fee" and that they had expended "1.8 hours" when they had not. The *Gaisser* District court also did not have any information that the statement was patently false. Here defendants made a misrepresentation overtly and by omission. The defendants failed to inform the debtors and the state courts that they cooperate as a fully automated practice spending mere minutes on each task and pleadings so that five to eight (5-8) attorneys can proceed with more than 42,000 lawsuits over the course of four years. Instead, the defendants misled the court by affirmatively stating that $650.00 is a "reasonable attorney fee".

Defendants misrepresented to this court the local rules of the state of Washington in the material filed with this court. *See* (Ct Rec. 46, p. 11 lines 1-11; Ct Rec. 46-1, p. 15-41). The Suttell defendants only file debt collection cases in the Superior Courts <u>not</u> in the Courts of Limited Jurisdiction. (Deposition of Karen Hammer, transcript forthcoming). Adams County does not have a "standardized fee schedule" as misrepresented by defendant memorandum.  (Ct Rec. 46, p. 11

lines 7-11). Defendant attaches the cover of the Clark County Superior Court Local Rules (Ct Rec. 46-1, p. 18) to the Rules for <u>Courts of Limited Jurisdiction</u> ("LCRLJ") (Ct Rec. 46-1, p. 19). Even if Suttell did file in District or small claims court (to which the rules apply), Karen Hammer indicated that no one at Suttell matches the requested fee to the amount of the judgment. It would require a $4500.00 to achieve a $650.00 attorney fee. For Columbia County, defendants again put a Superior court cover (Ct Rec. 46-1, p. 20) on a court of limited jurisdiction rules (Ct Rec. 46-1, p. 20), But again, even applying the District Court rule, a $15,000.00 judgment only allows a $600.00 attorney fee and "Attorney fee requests in excess of $450.00 must be itemized". (Ct Rec. 46-1, p. 21). Defendants repeat this misrepresentation throughout their exhibit. (Ct Rec. 46-1, pp. 15-41).

Dated this the 11th day of August, 2010.

*Michael D. Kinkley P.S.*

s/Michael D. Kinkley
Michael D. Kinkley
WSBA # 11624
Attorney for Plaintiff
4407 N. Division, Suite 914
Spokane, WA 99207
(509) 484-5611
Fax: (509) 484-5972
mkinkley@qwestoffice.net

MEMORANDUM IN RESPONSE TO
SUTTELL'S MOTION FOR SUMMARY
JUDGMENT RE: ATTORNEY FEES  - 17

*Michael D. Kinkley P.S.*
4407 N. Division, Suite 914,
Spokane, WA 99207
(509) 484-5611

1

## CM/ECF CERTIFICATE OF SERVICE

2

I hereby certify that on the 11th day of August, 2010, I electronically filed the

3

foregoing with the Clerk of the Court using the CM/ECF System which will send

4

notification of such filing to the following:

5

6

Michael D. Kinkley          mkinkley@qwestoffice.net, pleadings@qwestoffice.net;

7

Scott M. Kinkley           skinkley@qwestoffice.net;

8

Kirk D. Miller            kmiller@millerlawspokane.com

9

Carl Hueber             ceh@winstoncashatt.com;

10

John D. Munding           munding@crumb-munding.com

11

12                          *Michael D. Kinkley P.S.*

13

14                          s/Michael D. Kinkley
                            Michael D. Kinkley
15                          WSBA # 11624
                            Attorney for Plaintiffs
16                          4407 N. Division, Suite 914
                            Spokane, WA 99207
17                          (509) 484-5611
                            mkinkley@qwestoffice.net
18

19

20

21

22

23

24

25

MEMORANDUM IN RESPONSE TO                   *Michael D. Kinkley P.S.*
SUTTELL'S MOTION FOR SUMMARY                4407 N. Division, Suite 914.
JUDGMENT RE: ATTORNEY FEES  - 18            Spokane, WA 99207
                                            (509) 484-5611