Michael D. Kinkley
Scott M. Kinkley
*Michael D. Kinkley, P.S.*
4407 N. Division, Suite 914
Spokane, WA 99207
(509) 484-5611
mkinkley@qwestoffice.net
skinkley@qwestoffice.net

Kirk D. Miller
*Kirk D. Miller, P.S.*
211 E. Sprague Ave.
Spokane, WA 99202
(509) 413-1494
kmiller@millerlawspokane.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KELLI GRAY, and all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SUTTELL & ASSOCIATES, et. al.<br><br>Defendants. | Case No.: CV-09-251-EFS<br><br>REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL RESPONSE TO PLAINTIFF'S INTERROGATORIES AND REQUESTS FOR PRODUCTION |

    A.    Net Worth. Interrogatories (#'s 1-2) ("Int.") and Request For Production (#'s 1-25)("RFP")

Midland Funding, LLC has refused to answer any questions regarding net worth. It was Plaintiff's understanding that Midland Funding, LLC would agree to stipulate that its net worth was in excess of Fifty Million Dollars

($50,000,000.00)[1]. Plaintiff agreed to accept Midland Funding's stipulation[2] instead of answers to Int. #'s 1-2 and RFP #'s 1-25.  Defendant has refused to either provide net worth information or sign and enter the proposed stipulation. Midland Funding, LLC should be compelled to answer and produce net worth information.

> B.  Relationship of Midland to their Attorney, Suttell.
> Int. # 4, 8, 9 & 10; RFP # 26, 27, 30, & 31

The Suttell defendants claimed (in the Gray state court collection matter and thousands of other cases) that it represented Midland Funding, LLC. Midland Funding, LLC refuses to produce any documents or answer any Interrogatories that identify the relationship between Suttell and Midland Funding, LLC.

<u>Interrogatory 4</u> requests bank account information regarding monies collected by Suttell on Midland Funding, LLC's behalf. It is undisputed that Suttell collected hundreds of thousands of dollars from debtors in the state of Washington, claiming in Washington State Superior Court that it was doing so on behalf of Midland Funding, LLC as Plaintiff. Midland Funding, LLC now claims that it does

---

[1] 15 USC 1692k net worth discovery relates to the FDCPA class statutory damages up to 1% of net worth of the defendant with a cap of Five Hundred Thousand Dollars ($500,000.00) (1% of 50,000,000.00 is $500,000.00).

[2] Midland Funding, LLC does not believe it made that representation.

| | |
|---|---|
| REPLY MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCOVERY - 2 - | MICHAEL D. KINKLEY P.S. N. 4407 Division, Suite 914 Spokane Washington 99207 (509) 484-5611 |

not have access to information about the bank account[3] where the money was deposited, what was included, and how Midland Funding, LLC and/or Suttell lawyers were paid from those funds. (Ct. Rec. 73-1, p.9, Response to Int. # 4).

The Defendant has not identified the accounts where Suttell deposited the funds it collected on judgments obtained on behalf of Midland Funding, LLC as its attorney (Ct. Rec. 73-1, p.8). Midland Funding, LLC has instead denied knowledge of such an account (Ct. Rec. 73-1, p. 9, Int. #4). The Washington Rules of Professional Conduct ("WRPC") require lawyers promptly notify and pay clients upon the receipt of property, and provide a yearly accounting. WRPC 1.5A(d)-(f). If Midland Funding, LLC is receiving any money collected on the judgments in its name, then it must know where it is being deposited.

<u>Interrogatory 9, 10</u> Midland Funding, LLC raised a "bona fide error" defense. 15 U.S.C. 1692 (c) i (Ct. Rec. 9, pg. 19, paragraph 4; pg. 20, paragraph 10). But Midland Funding LLC has refused to identify either that is has no employees who performed the alleged procedures (bona fide error) or "the date that the procedure was performed, and the name, address, name of employer, phone number, job description, dates of employment, rate of pay for the person performing the procedure" as requested by Interrogatory #9, #10.

---

[3] RFP 26 &27 (Ct. Rec. 73-1, p. 13-14).

