1  JOHN D. MUNDING, WSBA 21734
2  CRUMB & MUNDING, P.S.
   The Davenport Tower
3  111 S. Post Street, PH 2290
   Spokane, WA  99201
4  (509) 624-6464

5

6  Attorneys for Defendant
7  MIDLAND FUNDING, LLC

8

9              UNITED STATES DISTRICT COURT

10        EASTERN DISTRICT OF WASHINGTON AT SPOKANE

11

12  KELLI GRAY, and all others similarly        **Case No. 2:09-cv-251-EFS**
    situated,
13
14          Plaintiffs,

15  v.

16  SUTTELL AND ASSOCIATES;               **APPLICATION AND MOTION FOR**
17  MIDLAND FUNDING, LLC; MARK T.         **EXPEDITED HEARING AND**
                                          **RULING REGARDING DISCOVERY**
    CASE, and JANE DOE CASE, husband      **ISSUES AND STAY OF DISCOVERY**
18  and wife, KAREN HAMMMER and           **PENDING RULING ON MOTION TO**
19  JOHN DOE HAMMER,                      **CONSOLIDATE CASES (DOCKET**
                                          **NO. 143)**
20          Defendants.

21

22

23

24

25

26

**CRUMB & MUNDING, P.S.**
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA  99201
(509) 624-6464
FAX (509) 624-6155

# I.

# **MOTION**

The defendant, Midland Funding, LLC, moves the Court in accordance with

Local Rule 37.1(e) for an expedited hearing and ruling to assist the parties with

resolution of discovery issues concerning the following 30(b)(6) dispositions and

related production requests:

- December 7, 2010 at 9:00 a.m. – Deposition of Designated Representative of Midland Credit Management, Inc.
- December 8, 2010 at 9:00 a.m. – Deposition of Designated Representative of Encore Capital Group, Inc.
- December 9, 2010 at 9:00 a.m. – Deposition of Designated Representative of Defendant Midland Funding, LLC.

Only Midland Funding, LLC is a party to this proceeding. Midland Credit

Management, Inc. and Encore Capitol Group, Inc. are not parties in this matter but

were later identified as defendants in the recently filed Lauber class action identified

below, after notice was given. As such, Midland Funding, LLC respectfully requests

that the Court stay the foregoing 30(b)(6) depositions pending hearing and ruling of

Plaintiff's pending Motion to Consolidate (Docket No. 143). This case captioned as

*Lauber, et al. v Encore Capitol Group, Inc., et al.*, United States District Court,

Eastern District of Washington, Case No. CV-05132-LRS ("Lauber").

**CRUMB & MUNDING, P.S.**
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA  99201
(509) 624-6464
FAX (509) 624-6155

## II.

## FACTS/PROCEDURAL HISTORY

On August 13, 2009, Plaintiff filed this class action against Defendant Midland Funding ("Midland Funding") and other parties alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq., ("FDCPA"), the Washington State Consumer Protection Act (RCW 19.86 et seq.) ("WCPA"), and the State of Washington Collection Agency Act, RCW 19.16, ("WCAA"). (Doc. No. 1). Recently, on November 10, 2010, the new class action, Lauber, was filed against Midland Funding and other parties, including Midland Credit Management, Inc. ("MCMI") and Encore Capitol Group, Inc. ("Encore") pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq., ("FDCPA"), the State of Washington Collection Agency Act, RCW 19.16, ("WCAA"), and the Washington State Consumer Protection Act (RCW 19.86 et seq.) ("WCPA"). (Case No. CV-05132-LRS).

