Michael D. Kinkley
Scott M. Kinkley
*Michael D. Kinkley, P.S.*
4407 N. Division, Suite 914
Spokane, WA 99207
(509) 484-5611

Kirk D. Miller
*Kirk D. Miller, P.S.*
211 E. Sprague Ave.
Spokane, WA 99202
(509) 413-1494

## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KELLI GRAY, and all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SUTTELL & ASSOCIATES, et. al.<br><br>Defendants. | Case No.: CV-09-251-EFS<br><br>REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL RESPONSE TO PLAINTIFF'S INTERROGATORIES AND REQUESTS FOR PRODUCTION |

During the hearing[1] on plaintiff's motion to compel discovery[2] the court

ordered Midland Funding to hand to Plaintiff's counsel, while in the courtroom-at

that moment-what is called the "Servicing Agreement". On November 22, 2010,

---

[1] November 17, 2010 (Ct. Rec.141) regarding Plaintiff's Motion to Compel filed August 10, 2010. Being produced during the hearing & marked "confidential" effectively denied the Plaintiff any opportunity to discuss the impact of this disclosure with the court.

[2] On June 15, 2010, Defendant Midland Funding, LLC was served with Plaintiff's Second Set of Interrogatories and Requests for Production which encompassed the request for this document.

REPLY MEMORANDUM IN
SUPPORT OF MOTION TO COMPEL
DISCOVERY - 1 -

Plaintiff filed a Motion to file the Servicing Agreement under seal pursuant to Protective/Confidentiality Order entered by this court is pending (request for expedited hearing was denied) (Plaintiff attached a copy of the Servicing Agreement to the Motion to Seal pursuant to ECF procedures and is available only to the court staff for review) (Ct. Rec. 152; 160).

The Servicing Agreement demonstrates that Midland Funding can and should produce other discovery that it has continued to refuse to produce (and argued to the court that it can not produce). A significant concern in this matter is where the money flowed to and who benefitted from the scheme, as well as how much was wrongfully collected. To this end, Plaintiff asked a series of questions about accounting and bank accounts that would identify the funds collected and follow the money. Midland Funding said it had no information. See e.g. Ct. Rec. 137, p. 2 ln. 19-22.

Specifically, Midland Funding stated it could not identify and list the bank accounts where portions of the alleged inflated attorney's fees were deposited (Ct. Rec. 73-1 p.8-9, Midland's answer to Interrog. #4 ("identify any bank account in which any portion of the $650.00 attorney fee was deposited"). Midland claimed that it does not have accounting or bank information, that the "interrogatory [4] seeks information in the possession of a third party who is not named as a defendant in this lawsuit". But, the Servicing Agreement on page 10, Article V

REPLY MEMORANDUM IN
SUPPORT OF MOTION TO COMPEL
DISCOVERY - 2 -

MICHAEL D. KINKLEY P.S.
N. 4407 Division, Suite 914
Spokane Washington 99207
(509) 484-5611

requires Midland Credit (the servicer and parent corporation of Midland Funding) to maintain the very records that Plaintiff is requesting. The Servicing Agreement on page 9 at §§ 4.1(c)& (d) requires the "servicer" to provide access to those books and records regarding every account the "servicer" is collecting.

The Servicing Agreement also indicates that Midland Funding, LLC is a shell corporation used to avoid state collection laws, with no employees, no ability to control lawsuits filed in its name, and even the fee charged for "servicing" is unilaterally set by the "servicer", Midland Credit Management, Inc. (which is also the sole owner of Midland Funding) (Servicing Agreement, p. 9, § 4.3 and Attachment A). The "servicer" makes all decisions related to collection and purchase of debts to collect (Attachment C to the Servicing Agreement).

Midland Funding, LLC's only excuse for failing to produce the "Servicing Agreement" prior to being ordered to during the hearing was that it would only do so under Court Order. This leaves Plaintiff in the awkward position of having information that contradicts Midland Funding's position regarding access to records especially bank records and the trail of the money they have collected but unable to properly use that information. Since the Servicing Agreement has been declared confidential by the defendants, to make it a part of the record requires (under the ECF rules) a Court Order allowing it to be filed under seal. This memorandum is filed in anticipation of that Order. Sections quoting the "Servicing

REPLY MEMORANDUM IN
SUPPORT OF MOTION TO COMPEL
DISCOVERY - 3 -

MICHAEL D. KINKLEY P.S.
N. 4407 Division, Suite 914
Spokane Washington 99207
(509) 484-5611

Agreement" or being more specific about particular statements will be submitted under a motion to file that portion of the memorandum under seal.

REDACTED. REMAINDER TO BE FILED UNDER SEAL IF SERVICING AGREEMENT IS ALLOWED TO BE FILED.

Dated this the 22nd day of December 2010.

*Michael D. Kinkley, P.S.*

s/ Scott M. Kinkley
s/ Michael D. Kinkley

Michael D. Kinkley
Attorney for Plaintiff
WSBA # 42434
(509) 484-5611
mkinkley@qwestoffice.net

REPLY MEMORANDUM IN
SUPPORT OF MOTION TO COMPEL
DISCOVERY - 4 -

MICHAEL D. KINKLEY P.S.
N. 4407 Division, Suite 914
Spokane Washington 99207
(509) 484-5611

1

CM/ECF CERTIFICATE OF SERVICE

2

I hereby certify that on the 22nd day of December, 2010, I electronically filed the

3

foregoing with the Clerk of the Court using the CM/ECF System which will send

4

notification of such filing to the following:

5

Michael D. Kinkley          mkinkley@qwestoffice.net, pleadings@qwestoffice.net;

6

Scott M. Kinkley            skinkley@qwestoffice.net;

7

Kirk D. Miller             kmiller@millerlawspokane.com;

8

Carl Hueber               ceh@winstoncashatt.com;

9

John D. Munding           munding@crumb-munding.com

10

11
                                        *Michael D. Kinkley P.S.*

12

13
                                   s/Scott M. Kinkley

14
                                      Scott M. Kinkley
                                      WSBA # 42434

15
                                      Attorney for Plaintiff
                                      4407 N. Division, Suite 914

16
                                      Spokane, WA 99207
                                      (509) 484-5611

17
                                      skinkley@qwestoffice.net

18

19

20

21

22

23

24

25

REPLY MEMORANDUM IN
SUPPORT OF MOTION TO COMPEL
DISCOVERY - 5 -