Michael D. Kinkley
Scott M. Kinkley
*Michael D. Kinkley, P.S.*
4407 N. Division, Suite 914
Spokane, WA 99207
(509) 484-5611
mkinkley@qwestoffice.net
skinkley@qwestoffice.net

Kirk D. Miller
*Kirk D. Miller, P.S.*
211 E. Sprague Ave.
Spokane, WA 99202
(509) 413-1494
kmiller@millerlawspokane.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KELLI GRAY, and all other similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>SUTTELL & ASSOCIATES, *et. al.*<br><br>　　　　　Defendants.<br>_____<br>EVA LAUBER, DANE SCOTT, SCOTT BOOLEN, JOEL FINCH and all other similarly situated,<br><br>　　　　　Plaintiffs<br><br>　　v.<br><br>ENCORE CAPITOL GROUP, INC. *et. al.*<br><br>　　　　　Defendants | Case No.: CV-09-251-EFS<br><br>LOCAL RULE 37.1(b) PREHEARING STATEMENT REGARDING PLAINTIFF'S MOTIONS TO COMPEL (Ct. Rec. 71) BY PLAINTIFF GRAY AGAINST DEFENDANT MIDLAND FUNDING |

LOCAL RULE 37.1(b)
SUPPLEMENTAL PREHEARING
STATEMENT RE: MIDLAND - 1 -

## I. MEETING OF COUNSEL

On January 11, 2011[1], from 3:30 p.m. to 6:00 p.m., Michael D. Kinkley, Scott M. Kinkley, and Kirk D. Miller, attorneys for the Plaintiff met in person with John D. Munding and Amy Gallegos (via telephone) attorneys for Defendant Midland Funding, LLC. The meeting followed a number of telephone and email conferences occurring following the Compel hearing. Other conferences per telephone and email have occurred on but not limited to January 12, January 14, and January 19, 2011. A number of issues were discussed and some resolved. The following is a status report:

> *(1) Net Worth Discovery. Plaintiff's First Set of Interrogatories and Requests for Production Interrogatories 1 & 2, and Requests for Production 1-25 served March 2, 2010)*

Midland Funding's position is that:

> "Midland Funding, Midland Credit, and Encore will stipulate to a combined net worth in excess of $50 million on or before February 16, 2011"

Plaintiff Gray's position is this is an acceptable solution to the net worth discovery since the discovery becomes moot once defendants will stipulate to a net worth that implicates the Five Hundred Thousand ($500,000.00) cap on statutory damages. 15

---

[1] This LR 37.1(b) is meant to supplement the LR 37.1(b) filed November 3, 2010, (Ct. Rec. 137) which details the pre-hearing, attempts to dissolve discovery issues.

LOCAL RULE 37.1(b)
SUPPLEMENTAL PREHEARING
STATEMENT RE: MIDLAND - 2 -

MICHAEL D. KINKLEY P.S.
N. 4407 Division, Suite 914
Spokane Washington 99207
(509) 484-5611

U.S.C. 1692k(a)(2)(B) (The FDCPA allows a maximum class statutory damages of up to 1% of a Defendants net worth or $500,000.00 whichever is greater).

Plaintiff's position is that this stipulation (which is accomplished because of the consolidation of the case to include Encore and Midland Credit), while appreciated is nearly ten months late. The discovery regarding net worth was served on Defendant Midland Funding on March 2, 2010. Defendant Midland Funding objected then refused to respond to each and every of Plaintiff's net worth discovery taking the position that such information was not relevant prior to class certification of a class. The Court specifically, explicitly (in bold) invited the parties to seek bifurcation at the scheduling conference if any party intended to so. Midland Funding did not choose to do so but unilaterally claimed a right to withhold information regarding FDCPA class statutory damages without seeking a protective order or bifurcation. (ct. rec. p.14, p.2, ln 3)(court order re bifurcation requests)

While now Moot, Plaintiff expended significant effort and resources to attempt to compel relevant information. Midland Funding only relented due to the change of circumstances of the consolidation.

> *(2) Identification of any Midland Funding bank accounts in which any part of the Suttell attorney's fees were deposited.*
> *Interrogatory 4 (Ct Rec. 73-1 p. 8, ln. 22 through p.9, ln.8)*

LOCAL RULE 37.1(b)
SUPPLEMENTAL PREHEARING
STATEMENT RE: MIDLAND - 3 -

MICHAEL D. KINKLEY P.S.
N. 4407 Division, Suite 914
Spokane Washington 99207
(509) 484-5611

The bank accounts have not been identified or produced. The collection accounts records have not been produced.

