JOHN D. MUNDING
CRUMB & MUNDING, P.S.
The Davenport Tower
111 S. Post Street, PH 2290
Spokane, WA 99201
(509) 624-6464

RICHARD L. STONE (*pro hac vice pending*)
AMY M. GALLEGOS (*pro hac vice pending*)
HOGAN LOVELLS US LLP
1999 Avenue of the Stars, No. 1400
Los Angeles, CA 90067
(310) 785-4600

Attorneys for Defendants Encore Capital Group, Inc., Midland Funding, LLC, and Midland Credit Management, Inc.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON AT SPOKANE

| | |
|---|---|
| EVA LAUBER, DANE SCOTT, SCOTT BOOLEN, JOEL FINCH and all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ENCORE CAPITOL GROUP INC; MIDLAND FUNDING, LLC; MIDLAND CREDIT MANAGEMENT, INC.; SUTTELL & HAMMER, P.S.; MARK T. CASE and JANE DOE CASE, husband and wife; MALISA L. GURULE, and JOHN | Case No. CV-09-251-EFS (CONSOLIDATED CASE)<br><br>**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OF DEFENDANTS ENCORE CAPITAL GROUP INC., MIDLAND FUNDING LLC, AND MIDLAND CREDIT MANAGEMENT, INC.**<br><br>F.R.C.P. 12(b)(6) |

DOE GURULE; KAREN HAMMER and
ISAAC HAMMER, wife and
husband; WILLIAM SUTTELL and
JANE DOE SUTTELL, husband and
wife;

                Defendants.

## I. INTRODUCTION

By this motion, Defendants Encore Capital Group, Midland Funding LLC ("Midland Funding"), and Midland Capital Management, Inc. respectfully request that the Court dismiss Plaintiffs' claim for relief under the Washington Consumer Protection Act ("WCPA"). Unlike Plaintiffs' Fair Debt Collection Act ("FDCPA") claim, Plaintiffs' WCPA claim is not based on the alleged filing of false affidavits in debt collection lawsuits. Instead, Plaintiffs assert that they are entitled to treble damages (as well as injunctive and declaratory relief) pursuant to the WCPA because Defendants allegedly violated Washington debt collection laws by failing to comply with licensing and registration requirements, failing to give certain statutorily-required notices, and collecting amounts greater than those allowed by law.

Only Plaintiffs who can plead and prove a cognizable "injury to business or property" may bring a WCPA claim.[1] Plaintiffs have not done so here: the only injury identified in the complaint is that one of the four named plaintiffs – Eva Lauber – purportedly incurred certain minor costs, such as "car mileage" and "used vacation time," when she defended the debt collection lawsuit that Midland Funding filed against her. This is not sufficient. Washington courts have consistently held that where, as here, a plaintiff asserts a WCPA claim based on a defendant's debt collection activities, the costs of defending a routine collection lawsuit do <u>not</u> amount to a compensable "injury to business or property" under the WCPA.[2] Accordingly, Plaintiffs have failed to plead a necessary element of a WCPA claim, and their WCPA claim must be dismissed.

## II. FACTS ALLEGED IN THE COMPLAINT

The Plaintiffs in this case failed to pay their debts and were sued by Midland in Washington state court. Although Plaintiffs do not deny that they owed – and defaulted on – the debts in question, they contend that Midland violated the FDCPA

---

[1] RCW 19.86.090 ("Any person who is injured in his or her business or property" by a violation of the WCPA may bring an action in superior court); *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash. 2d 778, 719 P.2d 531, 534 (1986) (a private WCPA claim "requires a showing that plaintiff was injured in his or her 'business or property.'").

[2] *See, e.g., Sign-O-Lite Signs, Inc.*, 64 Wash. App. 553, 825 P.2d 714, 720 (1992); *Demopolis v. Galvin*, 57 Wash. App. 47, 786 P.2d 804, 809 (1990).

by filing affidavits with the court in which the affiant had no personal knowledge of the facts and records relating to the Plaintiffs' debts. *See* Complaint ("Cplt."), ¶¶ 7.1-10.74.

In addition to their FDCPA claim, Plaintiffs also attempt to plead a violation of the WCPA. Cplt., ¶¶ 13.1-13.31. The WCPA claim has nothing to do with the allegedly misleading affidavits. Instead, Plaintiffs allege that Midland violated the Washington Collection Agency Act ("WCAA"), and that these violations amount to a *per se* violation of the WCPA. Specifically, Plaintiffs allege that Midland (1) failed to obtain proper licenses; (2) filed lawsuits without being a valid Washington corporation or qualified foreign corporation; (3) failed to give certain statutorily-required notices in debt-collection communications; and (4) misrepresented amounts due and attempted to collect amounts in excess of those allowed by law. Cplt., ¶¶ 12.1-12.12.

Three of the four named Plaintiffs claim <u>no</u> injury arising from these alleged violations. The only Plaintiff who even attempts to claim damages is Eva Lauber. Specifically, the complaint alleges:

> Plaintiff Eva Lauber suffered an injury to property as a result of the Defendants' collection efforts, including but not limited to, mileage to

court to file pleadings, attend the January 15, 2010 and August 18, 2010 hearings, used vacation time for time off work to attend hearings, postage, and cell phone time.

Cplt., ¶ 13.2.

Pursuant to the WCPA, Plaintiffs demand treble damages, as well as declaratory and injunctive relief. *Id.*, ¶¶ 15.6, 15.7, 15.9.

