Michael D. Kinkley
Scott M. Kinkley
*Michael D. Kinkley, P.S.*
4407 N. Division, Suite 914
Spokane, WA 99207
(509) 484-5611
mkinkley@qwestoffice.net
skinkley@qwestoffice.net

Kirk D. Miller
*Kirk D. Miller, P.S.*
211 E. Sprague Ave.
Spokane, WA 99202
(509) 413-1494
kmiller@millerlawspokane.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KELLI GRAY, and all other similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　　　　v.<br><br>SUTTELL & ASSOCIATES, *et. al.*<br><br>　　　　　Defendants.<br>_____<br>EVA LAUBER, DANE SCOTT, SCOTT BOOLEN, JOEL FINCH and all other similarly situated,<br><br>　　　　　Plaintiffs<br><br>　　　　　v.<br><br>ENCORE CAPITOL GROUP, INC. *et. al.*<br><br>　　　　　Defendants | Case No.: CV-09-251-EFS<br><br>MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS PURSUANT TO PLAINTIFFS' THIRD, FOURTH, AND FIFTH SET OF REQUESTS FOR PRODUCTION |

I.    Summary of Requests/Motion

Plaintiff is requesting that the court Order the Suttell defendants to produce:

A.    <u>JST Notes related to Attorney fee affidavits, RFP 38, 39, 40 (Ct. Rec. 218)</u>, the JST Notes that correspond to the seven Layman affidavits of attorney fees produced by the Suttell Defendants (Ct. Rec. 156-1) and the JST notes for a Karen Hammer Affidavit for fees that Plaintiffs were able to locate (Ct. Rec. 140-2). Plaintiffs need the JST notes to evaluate the claims of time spent made in those affidavits.

B.    <u>JST Notes related to Spiegel Statute of Limitations, RFP 41 (Ct. Rec. 218-5).</u> JST notes for the Spiegel cases identified by the defendants (approximately 265) (which would show dates of last payment and dates of filing lawsuit according to defendants' records). The JST notes include information which Defendant claims show date of last payment and show the date the case was filed. This information is need for a statute of limitations analysis.

C.    <u>Detailed Declarations of Attorney Fees filed by Suttell Defendants in Washington courts, Interrogatory 13, RFP 7, RFP 23.</u> Defendants only produced seven declarations, all from Patrick Layman. Plaintiffs located an additional detailed declaration of Karen Hammer in the court files. Defendants continue to refer to these affidavits as part of their "historical analysis" of the amount of the fee they unilaterally determined was "fair" (as opposed to "reasonable").

MEMORANDUM ON SUPPORT OF
MOTION TO COMPEL 3rd, 4th, & 5th
REQUESTS FOR PRODUCTION - 2 -

MICHAEL D. KINKLEY P.S.
N. 4407 Division, Suite 914
Spokane Washington 99207
(509) 484-5611

II. JST Collectors' Notes Related to Suttell Attorney Fee Declarations
(RFP 38, 39 & 40)

Defendant Suttell & Hammer, P.S. uses the JST software to manage its collection system. (Ct. Rec. 140-1, p.10, ln. 21). The JST software creates a date and time stamped log of events related to each collection case which detail all the preparation of documents and actions in the case (except for the attorneys). *See* (Ct. Rec. 139-3, *Kelli Gray JST Notes*).

The Plaintiffs' Third (RFP # 38 & 39), Fourth (RFP # 40)[1] and Fifth (RFP # 41) set of requests for production are JST notes related to the few collection cases in which Suttell filed detailed declarations for attorney's fees (seven for Layman (Ct. Rec. 156-1), one for Karen Hammer (Ct. Rec. 140-2)). The Plaintiffs intend to compare the time stamped JST notes with the detailed attorney fee declarations. Defendant Suttell & Hammer, P.S. refuses to produce the times stamped JST notes.

On November 8, 2010, Plaintiff served Defendant Suttell & Hammer, P.S. with the Third Set of Requests for Production (RFP #'s 38 & 39). (Ct. Rec. 218-1, p.6). The Suttell Defendants response was due on December 8, 2010 and the Defendant did not timely respond or object. (Ct. Rec. 218, p.2). *See Burlington*

---

[1] The Defendant did not preserve the Plaintiffs' consecutive RFP numbering system in its responses. Requests for Production 40 and 41 are both incorrectly numbered 38 in the Defendant's Responses.

