Michael D. Kinkley
Scott M. Kinkley
*Michael D. Kinkley, P.S.*
4407 N. Division, Suite 914
Spokane, WA 99207
(509) 484-5611
mkinkley@qwestoffice.net
skinkley@qwestoffice.net

Kirk D. Miller
*Kirk D. Miller, P.S.*
211 E. Sprague Ave.
Spokane, WA 99202
(509) 413-1494
kmiller@millerlawspokane.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

KELLI GRAY, and all other similarly situated,

        Plaintiffs,

        v.

SUTTELL & ASSOCIATES, *et. al.*

        Defendants.
_____

EVA LAUBER, DANE SCOTT, SCOTT BOOLEN, JOEL FINCH and all other similarly situated,

        Plaintiffs

        v.

ENCORE CAPITOL GROUP, INC. *et. al.*

        Defendants
_____

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: CV-09-251-EFS

MEMORANDUM IN RESPONSE TO DEFENDANTS ENCORE CAPITOL GROUP, INC., MIDLAND CREDIT MANAGEMENT,  INC., and MIDLAND FUNDING, LLC MOTION TO DISMISS PLAINTIFFS' WASHINGTON CONSUMER PROTECTION ACT CLAIMS

(ORAL ARGRUMENT REQUESTED)
(DATE PENDING)

MEMO IN RESPONSE TO MOTION TO DISMISS - 1 –

# I. INTRODUCTION

The Encore Defendants have requested that the court dismiss Plaintiffs' Washington State Consumer Protection Act Claim, RCW § 19.86 *et. seq.* ("WCPA") against the Encore Defendants pursuant to Fed R. Civ. Pro. 12(b)(6) based on the Encore defendants' assertion that the complaint did not sufficiently identify the factual basis for the "injury to property" element of the Washington State Consumer Protection Act (WCPA).

Plaintiffs have requested leave to amend the Complaints in the consolidated cases to make clear that Plaintiff Dane Scott was deprived of money paid to the defendants taken from his paychecks by garnishments caused by the violations alleged in the Complaint[1].

Plaintiffs have also moved to amend the complaint to add Ruby J. Marcy, and Marla J. Herbert[2] both of whom are Spokane County residents that have suffered the same violations and have been deprived of money through garnishments (Marcy-$1235.79; Herbert-more than $2500.00) based upon the unfair and deceptive form 400 affidavit of Judy Richter signed without personal

---

[1] And to clarify the effect of consolidation, to eliminate any awkwardness created by the consolidation of two closely related complaints with overlapping parties, to make clear the claims against each defendant, and the time period of each claim, and to identify which claims the Plaintiffs believe relate back to the original filing of the *Gray* Complaint.

[2] Who have also moved to Intervene as Plaintiffs.

MEMO IN RESPONSE TO MOTION
TO DISMISS - 2 –

*Michael D. Kinkley P.S.*
4407 N. Division, Suite 914.
Spokane, WA 99207
(509) 484-5611

knowledge, and the misrepresentation by Suttell employee and defendant Mark Case of the "650.00" attorney fee. See Exhibits 30-35 attached to Motion to Intervene. Mr. Scott, Ms. Marcy, Ms. Herbert all suffered an indisputable injury to property, and in fact actual damages, and are representative of thousands of consumers that have had their wages garnished based on the entry of judgments based on the unfair and deceptive affidavits of Midland Credit Management employees and Suttell attorneys.

The amendment of the complaint to more clearly and specifically describe Plaintiff Dane Scott's "injury to property" (wages garnished) and to add Ms. Marcy and Ms. Herbert (who suffered the same fate) would moot the Encore Defendants' Motion to Dismiss for failure to adequately plead an "injury to property".

Plaintiffs believe that the injury to property for Plaintiff Lauber was adequately pleaded. An amendment to the Complaint would also make clear that she paid for a credit report. Plaintiff plead that Ms. Lauber missed work and took vacation pay to appear in state court to defend and had costs (mileage, postage, resulting from the deceptive business practices of the defendants. Complaint, p. 74, Paragraph 13.2 (Ct Rec. 1). "Investigation expenses and other costs resulting from a deceptive business practice sufficiently establish injury". *Panag v. Farmers Ins.*

MEMO IN RESPONSE TO MOTION
TO DISMISS - 3 –

*Co. of Washington[3],* 166 Wash.2d 27, 62-63, 204 P.3d 885, 902 (Wash.,2009); See

