UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KELLI GRAY and all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>SUTTELL & ASSOCIATES; MIDLAND FUNDING, LLC; MARK T. CASE and JANE DOE CASE, husband and wife; and KAREN HAMMER and JOHN DOE HAMMER,<br><br>　　　　Defendants. | NO. CV-09-251-EFS<br><br>**ORDER GRANTING MOTION TO RECONSIDER AND/OR CLARIFY RULING CONCERNING NET WORTH DISCOVERY** |
| EVA LAUBER, DANE SCOTT, SCOTT BOOLEN, JOEL FINCH, and all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>ENCORE CAPITAL GROUP, INC.; MIDLAND FUNDING, LLC; MIDLAND CREDIT MANAGEMENT, INC.; SUTTELL & HAMMER, PS.; MARK T. CASE and JANE DOE CASE, husband and wife; MALISA L. GURULE and JOHN DOE GURULE; KAREN HAMMER and ISAAC HAMMER, wife and husband; WILLIAM SUTTELL and JANE DOE SUTTELL, husband and wife;<br><br>　　　　Defendants. | |

　　Before the Court, without oral argument, is Defendants Suttell & Associates, P.S., Mark T. Case, Jane Doe Case, Karen Hammer, and Jane Doe

ORDER * 1

Hammer's ("*Gray*-Suttell Defendants") Motion to Reconsider and/or Clarify Ruling Concerning Net Worth Discovery (ECF No. 213). The *Gray*-Suttell Defendants move the Court for an order reconsidering or clarifying its February 10, 2011 Order Granting and Denying in Part Plaintiff's Motions to Compel and Setting Status Conference (ECF No. 205), which required the *Gray*-Suttell Defendants to provide net worth information:

> Plaintiff asks the Court to compel responses to the First Set of Interrogatories, which sought net worth information from Suttell and from Mr. Case, Ms. Hammer, and their spouses. . . .
>
> The Court finds this information is relevant to the issue of statutory damages. *See* 15 U.S.C. § 1692ka(2)(B) (allowing class statutory damages of up to 1% of a defendant's net worth). Accordingly, the Court **grants** Plaintiff's request; before the parties' December 7-8, 2010 deposition, Midland shall either 1) answer Interrogatories 1-2 and Requests for Production 1-25 or 2) stipulate to its net worth.

(ECF No. 205.)

The *Gray*-Suttell Defendants ask the Court to honor the parties' stipulation that the *Gray*-Suttell Defendants need not provide net worth discovery until the Court certifies a class — a stipulation that had been communicated to, but overlooked by, the Court. Plaintiff did not respond.[1] Indeed, the parties' August 11, 2010 Joint Certificate of Counsel Regarding Continuance of Trial Date and Modification of Scheduling Order (ECF No. 90) provided:

> In the event the trial date is continued and a new scheduling order entered (as requested by the parties), Plaintiff would propose that **Suttell defendants be required to fully respond to the "net worth" written discovery within thirty (30) days following the Court's Order certifying a class**. The Plaintiff requests that the Court then allow sixty (60) days from the receipt of those responses for the Plaintiff to serve (and email to the Court) the net worth expert report. Plaintiff

---

[1] The Court may construe Plaintiff's failure to respond as their consent to entry of an adverse order. LR 7.1(e).

ORDER * 2

would then agree that the pending Motion to Compel the Suttell
Defendants' Responses regarding Net Worth is mute [sic], should
be stricken with permission to re-file if the above is not
timely accomplished.

(ECF No. 90) (emphasis added). Counsel for the *Gray*-Suttell Defendants also advised the Court that the parties had so stipulated during oral argument and in briefing on Plaintiff's motions to compel. (ECF No. 139.)

Based upon the parties' stipulation, **IT IS ORDERED:**

1. The *Gray*-Suttell Defendants' Motion to Reconsider and/or Clarify Ruling Concerning Net Worth Discovery **(ECF No. 213)** is **GRANTED.**

2. The Court's Order Granting and Denying in Part Plaintiff's Motions to Compel and Setting Status Conference (ECF No. 205) shall be amended to:

    a. provide that the *Gray*-Suttell Defendants need not answer Plaintiff's net worth discovery requests unless and until such time as the Court certifies the class.

    b. strike the following language from Page 19, Paragraph E: "Accordingly, the Court **grants** Plaintiff's request; before the parties' December 7-8, 2010 deposition, Midland shall either 1) answer Interrogatories 1-2 and Requests for Production 1-25 or 2) stipulate to its net worth." An amended order will follow.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and distribute copies to counsel.

**DATED** this_2nd___ day of March 2011.



                                    s/Edward F. Shea
                                    EDWARD F. SHEA
                              United States District Judge

Q:\Civil\2009\251.Clarify.Net.Worth.wpd

ORDER * 3