REPLY MEMORANDUM IN
SUPPORT OF MOTION TO COMPEL
DISCOVERY - 3 -

MICHAEL D. KINKLEY P.S.
N. 4407 Division, Suite 914
Spokane Washington 99207
(509) 484-5611

Request for Production 26 and 27 request all documentation of any arrangement allowing Suttell and/or Midland Credit Management, Inc. ("MCMI") to collect on Midland Funding, LLC accounts. Particularly, the Plaintiff is seeking all documents allowing MCMI to control the collection of Midland Funding, LLC accounts. The Suttell attorneys have produced no written agreement with the entity whom they allege in Washington State Court is their "client", Midland Funding, LLC. Midland Funding, LLC is refusing to answer relevant discover in an attempt to distance itself from the Suttell attorneys (that claimed to be acting in its name) by claiming it had no knowledge and so none of the responsibility for the Suttell $650.00 (default) or $850.00 (summary judgment) alleged inflated attorney fee and no responsibility for the alleged filing of cases beyond the relevant statute of limitations.

Suttell claims that it was authorized to represent Midland Funding, LLC but Suttell produced only an agreement authorizing representation of MCMI sent to Suttell by Encore Capitol Group, Inc. ("Encore") (Ct. Rec. 125, [proposed filed under seal]).

Midland Funding, LLC stated it had a "servicing agreement" with MCMI, but first refused to produce it "prior to obtaining a protective order." (Ct. Rec. 104, p. 10, ln. 1-6). The protective order was entered on September 8, 2010. (Ct. Rec. 106). The "servicing agreement" has not been produced.

REPLY MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCOVERY - 4 -

MICHAEL D. KINKLEY P.S.
N. 4407 Division, Suite 914
Spokane Washington 99207
(509) 484-5611

Midland Funding, LLC has not produced the "certain procedures and internal evaluations to filter 'eligible' and 'not eligible' accounts prior to forwarding them on to Suttell & Associates (Ct. Rec. 104, p. 9, ln. 19-23).

C. The "Other Guy" Midland/Encore Defense
Plaintiff's Int. # 3, 5, 6 and 7, and RFP # 28, 29, 32-42

On October 13, 2010, Defendant Midland Funding, LLC (in response to Plaintiff's Motion to Compel) identified that Midland Funding, LLC is owned by Midland Portfolio Services, Inc., which is wholly owned by MCMI, which is wholly owned by Encore (Ct. Rec. 121). Encore files a joint 10-Q report with the Federal Trade Commission ("FTC") on behalf of all the Midland entities collectively self-defined as "The Company". (Ct. Rec. 128-1, p.6).

<u>Plaintiff's Int. 3, 5, 6 and 7, and RFP 28, 29 and 40</u> seek information about lawsuits Midland Funding, LLC filed in the state of Washington to collect debts. (Ct. Rec. 73-1). Midland Funding, LLC claims that the records are not in its possession, but only in the possession of MCMI, Suttell or the Courts. Midland Funding, LLC further argues that since it produced pages printed from the Washington Court's website responding to a query for "Midland Funding, LLC" cases, it has satisfied its duty to respond. Finally, Encore, "The Company" (including in the report Midland Funding, LLC and MCMI), claims it is a computer system based company and the "systems are the key to its business in the

REPLY MEMORANDUM IN
SUPPORT OF MOTION TO COMPEL
DISCOVERY - 5 -

MICHAEL D. KINKLEY P.S.
N. 4407 Division, Suite 914
Spokane Washington 99207
(509) 484-5611

10-Q filed with the FTC. (Ct. Rec. 128-1-2, p. 6). But, Midland Funding, LLC denies the ability to query the computer system to generate lists of alleged debts forwarded for litigation.

For instance, <u>Interrogatory # 6</u> (Answered by Midland Funding as Int. #7; Plaintiff's Int. # 7 was not answered) and <u>Request for Production # 28</u> request a list of lawsuits filed by Midland Funding, LLC to collect a debt identified as an "FCNB-Spiegel" in Midland Funding LLC's database. (Ct. Rec. 73-1, p. 10)[4]. Plaintiff is entitled to explore whether the statute of limitations has expired on all alleged debts where the original creditor is identified as "FCNB-Spiegel." FCNB Spiegel, Inc. filed bankruptcy and the Office of Comptroller of Commerce dissolved its wholly owned subsidiary, FCNB in the spring of 2003.