Prior to the filing of the Lauber case, the defendant Midland Funding, LLC agreed to designate a 30(b)(6) representative to testify to areas of inquiry presented in Notice of 30(b)(6) deposition attached hereto as Appendix 'A'. However, one day prior to filing Lauber, plaintiffs issued new 30(b)(6) deposition notices on Midland, MCMI, and Encore to depose each company according to Federal Rule of Civil

**CRUMB & MUNDING, P.S.**
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA  99201
(509) 624-6464
FAX (509) 624-6155

Procedure 30(b)(6) and 45 on December 7, 8 and 9, 2010 (Appendix "B"). The next day, counsel for plaintiff in Gray moved to consolidate both class actions, alleging that the actions "involve common defendants, common questions of law and common questions of fact, each arising from the same systematic conduct of the same defendants." (Doc. 146, p. 2). It is evident in the broad scope of the 30(b)(6) notices that the plaintiff is seeking to conduct discovery in the Gray case to establish factual predicates for their contentions in the Lauber case. A comparison in the initial 30(b)(6) notices (Appendix "A") with 30(b)(6) notices of November 9, 2010, (Appendix "B") demonstrate categories of inquiry are clearly directed at advancing discovery in Lauber, not Gray. Gray is premised upon legal issues over collection agency licensing requirements and the statute of limitations applicable to credit card debt. In the interest of judicial economy, avoidance of undue burden on defendants named in both cases, and as required by Federal Rule of Civil Procedure 26(d) and (f), Midland Funding requests this Court to stay the aforesaid depositions pending the ruling on Plaintiff's Motion to Consolidate.

## III.

## LEGAL AUTHORITY

**A.     Depositions of Midland Funding, LLC, Midland Credit Management, Inc., and Encore Should be Stayed.**

**CRUMB & MUNDING, P.S.**
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA  99201
(509) 624-6464
FAX (509) 624-6155

Federal courts have broad authority pursuant to Federal Rule of Civil Procedure 26(c) to limit discovery as necessary to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). In recognition of this authority, the Supreme Court has directed that "judges should not hesitate to exercise appropriate control over the discovery process." *Herbert v. Lando*, 441 U.S. 153, 177 (1979).

Several factors the court should consider in a motion to stay are "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D.Cal.,1997). A court has full discretion to grant a stay "and it is appropriate when it serves the interests of judicial economy and efficiency." *Id.*

Here, the reasons for staying discovery are straightforward, contemplate compliance with the discovery rules, and are in the interest of judicial economy. Plaintiff has moved to consolidate the complaint filed on November 10, 2010, (Case No. CV-05132-LRS, "*Lauber* Action") with this action (Doc. No. 143). Plaintiff's Memorandum in Support points out that the new action "has not yet been served [and] no scheduling conference has been scheduled." (Doc. No. 146).

**CRUMB & MUNDING, P.S.**
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA  99201
(509) 624-6464
FAX (509) 624-6155

First, if the 30(b)(6) depositions are permitted to continue as scheduled, Plaintiff would obtain discovery as to the *Lauber* action before an action even exists and prior to the mandatory discovery conference required under Federal Rule of Civil Procedure 26(d). Plaintiff "may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." F.R.C.P. 26(d). Rule 26(f) sets forth that the parties must discuss and create a discovery plan before discovery of any kind is initiated. As pointed out by the court in *Mavrovich v. Vanderpool*,

> plaintiff is not entitled to discovery at this early stage in the proceedings. Fed.R.Civ.P. 26(d) provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." In this case, two dispositive motions are pending. The Court has not yet issued an Initial Order Regarding Planning and Scheduling. Such an order would require the parties to hold a Rule 26(f) meeting by a certain date. Because the parties have not held a Rule 26(f) meeting, plaintiff is not entitled to discovery at this time.

427 F.Supp.2d 1084, 1087 (D. Kan., 2006). Thus, if Plaintiff obtains the depositions prior to this Court's determination to consolidate, Plaintiff, and the plaintiffs in the *Lauber* action, would circumvent Rule 26's requirements and therefore violate the Rules of Civil Procedure.