Midland Funding's position is that:

> "With respect to the request for bank account records, Midland Funding, LLC renews its prior objection and will await the Judge's ruling on this issue. They remain concerned over privilege, propriety information, and relevance."

Plaintiff recalls Defendant Midland Funding, LLC's position at the hearing on November 17, 2010, was that it hired Midland Credit Management ("MCM") to service its accounts, that it had no bank accounts of its own, and did not have access to the bank records of Midland Credit Management (its parent company). (Ct Rec. 121) (Midland's LR 7.1).

During the November 17, 2010 hearing, the Court forced Defendant Midland Funding to produce the alleged Midland Funding to Midland Credit Management "Servicing Agreement" dated December 15, 2006. The "Servicing Agreement" assigned accounts in default to MCM for collection. The "Servicing Agreement" requires MCM to keep accurate books and records which remain the property of the Midland Funding (Ct. Rec. 181, p. 8, 12, 13). MCM is also required to provide Midland Funding with reasonable access to Midland Funding's employees, books and records (Ct. Rec. 181, pp. 9). According to the servicing agreement, Midland Funding owns and has access to detailed accounting records

LOCAL RULE 37.1(b)
SUPPLEMENTAL PREHEARING
STATEMENT RE: MIDLAND - 4 -

MICHAEL D. KINKLEY P.S.
N. 4407 Division, Suite 914
Spokane Washington 99207
(509) 484-5611

of the "servicer". Midland Credit Management not only by contract but also law to make the records requested by the Plaintiff available to Midland Funding.

Midland Credit Management is a licensed "collection agency"[2] in the state of Washington, collecting for it's "client", Midland Funding, and is therefore is required by Washington law to maintain and make available the bank and accounting records requested by the Plaintiff. (ct. rec. 191-1); RCW 19.16.210[3]; (1) ("Every licensee required keeping and maintaining records…), RCW 19.16.230 (2) ("Every licensee shall keep a record of all sums collected by him or it and all disbursements made by him or it. All such records shall be kept at …business office listed on the licensee's license."); RCW 19.16.230 (3) ("Licensees shall maintain and preserve accounting records of collections and payments to customers for a period of four years from the date of the last entry thereon."); WAC 308-29-025 (detailed, explicit, specific requirements in rules promulgated by the Washington Collection Agency Board which regulates Collection agencies operating in Washington).

---

[2] As defined by RCW 19.16.100(2).

[3] RCW 19.16.210. "A licensee shall within thirty days after the close of each calendar month account in writing to his or its customers for all collections made during that calendar month and pay to his or its customers the net proceeds due and payable of all collections made during that calendar month …

LOCAL RULE 37.1(b)
SUPPLEMENTAL PREHEARING
STATEMENT RE: MIDLAND - 5 -

MICHAEL D. KINKLEY P.S.
N. 4407 Division, Suite 914
Spokane Washington 99207
(509) 484-5611

> (3) *Information about Midland Funding's procedures to determine the statute of limitations on alleged debts.* Interrogatory 9, 10 (Ct. Rec. 73-1 p. 11, ln. 14 through p. 12 ln. 18).

Defendant Midland Funding continues to refuse to answer based on relevancy. Plaintiff continues to request the court to compel responses.

Defendant Midland Funding's position is that:

> "Midland is not asserting a "mistake of law" bona fide error defense as to Gray's allegations that the UCC SOL applies to Plaintiff's debt. Accordingly, Midland's procedures concerning statute of limitations are not relevant to the Gray case."

Despite the above statement Midland Funding continues to refuse Plaintiff's request to withdraw the Bona Fide Error Affirmative defense (to the statute of limitations violation) plead in it answer.

Defendant Midland Funding, LLC raised the "bona fide error" defense in its Answer[4] to Plaintiff's Complaint stating "said violation was not intentional and resulted from a bona fide error that occurred notwithstanding the maintenance of procedures reasonably adopted to avoid such errors." (Ct. Rec. 9, Midland Funding Answer to the Complaint, p. 19, ln. 18-23), see 15 USC § 1692k(c). No written

---

[4] filed on October 16, 2009

LOCAL RULE 37.1(b)
SUPPLEMENTAL PREHEARING
STATEMENT RE: MIDLAND - 6 -

MICHAEL D. KINKLEY P.S.
N. 4407 Division, Suite 914
Spokane Washington 99207
(509) 484-5611

procedures or information relating to employees who defendant alleged performed the procedures have been produced. In addition, the Suttell defendants produced a table of Statute of Limitations which each claims as the "reasonable procedure" applied to avoid any statute of limitations error.