## III. PLAINTIFFS' WCPA CLAIM MUST BE DISMISSED BECAUSE PLAINTIFFS HAVE FAILED TO PLEAD AN INJURY TO BUSINESS OR PROPERTY

### A. Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the pleadings. *Navarro v. Block,* 250 F.3d 729, 732 (9th Cir. 2001). The motion must be granted if "when construed in the light most favorable to plaintiff, [the complaint] fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes,* 181 F.R.D. 629, 634 (S.D. Cal. 1998). Moreover, "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal,* -- U.S. --, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). Although "detailed factual allegations" are

not required, the rules "demand more than an unadorned the-defendant-unlawfully-harmed-me' accusation." *Id.*

### B. Plaintiffs' Claim That She Was Injured By Having To Defend A Routine Collection Action Is Not A Cognizable Injury To Business Or Property

Plaintiffs' WCPA claim must be dismissed because an injury to "business or property" is a required element of a WCPA claim, and Plaintiffs have failed to allege one. A private WCPA claim "requires a showing that plaintiff was injured in his or her 'business or property.'" *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.,* 105 Wash. 2d 778, 719 P.2d 531, 534 (1986); *see also Steele v. Extendicare Health Services, Inc.,* 607 F. Supp. 2d 1226, 1231 (W.D. Wash. 2009) ("a plaintiff must prove, as an independent element of a CPA claim, 'injury to plaintiff in his or business or property.'") (quoting *Hangman Ridge,* 719 P.2d at 535); *see also* RCW 19.86.090 ("Any person who is injured in his or her business or property" by a violation of the WCPA may bring an action in superior court.).

As the Washington Supreme Court recently explained: "The legislature's use of the phrase 'business or property' in the [W]CPA is restrictive of other categories of injury and is used in the ordinary sense to denote a commercial venture or enterprise." *Ambach v. French, M.D.,* 167 Wash. 2d 167, 172, 216 P.3d 405 (2009). Damage to

business reputation or losses from being unable to attend to a business establishment, for example, fall into this category. *Id.* at 173. Personal injuries do not. *Id.*

In cases – like this one – where the WCPA claim is based on debt collection activities, Washington courts have consistently held that costs incurred in having to defend a routine collection action are <u>not</u> injury to business or property. *See Sign-O-Lite Signs, Inc.*, 64 Wash. App. 553, 825 P.2d 714, 720 (1992) (reversing award of treble damages under WCPA, where Plaintiff claimed injury based on incurring attorneys' fees for defending collection action, and holding that Plaintiff's "mere involvement in having to defend against Sign's collection action and having to prosecute a CPA counterclaim is insufficient to show injury to her business or property . . . ."); *Demopolis v. Galvin,* 57 Wash. App. 47, 786 P.2d 804, 809 (1990) ("Demopolis' CPA claims are based upon his alleged injury resulting from having had to bring suit to protect against Lenders' foreclosure action. This alleged injury is insufficient to satisfy the injury element of a private CPA claim."); *Steele,* 607 F. Supp. 2d at 1231 (noting that "having to defend against a collection action and prosecute a CPA claim is not sufficient injury" to establish a WCPA claim) (quoting *Sign-O-Lite*, 64 Wash. App. at 564).

Here, the only Plaintiff who has pled any injury whatsoever as a result of Midland's alleged WCPA violation is Eva Lauber, and her purported "injury" consists

solely of minor costs incurred defending the collection lawsuit Midland filed against her, such as mileage, used vacation time, postage, and cell phone time. Cplt., ¶ 13.2. These are precisely the type of costs associated with defending a routine collection action that are <u>not</u> compensable under the WCPA. *See Sign-O-Lite*, 64 Wash. App. 564; *Demopolis v. Galvin,* 57 Wash. App. 47. Indeed, as the Court noted in *Sign-O-Lite,* "to hold otherwise would be to invite defendants in most, if not all, routine collection actions to allege CPA violations as counterclaims." *Sign-O-Lite*, 64 Wash. App. 564. Accordingly, Plaintiffs' WCPA claim must be dismissed, along with their demands for treble damages under the WCPA, and their demands for declaratory and injunctive relief.[3]

---

[3] Declaratory and injunctive relief are not available on Plaintiffs' remaining FDCPA and WCAA claims. *See Durham v. Continental Credit, et. al.*, 2010 WL 2776088, *8 (S.D. Cal. 2010) ("The courts that have specifically addressed whether [injunctive and declaratory] relief is available to private plaintiffs in FDCPA actions uniformly hold that the FDCPA does not authorize such relief."); *Connelly v. Puget Sound Collections, Inc.*, 16 Wash. App. 62, 553 P.2d 1354 (1976) (only the Attorney General can bring an action to restrain a violation of the WCAA).

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss Plaintiffs' WCPA claim.

DATED this 24th day of January, 2011.

                        CRUMB & MUNDING, P.S

                        JOHN D. MUNDING, WSBA 21734
                        Attorneys for Defendants

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

## CERTIFICATE OF SERVICE

I, Ashley Woods, the undersigned, hereby certify that on January 24, 2011, I electronically filed the foregoing Memorandum with the Court using the Court's CM/ECF system, which will send notification of such filing to the following persons:

Carl Edward Hueber
ceh@winstoncashatt.com,
crh@winstoncashatt.com

Kirk D Miller
kmiller@millerlawspokane.com

Michael David Kinkley
mkinkley@qwestoffice.net,
pleadings@qwestoffice.net,
pwittry@qwestoffice.net

Bradley L Fisher
bradfisher@dwt.com,
barbaramcadams@dwt.com,
seadocket@dwt.com

Theodore W Seitz
ftseitz@dykema.com

Scott M Kinkley
skinkley@qwestoffice.net

Dated this 24th day of January, 2011.

_____
ASHLEY M. WOODS

CERTIFICATE OF SERVICE

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155