MEMORANDUM ON SUPPORT OF
MOTION TO COMPEL 3rd, 4th, & 5th
REQUESTS FOR PRODUCTION - 3 -

MICHAEL D. KINKLEY P.S.
N. 4407 Division, Suite 914
Spokane Washington 99207
(509) 484-5611

*Northern & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*, 408 F.3d 1142, 1149 -1150 (2005) (waiver of objections). On February 3, 2011, Defendant Suttell & Hammer, P.S. promised to respond to the RFP by February 7, 2011.

On February 7, 2011, the Suttell Defendants served Plaintiffs with its response but refused to produce anything, instead making the same objections rejected by the court in its February 4, 2011 Order. (Ct. Rec. 205, *Order*; Ct. Rec. 218-2, 4 & 6, *Discovery Response*).

Since June 10, 2010, the Plaintiff has been requesting that Defendant Suttell & Hammer, P.S. produce time records or explanation of how it arrived at its claims for fees and any "procedures reasonably designed to avoid any such error." 15 USC § 1692k(c). On September 7, 2011 Defendant Suttell & Hammer, P.S. responded that it does not keep contemporaneous time records, but requests attorney's fees based on a "historical analysis." (Ct. Rec. 218, p.61, ln. 14, *RFP # 7*; p. 69, ln. 9-15, *RFP # 23*).

On February 7, 2011, Defendant produced a narrative of the memories of William Suttell and Karen Hammer as its "historical analysis" and stated that there is no actual evidence of any "historical analysis." (Ct. Rec. 212-1, p. 6). The narrative "historical analysis" claims that Suttell determined that based on "the average amount of time it would take to accomplish various tasks." (Ct. Rec. 212-

MEMORANDUM ON SUPPORT OF
MOTION TO COMPEL 3rd, 4th, & 5th
REQUESTS FOR PRODUCTION - 4 -

MICHAEL D. KINKLEY P.S.
N. 4407 Division, Suite 914
Spokane Washington 99207
(509) 484-5611

1, p. 6, ln. 7-8). No information beyond the belief of Mr. William Suttell is offered to support what the "average time" of "various tasks" may be.

The JST collector's notes show at least what time the non-lawyers (who performed almost all of the tasks) spent. (Ct. Rec. 139-3, *Kelli Gray JST Notes*). The so-called historical analysis also argues that a factor was that on the rare occasion that a fee declaration was produced, courts did not object so the fee must be fair. The JST collector's notes matching these declarations will show the actual time spent by non-lawyer employees.

III.   <u>JST Notes related to Spiegel Statute of Limitations, RFP 41,</u>  JST notes for the Spiegel cases identified by the defendants

RFP 41 requests production of the JST notes for each of the Spiegel cases identified by the Defendant. (Ct. Rec. 218-5, p. 44). Defendant Suttell & Hammer did not timely respond or object to RFP 41 (due December 29, 2010). (Ct. Rec. 218, p. 3, ln. 6-18). On February 3, 2011, Defendant agreed to respond no later that February 7, 2011. On February 7, 2011, Defendant responded with the same objections rejected by the court in its February 4, 2011 Order, and produced nothing (Ct. Rec. 218-6, p. 52).

The JST software states the alleged date of last payment and the date that Suttell served and filed the state court lawsuits. *See* (Ct. Rec. 139-3, *Kelli Gray JST Notes*). With this information the Plaintiff will be able to determine the alleged

MEMORANDUM ON SUPPORT OF
MOTION TO COMPEL 3rd, 4th, & 5th
REQUESTS FOR PRODUCTION - 5 -

MICHAEL D. KINKLEY P.S.
N. 4407 Division, Suite 914
Spokane Washington 99207
(509) 484-5611

date the statute of limitation began to run (date of last payment) and the date the lawsuit was filed for each Spiegel case. This information directly relates to Plaintiff's UCC-2 four year statute of limitation class allegations.

RFP 41 also relates to the attorney fee issue. The Spiegel JST notes will show also the actual time spent by non-lawyer employees performing "various tasks" and provide a sufficient sample size to determine what the "average time" performing those tasks may be.