*State Farm Fire & Cas. Co. v. Huynh*, 92 Wash.App. 454, 470, 962 P.2d 854

(1998) (although insurance company did not pay chiropractor's false billing

statements, it sufficiently established injury by proving it "incurred expenses for

experts, interpreters, transcribers, attorneys, and its own employees during its

investigation"); *Panag* clarified Washington law. Attorney fees for developing a

consumer protection claim are not an injury to property. Id. Attorney fees for

fighting and investigating a misrepresentation are. *Panag v. Farmers Ins. Co. of*

*Washington,* 166 Wash.2d at 62-63. The Encore defendants also seem to argue that

the arguably minimal nature of the injuries supports their defense. "However, the

injury requirement is met upon proof the plaintiff's 'property interest or money is

diminished because of the unlawful conduct even if the expenses caused by the

statutory violation are minimal'." *Panag v. Farmers Ins. Co. of Washington* 166

Wash.2d at 57; *Keyes v. Bollinger*, 31 Wash.App. 286, 295, 640 P.2d 1077 (1982).

A. Limited Scope of Encore Defendants' Motion-
Allegations in the Complaint
To prevail in a private WCPA claim, the Plaintiff must prove (1) an unfair or

deceptive act or practice, (2) occurring in trade or commerce, (3) affecting the

---

[3] Defendants failed to cite or discuss *Pangag* which may explain why they fail to

understand the nuances of *Sign O' Light* and *Demopolis* (discussed infra) and the

clarification the Supreme Court made of the appellate court cases.

MEMO IN RESPONSE TO MOTION
TO DISMISS - 4 –

*Michael D. Kinkley P.S.*
4407 N. Division, Suite 914.
Spokane, WA 99207
(509) 484-5611

public interest, (4) injury to a person's business or property, and (5) causation.

*Hangman Ridge*, 105 Wash.2d 778, 780, 719 P.2d 531 (1986). The Encore

Defendants' make only a limited challenge to the fourth element ("injury to

business or property).

The Encore defendants' oddly claim that the *Lauber* Complaint was "not

based on the alleged filing of the false affidavits in debt collection lawsuits".

Memorandum to Dismiss, p. 2, ln 14 (Ct. Rec. 196); This is not true. Any reading

of the *Lauber* Complaint reveals that the unfair and deceptive affidavit filed

without personal knowledge is in fact the central claim which is a violation of the

WCPA. See e.g. RCW 19.16.250 (prohibited practices). Complaint (Ct Rec.1), pp.

4-5 (" affidavits unfair and misrepresentation"); pp. 22, §§ 7.15-7.22; p.24, § 7.30-

7.32; p. 25, § 7.34, 7.37 (to name but a few of the factual allegations of unfair and

deceptive); p. 74-75, § 13. 4 & 13.5, 13.6 (violation of prohibited practices

section); p. 75-76, § 13.10, 13.11-13.17; p. 77, § 13.20-13.22; p.78, 13.29 (unfair

and deceptive within consumer protection section); p.78, § 13.31 (attaching

documents to another's affidavit-false swearing of information- in the consumer

protection section).

The Encore Defendants' only other claim is that Plaintiffs have not

sufficiently alleged causation and the Lauber expenses (mileage, postage, days off

work, use of vacation days) are not an injury to property. This is not true. *Panag v.*

MEMO IN RESPONSE TO MOTION
TO DISMISS - 5 –

*Farmers Ins. Co. of Washington,* 166 Wash.2d at 62-63; *see also Coventry Assocs. v. Am. States Ins. Co*., 136 Wash.2d 269, 961 P.2d 933 (1998) (bad faith investigation is actionable regardless of whether insurer properly denied coverage; expenses incurred in investigating claim establish injury and are recoverable as actual damages). In cases of false advertising, out-of-pocket expenses are recoverable, such as the cost of parking, driving, or making a trip to the store to buy something. *DeSantis v. Sears, Roebuck & Co*., 148 A.D.2d 36, 543 N.Y.S.2d 228 (1989); *Beslity v. Manhattan Honda*, 120 Misc.2d 848, 854, 467 N.Y.S.2d 471 (N.Y.Sup.1983) (actual damages include cost of traveling to business because of deceptive ad); *Keyes v. Bollinger,* 31 Wash.App. 286, 296, 640 P.2d 1077 (1982); *Tallmadge v. Aurora Chrysler Plymouth, Inc*., 25 Wash.App. 90, 605 P.2d 1275 (1979) (costs associated with traveling to dealership in reliance on false advertisements).