In *Johnson v. Midland Funding, LLC*, (pending, Northern District of Ohio, 1:05-cv-01094-SO) Midland Funding, LLC denied it could query its computer system. The *Johnson* Court allowed the plaintiff's computer expert to investigate Midland Funding's computer system to demonstrate a wide range of queries could be done. (Ct. Rec. 128-4-2, p. 27-32). The Plaintiff in this case is prepared to hire the same or similar expert if necessary.

---

[4] The Suttell Defendants were able to query their database and produce a list of the 264 "FCNB-Spiegel" cases Suttell filed, 263 on behalf of Midland Funding, LLC and one behalf of MCMI. (Cr. Rec. 127-5, p. 33-37).

REPLY MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCOVERY - 6 -

MICHAEL D. KINKLEY P.S.
N. 4407 Division, Suite 914
Spokane Washington 99207
(509) 484-5611

A party responding to requests for production must produce all things responsive to a request that are in the parties, possession, custody or control. Fed. R. Civ. P. 34(a)(1). Rule 34 requires party who is in fact in possession, custody or control of things identified in a request to produce them regardless of who owns the documents or how they came under the party's possession, custody or control. *In re Greenwood Air Crash*, 161 F.R.D. 387 (S.D.Ind.,1995).

Midland Funding, LLC argues that the lists of its accounts forwarded for litigation in Washington State are maintained by its parent corporation MCMI. Midland Funding, LLC, MCMI and Encore all share the same address, have the same employees, the same corporate governance, and interact seamlessly through sophisticated management software. (Ct. Rec. 128-1, p. 6); *see also Herkert v. MRC Receivables Corp.* 655 F.Supp.2d 870 (N.D.Ill.,2009); *Midland Funding LLC v. Brent*  644 F.Supp.2d 961, 965 (N.D.Ohio,2009).[5][6][7]

---

[5] Midland Funding, LLC produced bates one through eight (1-8) bearing a hyper text transfer protocol ("http") address of "phxwas03.internal.**mcmcg**.com" (emphasis added). The protocol mcmcg appears to be the address of MCMI server and information database. (Ct. Rec. 128-2, p. 9-14).

[6] Midland Funding, LLC bates number four through nine (4-9) bear the letterhead of MCMI (Ct. Rec. 128-2, p. 12-17).

[7] Midland Funding, LLC bates 10-13 bear the http address of www.youvegotclaims.com. (Ct. Rec. 128-2, p. 18-21). You've Got Claims

REPLY MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCOVERY - 7 -

MICHAEL D. KINKLEY P.S.
N. 4407 Division, Suite 914
Spokane Washington 99207
(509) 484-5611

Midland Funding, LLC operates as a department of its parent corporation MCMI rather than an independent company. Midland Funding, LLC should be required to produce a list of lawsuits *it* filed in the state of Washington and this information is relevant and necessary to the Plaintiff case.

The response to Requests for Production #32 - #42, Midland Funding, LLC claims the information is in the hands of a third party, which apparently is its parent corporation.

### D. Identification of Potential Class Members

Defendant Midland Funding, LLC represented that only 1,082 cases were filed in the relevant time period (Ct. Rec. 73-1, p.8). The Plaintiff requested that the Washington Courts (System Data Disseminator) run a statewide query for lawsuits filed by "Midland" during the putative class period. The query produced a list of approximately Nine Thousand cases, approximately Eight Thousand of which were Midland Funding, LLC. (Ct. Rec. 128, p. 2, ¶ 2). The Suttell Defendants identified approximately Two

---

("YGC") is the software intermediary between MCMI and the "nationwide network of attorneys specializing in collection matters" "The Company" contracts with. (Ct. Rec. 42-1, p. 42); (Describing Suttell's access to YGC); (Ct. Rec. 128-1, p. 7, note 7) (Describing how costs advanced to franchise attorneys are capitalized).

Hundred Sixty Five (265) cases it filed related to Spiegel accounts during the relevant class period, but these identify only cases in which a judgment was entered (instead of cases *filed* beyond the statute of limitations). (Ct. Rec. 128-5, 33-37). It apparently did so using the shared case management/database system with Midland.