Second, Plaintiff would not suffer any prejudice or harm if the depositions were delayed pending this Court's determination on the motion to consolidate. That motion is scheduled for December 20, 2010, without oral argument. (Doc. No. 144). Defendant Midland opposes consolidation as it believes that the two cases do not

APPLICATION AND MOTION FOR EXPEDITED HEARING
AND RULING REGARDING DISCOVERY ISSUES AND STAY
OF DISCOVERY PENDING RULING ON MOTION TO
CONSOLIDATE CASES (DOCKET NO. 143)   - 6

**CRUMB & MUNDING, P.S.**
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA  99201
(509) 624-6464
FAX (509) 624-6155

share common issues of fact or law. Regardless, the depositions of all named defendants in the Lauber case have been scheduled under the Gray caption, and are currently scheduled for December 7, 8 and 9, 2010, in San Diego, California. While the delay – and therefore any harm to Plaintiff in Gray – would be slight. However, the burden to the Defendant to engage in duplicative depositions and duplicative document production is certain, regardless of whether or not the cases are consolidated. To request Defendant and third parties – who are also defendants in the *Lauber* action – to appear and then likely be required to appear again as to the *Lauber* action would be equally unduly burdensome, costly, and inequitable to all defendants involved.

Finally, the scope of the complaint and relevant discovery will be distinct if the actions are not consolidated. However, based upon the scope of the noticed 30(b)(6) depositions, it is clear the Plaintiff in Gray is seeking discovery for Lauber. Although plaintiff alleges the two cases overlap (Docket No 146), they are presently two different District cases. However, plaintiff clearly seeks discovery in the Gray case to advance claims alleged in the Lauber case. At a minimum, it is the equivalent of two depositions of each defendant. Not only is this not cost effective, it is also in contravention of applicable discovery rules and prejudicial to defendants who have yet to appear in Lauber.

**CRUMB & MUNDING, P.S.**
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

**B.      Rule 37.1 Compliance.**

Counsel for defendant Midland has discussed the discovery matters with counsel for plaintiffs both by way of email communication and telephonic communication. As of the date of this pleading, plaintiffs have not agreed to continue the depositions and request this matter be decided by the Court.

## IV.

## RELIEF REQUESTED

Due to the upcoming scheduled deposition dates of December 7, 8 and 9, 2010, the defendant Midland Funding, LLC respectfully requests the Court rule on this matter pursuant to Local Rule 37.1(e) or in the alternative, set a brief telephonic hearing to address these issues on December 1, 2, or 3, 2010 at the Courts convenience.

WHEREFORE, Midland Funding respectfully requests the 30(b)(6) deposition be stayed pending ruling on plaintiffs Motion to Consolidate.

DATED this 30th day of November, 2010.

CRUMB & MUNDING, P.S.

*/s/ John D. Munding*

JOHN D. MUNDING, WSBA #21734
Attorneys for Defendant Midland Funding,
LLC

APPLICATION AND MOTION FOR EXPEDITED HEARING
AND RULING REGARDING DISCOVERY ISSUES AND STAY
OF DISCOVERY PENDING RULING ON MOTION TO
CONSOLIDATE CASES (DOCKET NO. 143)    - 8

**CRUMB & MUNDING, P.S.**
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA  99201
(509) 624-6464
FAX (509) 624-6155

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

**<u>CERTIFICATE OF SERVICE</u>**

I, Ashley Woods, the undersigned, hereby certify that on November 30, 2010, I electronically filed the foregoing Corporate Disclosure Statement with the Court using the Court's CM/ECF system, which will send notification of such filing to the following persons:

| | |
|---|---|
| MICHAEL D. KINKLEY | Kirk D Miller |
| Michael D. Kinkley, P.S. | Miller and Associates PS |
| 4407 North Division Street, Ste. 914 | 209 E Sprague Avenue |
| Spokane, WA 99201 | Spokane, WA 99202 |
| 509-484-5611 | 509-413-1494 |
| mkinkley@qwest.net | kmiller@millerlawspokane.com |

Carl Edward Hueber
Winston & Cashatt - SPO
601 W Riverside Avenue
Suite 1900
Spokane, WA 99201-0695
509-838-6131
ceh@winstoncashatt.com

Dated this 30th day of November, 2010.

*/s/ Ashley M. Woods*

ASHLEY M. WOODS

Midland\2010.048

CERTIFICATE OF SERVICE - 9

**CRUMB & MUNDING, P.S.**
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155