*(4) All documentation of any arrangement between Suttell and/or Midland Credit Management, Inc. and/or Midland Funding that allows Suttell to collect on Midland Funding accounts Request for Production 26 & 27 (Ct. Rec. 73-1 p. 12, ln. 23 through p. 14 ln. 2).*

*A. Authority of Suttell to Collect Midland Funding's alleged debt.*

Plaintiff's position is that the defendants should make clear if there are any other documents (other than (4) A. 1 & 2 below) upon which Suttell or Midland Funding will rely to claim Suttell has a right to represent Midland Funding in state court and charge a contingency fee; and to make clear that no other entity but Suttell, Midland Funding and MCM share in the monies collected from debtors. In other words, is this certified by defendants to be every document responsive to the above requests related to Suttell's representation and/or the sharing of funds collected from debtors?

*1. Midland Credit Management to Suttell & Associates, P.S., Attorney Collection Agreement.*

The Suttell defendants produced an agreement signed (by an Encore employee) between Midland Credit Management and Suttell (with a cover letter on Encore Inc. letterhead). Suttell 07839-07867. Midland Funding did not produce

LOCAL RULE 37.1(b)
SUPPLEMENTAL PREHEARING
STATEMENT RE: MIDLAND - 7 -

MICHAEL D. KINKLEY P.S.
N. 4407 Division, Suite 914
Spokane Washington 99207
(509) 484-5611

this same agreement despite the same request to Midland Funding. The agreement does not mention Midland Funding.

### 2. *Midland Funding to Midland Credit "Servicing" (assignment to collection agency) Agreement*

On November 17, 2010, during the Compel hearing, Midland Funding produced a copy of a (so-called) "Servicing Agreement" between Midland Credit Management and Midland Funding.

Other than the Midland Funding to MCM and the MCM to Suttell, the defendant has not produced any other document that relates to Suttell's right to collect debts on behalf of Midland Funding. (including the filing of lawsuits and the entry of judgments in Washington state courts) nor any other document related to any right Suttell claims to a contingency or other attorney fee. Defendants have not produced any other document indicating any entity other than MCM, Midland Funding has any right to collect in any funds collected form debtors in the name of Midland Funding.

*B. Authority of Midland Funding's to claim ownership of the Gray alleged debt.*

### 1. *Assignment/Purchase and Sale agreements of Debt Portfolios*

Defendant Midland produced document that apparently had been jumbled by transmission to local counsel. They appear to include certain purchase and sale/ assignments of debt and perhaps other information. *Designated Midland*

LOCAL RULE 37.1(b)
SUPPLEMENTAL PREHEARING
STATEMENT RE: MIDLAND - 8 -

MICHAEL D. KINKLEY P.S.
N. 4407 Division, Suite 914
Spokane Washington 99207
(509) 484-5611

*Supplemental Production 0-79*. Plaintiff expressed concern at 1) the condition of the records, 2) the redaction of portions without a claim of privilege and without a privilege log, 3) lack of recording keeping information e.g. who created records, where stored, how stored, how maintained, how came into possession of defendant Midland Funding, etc.

Midland Funding's position is that:

> "Midland Supplemental Production 0-79. This will be reviewed and responded to as outlined in your email. This should be done within 30 days."

The documents (identified as Midland Supp. 001-079) were heavily redacted and incomplete. Midland Funding, LLC has agreed to identify the origin of these disclosures and a privilege log prepared by February 18, 2011. This is acceptable to the Plaintiff.

   *2. "Spiegel Statements" or any other alleged Gray account records.*

   A similar concern was expressed by Plaintiff regarding to the serial production of alleged "Spiegal" billing statements over the course of the pendency of this proceeding and statements being produced by Midland Funding in state court (which Midland funding and Suttell are still attempting collection of the Gray alleged debt) that were not produced as a response to discovery in this court.