IV. <u>Suttell declarations of Attorney Fees, Interrogatory 13, RFP 7, RFP 23,</u>

On June 10, 2010, Plaintiff Gray served the Second Set of Interrogatories and Requests for Production requesting:

INTERROGATORY NO. 13. Please list all cases in which an affidavit of attorney fees that details date, time spent, service (description) was specifically listed in detail and provide: the name of the parties, address of the defendant, phone number of the defendant, the jurisdiction (which court), the case name, the case number, the disposition, the amount of any judgment obtained, the amount of any judgment paid, the Suttell account or file number, the identity of the original creditor.

(Ct. Rec. 140-1, p. 9, ln. 1-5).

REQUEST FOR PRODUCTION #7. Please produce all documents that relate to contemporaneous attorney time keeping, time keeping, determination of time spent, or billing records, fee agreement, related to all persons against whom Suttell claimed an attorney fee of Six Hundred and Fifty Dollars ($650.00) at or before a motion for default was filed together with all documentation regarding when the record was created and by whom in a Court of the State of Washington from August 12, 2005 to the present, in a lawsuit to collect a debt.

(Ct. Rec. 218-7, p. 61, ln. 1-5).

MEMORANDUM ON SUPPORT OF
MOTION TO COMPEL 3rd, 4th, & 5th
REQUESTS FOR PRODUCTION - 6 -

MICHAEL D. KINKLEY P.S.
N. 4407 Division, Suite 914
Spokane Washington 99207
(509) 484-5611

1  REQUEST FOR PRODUCTION #23. Please produce all documentation relied on to determine and/or set the attorney fee rate customarily charged in a locality in which an attorney of Suttell has requested an attorney fee from August 12, 2005 to the present.

(Ct. Rec. 218-7, p. 69, ln. 6-8)

On September 7, 2011, Suttell & Associates, P.S. responded by citing the "historical analysis" and producing seven detailed attorney fee declarations signed by Patrick Layman. (Ct. Rec. 140-1, p. 9, ln. 1-5; Ct. Rec. 218-7, p. 69, ln. 6-8). The response was incomplete.

On November 20, 2008, Karen Hammer filed a detailed attorney fee declaration in *Midland Funding, LLC v. Eric M. Winn*, King County Superior Court Case No.: 08-2-39359-SEA. (Ct. Rec. 140-2). The Karen Hammer declaration was not produced by the Defendants. The declaration was discovered by the Plaintiff while reviewing randomly selected court files. The Plaintiff requests the Court order the Defendant to produce *all* of the detailed time declarations of the Suttell attorney's.

Dated this the 11th day of February, 2011

*Michael D. Kinkley, P.S.*

  /s Scott M. Kinkley
Scott M. Kinkley
Attorney for Plaintiff
WSBA # 42434
(509) 484-5611
skinkley@qwestoffice.net

MEMORANDUM ON SUPPORT OF
MOTION TO COMPEL 3rd, 4th, & 5th
REQUESTS FOR PRODUCTION - 7 -

MICHAEL D. KINKLEY P.S.
N. 4407 Division, Suite 914
Spokane Washington 99207
(509) 484-5611

CM/ECF CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of February, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

| | |
|---|---|
| Michael D. Kinkley | mkinkley@qwestoffice.net, pleadings@qwestoffice.net; pwittry@qwestoffice.net; |
| Scott M. Kinkley | skinkley@qwestoffice.net; |
| Kirk D. Miller | kmiller@millerlawspokane.com; |
| Carl Hueber | ceh@winstoncashatt.com; crh@winstoncashatt.com; |
| John D. Munding | munding@crumb-munding.com; Ashley@crumb-munding.com; |
| Theodore Seitz | tseitz@dykema.com; |
| Bradley Fisher | bradfisher@dwt.com |
| Amy Gallegos | amgallegos@hhlaw.com |
| Richard Stone | richard.stone@hoganlovells.com |

*Michael D. Kinkley P.S.*

s/Scott M. Kinkley
Scott M. Kinkley
WSBA # 42434
Attorney for Plaintiffs
4407 N. Division, Suite 914
Spokane, WA 99207
(509) 484-5611
skinkley@qwestoffice.net