 The Plaintiffs' Complaint exhaustively alleges the Encore Defendants violated the WCPA, not only by violating the WCAA, but also by filing thousands of false affidavits to obtain default and summary judgment against consumers in Washington Courts. *See* (Ct. Rec. 1, *Complaint;* p. 3-5, "*§ I. Summary*"; p. 17-19, *Encore collection system-false affidavit allegations*; p.20-28, *false affidavit of Colleen Schultz*; p.30-40, *false affidavit of Judy Richter*, p. 43-54, *false affidavit of Elizabeth Neu*; p. 56-66, *false affidavit of Kelly Ellsworth*; p. 74-76, *violation of the*

MEMO IN RESPONSE TO MOTION
TO DISMISS - 6 –

*WCPA*). The Complaint alleges that the various affiants each signed "several hundred false affidavits a day falsely claiming that they are a business records custodian with personal knowledge of the facts" including knowledge of the "assignment, amount, interests rate, default, terms and conditions." (Ct. Rec. 1, *Complaint*, p. 4, lns. 15-20). The false affidavits resulted in judgment for "inflated" and "unproven" amounts. (Ct. Rec. 1*, Complaint*, p. 3, ln. 15-13). The Complaint alleges, this "system ["robo-signer"-false affidavits] is … unfair and is a misrepresentation to the consumer-debtors and the state courts." (Ct. Rec. 1, p. 5, ln. 12, *Complaint*)(emphasis added). And, the Encore Defendants, "have engaged in deceptive acts and practices, unfair acts and practices, and unfair methods of competition that have caused injury to Plaintiffs' property, including but not limited to mileage for trips to and from Court") (Ct. Rec. 1, p. 75, ln. 23-25, *Complaint*, ¶ 13.11).

The Court should not adopt the Defendants' limited interpretation of the Plaintiffs' Complaint and exclude the alleged injury to property insofar as the alleged injuries relate solely to the Defendants' use of false affidavits.

Second, the Defendants draw the legal conclusion that the alleged injury is a result of "routine collection activity" not casually related to the unfair and

MEMO IN RESPONSE TO MOTION
TO DISMISS - 7 –

deceptive acts. *See Sign-O Lite Sings, Inc.*, 64 Wash.App 553, 825 P.2d 714 (1992)[4]. This legal argument is discussed below.

## II. Federal Standard

A.    The Fed R. Civ. Pro. 12(b)(6) 12(b)(6) standard After *Twombly-Iqbal*

A complaint may survive a motion to dismiss pursuant to Fed R. Civ. Pro. 12(b)(6) if, taking all well-pleaded factual allegations as true, it contains "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  The term "plausible" is defined as: "(1) having an appearance of truth or reason; seemingly

---

[4] Defendants are mistaken or misleading in their analysis or application of *Sign O' Light* to the injury to property element.  The court did not "reverse" a determination of injury to property but instead upheld a consumer protection violation based on an unquantifiable injury to property. The court found "DeLaurenti did indeed suffer injury to her business from Sign's unfair or deceptive acts". *Sign O Light,* 64 Wash.App. at  564. The court reversed the award of treble damages because *actual damages* were not proven. Id. [w]hether an "injury" has been sustained so as to support an award of attorneys' fees and costs under the Consumer Protection Act is a different inquiry than whether treble damages are appropriately awarded. *Sign-O-Lite Signs, Inc*., 64 Wash.App. 553, 565, 825 P.2d 714, 721 (Wash.App.,1992)

MEMO IN RESPONSE TO MOTION
TO DISMISS - 8 –

*Michael D. Kinkley P.S.*
4407 N. Division, Suite 914.
Spokane, WA 99207
(509) 484-5611

worthy of approval or acceptance; credible; believable". Webster's Encyclopedic Unabridged Dictionary, 1996 Ed. p. 1484.

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations', but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 129 S.Ct at 1949 (*citing Twombly*, 550 U.S. at 555). "A claim has factual plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 1949. "The plausibility standard is not akin to a "probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (*quoting Twombly*, 550 U.S. at 556).

Analysis of a post *Twombly-Iqbal* motion to dismiss can be reduced to three analytical steps: (1) identify the elements of the asserted claim based on a statute or case law; (2) identify the complaint's factual allegations and the legal conclusions; and (3) then assuming the veracity of the complaint's factual allegations, determine whether they plausibly give the right to an entitlement to relief.