The names and addresses of each of the class members, also including the "Spiegel" subclass, need to be identified using the "systems based" advantage Encore enjoys. Class member's addresses and contact information cannot be determined with a search of the Washington Court's case filing records. This information *may* be contained in some of the individual paper case files maintained by the various county courts, but would be extremely burdensome to obtain by traveling from county to county examining thousands of files. Midland Funding, LLC received each debtors address and contact information as part of the portfolios of debt it purchases as addresses and phone numbers are necessary to collect the alleged debts and serve lawsuits. The Plaintiff needs this information to provide adequate class notice.

E.   Midland Funding, LLC is a "debt collector" as Defined by the FDCPA and a "collection agency" as Defined by the WCAA.

Midland Funding, LLC argues it is not required to and does not maintain the requested records since it is not a "debt collector" or a "collection agency". 15

U.S.C. 1692a(6); RCW 19.16.100(2). Midland is a debt collector under the FDCPA, 15 USC § 1692a(6). *Herkert v. MRC Receivables Corp.* 655 F.Supp.2d 870 (N.D.Ill.,2009) (Midland holding companies that purchase charged-off debts are a "debt collector" under the FDCPA, even if not directly involved in collection activities at issue), *see also Midland Funding LLC v. Brent* 644 F.Supp.2d 961, 965 (N.D.Ohio,2009). The WCAA defines broadly defines a "collection agency" as:

> "(a) Any person directly or indirectly **engaged in soliciting claims for collection**, or collecting or attempting to collect claims owed or due or asserted to be owed or due another person;
> (b) Any person who directly or indirectly furnishes or attempts to furnish, sells, or offers to sell forms represented to be a **collection system** or scheme intended or calculated to be used to collect claims even though the forms direct the debtor to make payment to the creditor and **e**ven though the forms may be or are actually used by the creditor himself or herself in his or her own name."

RCW 19.16.100(2) (emphasis added).

Midland Funding, LLC meets both definitions. In its 10-Q, "The Company" describes itself "as **systems-driven purchaser and manager** of charged-off consumer receivables portfolios… The Company purchases portfolios of defaulted consumer receivables and manages them…" (Ct. Rec. 128-1, p. 6).

F.   Conclusion

The Plaintiff's Motion to Compel should be granted. Defendant Midland Funding, LLC should be required to produce its attorney fee agreements, servicing

REPLY MEMORANDUM IN
SUPPORT OF MOTION TO COMPEL
DISCOVERY - 10 -

MICHAEL D. KINKLEY P.S.
N. 4407 Division, Suite 914
Spokane Washington 99207
(509) 484-5611

agreements, list of lawsuits filed in Washington during the class period, detailed identification of the class members, a list of "FCNB-Spiegel" cases filed in Washington, its written procedures (specifically those related to determining the statute of limitations, FDCPA compliance, acquisition of debt portfolios, and determining "eligible" accounts for litigation) and all other information responsive to Plaintiff's requests.

Dated this the 18th day of October, 2010.

*Michael D. Kinkley, P.S.*

　　　*s/ Scott M. Kinkley*　　　　　
Scott M. Kinkley
Attorney for Plaintiff
WSBA # 42434
(509) 484-5611
skinkley@qwestoffice.net

REPLY MEMORANDUM IN
SUPPORT OF MOTION TO COMPEL
DISCOVERY - 11 -

MICHAEL D. KINKLEY P.S.
N. 4407 Division, Suite 914
Spokane Washington 99207
(509) 484-5611

CM/ECF CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of October, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

| | |
|---|---|
| Michael D. Kinkley | mkinkley@qwestoffice.net, pleadings@qwestoffice.net; |
| Scott M. Kinkley | skinkley@qwestoffice.net; |
| Kirk D. Miller | kmiller@millerlawspokane.com; |
| Carl Hueber | ceh@winstoncashatt.com; |
| John D. Munding | munding@crumb-munding.com |

*Michael D. Kinkley P.S.*

s/Scott M. Kinkley
Scott M. Kinkley
WSBA # 42434
Attorney for Plaintiff
4407 N. Division, Suite 914
Spokane, WA 99207
(509) 484-5611
skinkley@qwestoffice.net