   Midland Funding's position is that:

> "Midland Funding, LLC believes it has produced all Speigal Statements. Midland Funding, LLC and Midland Credit Management, Inc. are

LOCAL RULE 37.1(b)
SUPPLEMENTAL PREHEARING
STATEMENT RE: MIDLAND - 9 -

MICHAEL D. KINKLEY P.S.
N. 4407 Division, Suite 914
Spokane Washington 99207
(509) 484-5611

conducting another comprehensive search of all departments and will make sure all records have been produced."

Plaintiff's position is that all alleged account records should be produced within thirty days, i.e. February 18, 2011.

> *(4) Lists of lawsuits and information about lawsuits filed in the state of Washington in the name of Midland Funding. Interrogatories 3, 5, 6, & 7 (Ct. Rec. 73-1 p. 7 ln. 19 through p. 8 ln. 21 and p. 9 ln. 15 through p. 11 ln. 2) and Requests for Production 28, 29, & 40 (Ct. Rec. 73-1 p. 14 ln. 3 through p. 15 ln. 5 and p. 21 ln. 4-16).*

Plaintiff's position is that defendants have not produced adequate or complete information and the databases have not been produced in electronic form (which is the manner stored by defendants). Some information has been produced or obtained form the state. Midland Funding's position is that:

> "With respect to the Midland Funding lawsuits filed in Washington, both Midland Credit Management, Inc. and Midland Funding, LLC re-state that they do not have this information, nor the ability to produce such detailed information. Suttell's records are the best source for this information."

Midland Funding claims it does not have access to these records that according to the "servicing agreement" not only does have access but owns. The Suttell Defendants have produced several lists of lawsuits it filed on behalf of Midland Funding, LLC including a list of lawsuits alleging the original creditor to be "FCNB- Spiegel".

LOCAL RULE 37.1(b)
SUPPLEMENTAL PREHEARING
STATEMENT RE: MIDLAND - 10 -

MICHAEL D. KINKLEY P.S.
N. 4407 Division, Suite 914
Spokane Washington 99207
(509) 484-5611

However, the lists produced by Suttell do not list cases where a judgment was not entered, if the judgment has been paid and satisfied. The Suttell lists also fail to provide address or phone numbers for each collection action defendant. The Plaintiff obtained a list of all cases filed by "Midland"[5] in the state of Washington from the Washington Administrative Office of the Courts. This database may be searched by party name. However, the list does not identify FCNB-Spiegel cases or provide address or phone numbers for the defendants of the collection action. Midland Funding, LLC asserts it does not have access to this detailed information within its own records.

Dated this the 19th day of January, 2011.

*Michael D. Kinkley, P.S.*

s/ Scott M. Kinkley
Scott M. Kinkley
Attorney for Plaintiff
WSBA # 42434

---

[5] Query used, listed alphabetically by full name of the party.

LOCAL RULE 37.1(b)
SUPPLEMENTAL PREHEARING
STATEMENT RE: MIDLAND - 11 -

MICHAEL D. KINKLEY P.S.
N. 4407 Division, Suite 914
Spokane Washington 99207
(509) 484-5611

# CM/ECF CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of January, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

| | |
|---|---|
| Michael D. Kinkley | mkinkley@qwestoffice.net, pleadings@qwestoffice.net; pwittry@qwestoffice.net; |
| Scott M. Kinkley | skinkley@qwestoffice.net; |
| Kirk D. Miller | kmiller@millerlawspokane.com; |
| Carl Hueber | ceh@winstoncashatt.com; crh@winstoncashatt.com; |
| John D. Munding | munding@crumb-munding.com; Ashley@crumb-munding.com; |
| Theodore Seitz | tseitz@dykema.com; |
| Bradley Fisher | bradfisher@dwt.com |
| Amy Gallegos | amgallegos@hhlaw.com |
| Richard Stone | richard.stone@hoganlovells.com |

*Michael D. Kinkley P.S.*

s/Scott M. Kinkley
s/Michael D. Kinkley
   Scott M. Kinkley
   WSBA # 42434
   Michael D. Kinkley
   WSBA 11624
   Attorneys for Plaintiffs
   4407 N. Division, Suite 914
   Spokane, WA 99207
   (509) 484-5611
   skinkley@qwestoffice.net

LOCAL RULE 37.1(b)
SUPPLEMENTAL PREHEARING
STATEMENT RE: MIDLAND - 12 -

MICHAEL D. KINKLEY P.S.
N. 4407 Division, Suite 914
Spokane Washington 99207
(509) 484-5611