B.  Application of Standard

The WCPA should be *liberally* construed. *Salois v. Mut. Of Omaha Ins. Co.,* 90 Wash.2d 355, 358, 581 P.2d 1349 (1978). "Injury" is distinct from "damages." *Panag v. Farmers Ins. Co. of Washington,* 166 Wash.2d 27, 58, 204 P.3d 885, 900 (Wash.,2009).  Monetary damages need not be proved; unquantifiable damages

MEMO IN RESPONSE TO MOTION
TO DISMISS - 9 –

may suffice. Id.; *Nw. Airlines, Inc. v. Ticket Exch., Inc*., 793 F.Supp. 976 (W.D.Wash., 1992) (proof of injury satisfied by "stowaway theory" where damages are otherwise unquantifiable in case involving deceptive brokerage of frequent flier miles);; *Sorrel v. Eagle Healthcare, Inc*., 110 Wash.App. 290, 298, 38 P.3d 1024 (2002) (injury by delay in refund of money); *Webb v. Ray*, 38 Wash.App. 675, 688 P.2d 534 (1984) (loss of use of property)

   "The scope of injury to property under the WCPA is especially broad and is not restricted to commercial or business injury." *Stephens v. Omni Ins. Co.*, 138 Wash.App 151, 180, 159 P.3d 10 (2007), reconsideration denied, review granted 163 Wash.2d 1012, 180 P.3d 1290, affirmed, 166 Wash.2d 27, 204 P.3d 885. "When a misrepresentation causes inconvenience that deprives the claimant of the use and enjoyment of his property, the injury element is satisfied." *Stephens*, 138 Wash.App at 180. "The injury element will be met if the consumer's property interest or money is diminished because of the unlawful conduct even if the expenses causes by the statutory violation are minimal." *Id*, at 180. Even if the unlawful effect caused no direct injury, "costs incurred in investigating the effect of an unfair or deceptive act are sufficient to establish injury. *Id*, at 180 *citing State Farm. Fire and Cas. Co. v. Huynh*, 92 Wn.App 454, 470, 962 P.2d 854 (1992).

   The court in *Panag* explained the proper analysis which may lead to the conclusion that it is a question of fact:

MEMO IN RESPONSE TO MOTION
TO DISMISS - 10 –

In this case, unlike in *Indoor Billboard, Demopolis, Crane,* and *Flores,* the plaintiff alleged as injury the expenses incurred in dispelling her uncertainty about the legal ramifications of the subrogation claim, including out-of-pocket expenses for postage, parking, and consulting an attorney. The trial court found Panag's allegations insufficient to establish injury, particularly considering she already retained a lawyer in connection with the automobile accident. The Court of Appeals disagreed, viewing the alleged injuries as independent from the personal injury claim.

¶ 74 Consulting an attorney to dispel uncertainty regarding the nature of an alleged debt is distinct from consulting an attorney to institute a CPA claim. *Compare Demopolis,* 57 Wash.App. 47, 786 P.2d 804 (litigation expenses incurred to institute CPA counterclaim does not constitute injury), *with Sign-O-Lite,* 64 Wash.App. 553, 825 P.2d 714 (loss of business profits resulting from time spent embroiled in disputing improper payment demand constitutes injury). Although the latter is insufficient to show injury to business or property, the former is not. Investigation expenses and other costs resulting from a deceptive business practice sufficiently establish injury. *See* *63 *State Farm Fire & Cas. Co. v. Huynh,* 92 Wash.App. 454, 470, 962 P.2d 854 (1998) (although insurance company did not pay chiropractor's false billing statements, it sufficiently established injury by proving it "incurred expenses for experts, interpreters, transcribers, attorneys, and its own employees during its investigation").

¶ 75 Decisions concerning the extent to which the FDCPA allows recovery of pecuniary losses are instructive in defining the scope of injuries that may form the basis of a CPA claim based on deceptive collection activities. [FN16] A plaintiff need not remand payment to prove injury for purposes of a FDCPA claim. A plaintiff may recover as damages out-of-pocket expenses directly resulting from the deceptive collection notice. Thus, a plaintiff may recover the cost of hiring an attorney if he or she did so as a result of a collection notice that misleadingly threatens legal action. *Jeter,* 760 F.2d 1168. For example, in *Jeter,* a debtor hired an attorney upon receiving a deceptive demand letter threatening legal action. The court held the debtor could prevail if she hired the lawyer as a direct result of the deceptive collection letter. That Jeter did not remand payment in reliance on the letter did not preclude her claim:

FN16. Unlike the CPA, a FDCPA claim does not require proof of actual damages. It permits recovery of both general and special damages. Although

*Michael D. Kinkley P.S.*
4407 N. Division, Suite 914.
Spokane, WA 99207
(509) 484-5611

we recognize that recovery under the CPA is more limited in scope than under the FDCPA, we look to cases considering the overlapping area of recoverable damages for guidance.

It is true that Jeter might have been injured worse. Upon receiving one or both of the letters, she could have immediately paid the debt, thinking she was about to be sued. This case, therefore, may well illustrate one of the purposes of the [FDCPA]. Congress apparently was aware that a false threat to sue in the near future might well be used to induce premature payment of an alleged debt with respect to which the consumer has a legitimate defense. *Id.* at 1178 n. 11.

[19] ¶ 76 To establish injury and causation in a CPA claim, it is not necessary to prove one was actually deceived. It is sufficient to establish the deceptive act or practice proximately*64 caused injury to the plaintiff's "business or property." If the deceptive act actually induces a person to remand payment that is not owed, that will, of course, constitute injury. *See Reiter v. Sonotone Corp.,* 442 U.S. 330, 340, 99 S.Ct. 2326, 60 L.Ed.2d 931 (1979) (" 'A person whose property is diminished by a payment of money wrongfully induced is injured in **903 his property.' " (quoting *Chattanooga Foundry & Pipe Works v. City of Atlanta,* 203 U.S. 390, 396, 27 S.Ct. 65, 51 L.Ed. 241 (1906))). But the recipient of a deceptive demand payment may be injured in other ways. *See Huynh,* 92 Wash.App. at 468, 962 P.2d 854 (although insurance company did not pay chiropractor's false billing statements, it sufficiently established injury by proving it "incurred expenses for experts, interpreters, transcribers, attorneys, and its own employees" during its investigation); *see also Coventry Assocs. v. Am. States Ins. Co.,* 136 Wash.2d 269, 961 P.2d 933 (1998) (bad faith investigation is actionable regardless of whether insurer properly denied coverage; expenses incurred in investigating claim establish injury and are recoverable as actual damages). In cases of false advertising, out-of-pocket expenses are recoverable, such as the cost of parking, driving, or making a trip to the store to buy something. *DeSantis v. Sears, Roebuck & Co.,* 148 A.D.2d 36, 543 N.Y.S.2d 228 (1989); *Beslity v. Manhattan Honda,* 120 Misc.2d 848, 854, 467 N.Y.S.2d 471 (N.Y.Sup.1983) (actual damages include cost of traveling to business because of deceptive ad); *Keyes,* 31 Wash.App. at 296, 640 P.2d 1077; *Tallmadge v. Aurora Chrysler Plymouth, Inc.,* 25 Wash.App. 90, 605 P.2d 1275 (1979) (costs associated with traveling to dealership in reliance on false advertisements).

MEMO IN RESPONSE TO MOTION
TO DISMISS - 12 –

*Michael D. Kinkley P.S.*
4407 N. Division, Suite 914.
Spokane, WA 99207
(509) 484-5611

Panag v. Farmers Ins. Co. of Washington  166 Wash.2d 27, 62-64, 204 P.3d 885, 902 - 903 (Wash.,2009)

DATED this the 14th day of February 2011.

*Michael D. Kinkley P.S.*                          *Michael D. Kinkley P.S.*

s/Michael D. Kinkley                               s/Scott M. Kinkley
Michael D. Kinkley                                 Scott M. Kinkley
WSBA # 11624                                       WSBA # 42434
Attorney for Plaintiff                             Attorney for Plaintiff
4407 N. Division, Suite 914                        4407 N. Division, Suite 914
Spokane, WA 99207                                  Spokane, WA 99207
(509) 484-5611                                     (509) 484-5611
Fax: (509) 484-5972                                Fax: (509) 484-5972
mkinkley@qwestoffice.net                           skinkley@qwestoffice.net

*Michael D. Kinkley P.S.*
4407 N. Division, Suite 914.
Spokane, WA 99207
(509) 484-5611

CM/ECF CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of February, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Michael D. Kinkley        mkinkley@qwestoffice.net, pleadings@qwestoffice.net;
                          pwittry@qwestoffice.net;

Scott M. Kinkley         skinkley@qwestoffice.net;

Kirk D. Miller           kmiller@millerlawspokane.com;

Carl Hueber              ceh@winstoncashatt.com; crh@winstoncashatt.com;

John D. Munding          munding@crumb-munding.com; Ashley@crumb-
                          munding.com;

Theodore Seitz           tseitz@dykema.com;

Bradley Fisher           bradfisher@dwt.com

Amy Gallegos             amgallegos@hhlaw.com

Richard Stone            richard.stone@hoganlovells.com


                    *Michael D. Kinkley P.S.*


                    s/Scott M. Kinkley
                    Scott M. Kinkley
                    WSBA # 42434
                    Attorney for Plaintiffs
                    4407 N. Division, Suite 914
                    Spokane, WA 99207
                    (509) 484-5611
                    skinkley@qwestoffice.net


MEMO IN RESPONSE TO MOTION
TO DISMISS - 14 –