Michael D. Kinkley
Scott M. Kinkley
*Michael D. Kinkley, P.S.*
4407 N. Division, Suite 914
Spokane, WA 99207
(509) 484-5611
mkinkley@qwestoffice.net
skinkley@qwestoffice.net

Kirk D. Miller
*Kirk D. Miller, P.S.*
211 E. Sprague Ave.
Spokane, WA 99202
(509) 413-1494
kmiller@millerlawspokane.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KELLI GRAY, and all other similarly situated, ) | Case No.: CV-09-251-EFS |
| Plaintiffs, ) | |
| v. ) | REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS REGARDING  PLAINTIFFS' THIRD, FOURTH, AND FIFTH SET OF REQUESTS FOR PRODUCTION |
| SUTTELL & ASSOCIATES, *et. al.* ) | |
| Defendants. ) | |
| EVA LAUBER, DANE SCOTT, SCOTT BOOLEN, JOEL FINCH and all other similarly situated, ) | |
| Plaintiffs ) | |
| v. ) | |
| ENCORE CAPITOL GROUP, INC. *et. al.* ) | |
| Defendants ) | |

REPLY MEMORANDUM ON
SUPPORT OF MOTION TO COMPEL
3rd, 4th, & 5th REQUESTS FOR
PRODUCTION - 1 -

Plaintiffs' have alleged that the Suttell Defendants made misrepresentations and committed an unfair practice as agents for and on behalf of the Encore Defendants in connection with the collection of consumer debts. *See Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507 (9th Cir. 1994) (Debt collector defendants was vicariously liable under Fair Debt Collection Practices Act (FDCPA) venue provision for its attorney's filing of application for writ of garnishment in a county not allowed by 1692i). The alleged violations include falsely claiming that "$650.00 is a reasonable attorney fee" for a computer generated automated default; and that "$850.00 is a reasonable attorney fee" which includes "1.8 hours" of legal work (pre-hearing) for a computer generated automated Summary Judgment.

No admissible contract with any fee provision was ever produced. *See Timothy McCollough vs. Johnson Rodenberg & Lauinger LLC* (9th. Cir. Case No. 09-35767; decided March 4, 2011, ordered for Publication)(collection action request for attorney fees without admissible evidence of the debt violates the FDCPA); *See* (Ct. Rec. 210-1)(*Gray* State Court Order of Dismissal, "obviously lacking foundation reliability and credibility; are not made on personal knowledge and cannot stand"). The Defendants have neither demonstrated any lawful statutory or contract basis for a claim for fees nor any lawful methodology for determining the reasonableness of attorney fees they claim. The Encore defendants share in the

REPLY MEMORANDUM ON SUPPORT OF MOTION TO COMPEL 3rd, 4th, & 5th REQUESTS FOR PRODUCTION - 2 -

fees since they return a percentage of the total amount collected (approximately 27%) as the actual attorney fee paid to Suttell. Occasionally, Courts have called on Suttell to file fee declarations. Some of these declarations were produced in discovery. (Ct. Rec.156-1). Plaintiffs seek to compel disclosure of any records which might tend to support or dispute those sworn fee declarations.

The Suttell Defendants admit that they do not keep contemporaneous time records. Defendants admit that they have no time records. However, the JST collectors' notes are automatically time stamped each time a task is performed and Defendant seems to claim that those records lend support to their claim for a "standardized attorney fee". The Suttell Defendants' current position on attorney fees is that their "standardized attorney fee" is "reasonable" since they consider it reasonable without regard to Washington Rules of Professional Conduct, Rule 1.5 (RPC 1.5) or a lodestar analysis as required by Washington law. (Ct. Rec. 236, p. 9, lines 16-17, Suttell Response Memo. *Mahler v. Szucs*, 135 Wn.2d 398, 434-35, 957 P.2d 632 (1998) (providing test for reasonableness of attorney fees). The Suttell current indication is that the "Suttell Defendants *do not* claim that the standardized amount was based on specific time spent on the Spiegel cases…" (Ct. Rec. 236, p. 9, lines 18-20), Suttell Response Memo. But the Suttell Defendants do not identify what records they may have reviewed to make up a "standardized fee" despite repeated discovery requests and a Court Order to do so. According to the

REPLY MEMORANDUM ON
SUPPORT OF MOTION TO COMPEL
3rd, 4th, & 5th REQUESTS FOR
PRODUCTION - 3 -

MICHAEL D. KINKLEY P.S.
N. 4407 Division, Suite 914
Spokane Washington 99207
(509) 484-5611

deposition testimony, Suttell does the credit card collection the same way in each collection case (more than 99% of their cases) (Ct. Rec. 249-1, pp. 7, 32-33). The Spiegel JST collection notes were selected for the dual purpose they will serve: related to the inflated attorney fee and the Spiegel sale of goods statute of limitations.

### II. JST Notes related to Eight (8) Affidavits for attorney fees

Plaintiffs have alleged that inflating an attorney fee is a misrepresentation which violated the FDCPA (15USC 1692e) and the WCPA, but also an unfair practice which also violates the FDCPA (15 USC 1692f and (f)(1) and the WCPA (as an entrepreneurial aspect of practice of law).The Plaintiffs' Third (RFP # 38 & 39), Fourth (RFP # 40)[1] and Fifth (RFP # 41) set of requests for production  are JST notes related to the few collection cases in which Suttell filed detailed declarations for attorney's fees (seven (7) for Layman (Ct. Rec. 156-1), one (1) for Karen Hammer (Ct. Rec. 140-2)). The Plaintiffs intend to compare the JST notes (which contain time stamps) with the detailed attorney fee declarations. Defendant Suttell & Hammer, P.S. refuses to produce the JST notes related to the eight (8)

---

[1] The Defendants did not preserve the Plaintiffs' consecutive RFP numbering system in its responses. Requests for Production 40 and 41 are both incorrectly numbered 38 in the Defendant's Responses.

REPLY MEMORANDUM ON
SUPPORT OF MOTION TO COMPEL
3rd, 4th, & 5th REQUESTS FOR
PRODUCTION - 4 -

MICHAEL D. KINKLEY P.S.
N. 4407 Division, Suite 914
Spokane Washington 99207
(509) 484-5611

affidavit for attorney fees it claims it filed in the 42, 000 cases it filed (that have judgments unsatisfied) in the last four (4) years.

Defendants produced seven (7) affidavits for attorney's fee's all signed by Suttell employee (but not a Defendant), Patrick Layman. (Ct. Rec. 156-1, pp. 4-43. Plaintiffs' found an additional affidavit for attorney fees signed by Karen Hammer. (Ct. Rec. 140-2, p. 19).

An analysis of the Karen Hammer Affidavit (Ct. Rec. 140-2, p. 19) for attorney fees is instructive of the need for the JST notes that relate to each affidavit of attorney fees that Suttell has produced. Karen Hammer swore under "penalty of perjury" that the declaration was "true and correct". The declaration states:

| Service | Time |
|---|---|
| Receive new account, open issue FDCPA letter | 0.3 |
| review suit-worthiness and assets, attempt contact with debtor | 0.4 |
| Prepare Summons and Complaint, send for service | 0.6 |
| Check Affidavit of Service | 0.2 |
| Prep Motion for Default and Judgment, including Exhibits and Affidavits, check Department of Defense website regarding military service, file Summons and Complaint | 1.1 |
| Send Judgment to Court for entry | 0.3 |
| **TOTAL TIME:** | **2.9 HOURS** |

REPLY MEMORANDUM ON
SUPPORT OF MOTION TO COMPEL
3rd, 4th, & 5th REQUESTS FOR
PRODUCTION - 5 -

MICHAEL D. KINKLEY P.S.
N. 4407 Division, Suite 914
Spokane Washington 99207
(509) 484-5611

(Ct. Rec. 140-2, p. 19). The declaration further states immediately before this detail that this is a "summary of approximate time and services rendered by the law firm of Suttell and Associates, the *attorneys* in the above case". (emp. added) *Id.* Ms. Hammer then states under penalty of perjury that "the usual and customary hourly fee charged by the law firm to the majority of hourly clients is $230.00". Midland Funding was not an hourly client if it was a client of Suttell's at all. The agreement between Suttell and *Midland Credit Management* was a contingent attorney fee which was not revealed to the state court. The hourly rates that Suttell claims it charges for its non attorneys employees is significantly less than $230.00 per hour.; (Ct Rec 156-1, paragraph 5's (fee detail) through Default Motion or Summary Judgment Motion); (Ct Rec 156-1, p. 7, paragraph 5, lines 10-24 (time through default motion); p. 13-14, paragraph 5; p. 18, paragraph 5; p.23-24, Paragraph 5; p. 30, paragraph 5; p. 36, paragraph 5; p. 41, paragraph 5).

The analysis of the Gray JST notes, the deposition of Karen Hammer, deposition of Mark Case, the deposition of Tu Uyen Huynh, and the analysis of the Layman Declarations (through Default or Summary Judgment Motion) all reveal that the Karen Hammer and Layman Declarations may contain misrepresentations which will be demonstrated by evidence contained in the JST notes. Part of the Suttell Defendants' attempt to justify the "standardized fee" is something to the effect that "some courts approved a similar amount when we did a fee application".

REPLY MEMORANDUM ON
SUPPORT OF MOTION TO COMPEL
3rd, 4th, & 5th REQUESTS FOR
PRODUCTION - 6 -

But if the fee applications are misrepresentations to the state trial court (accepted on its face because it was sworn under penalty of perjury) --if becomes relevant to the Suttell's claimed defense, if the declaration was in fact a misrepresentation.

The JST notes will more likely than not show that all of the services listed in the Karen Hammer declaration[2] were all done by non-lawyers, that the rate was inflated, and that the time indicated for the services indicated was inflated. If this is so, Plaintiffs misrepresented, in Tens of Thousands of cases, that $650.00 was a reasonable fee for a computer generated automated Default and that $850.00 was a reasonable attorney fee (including the representation that "1.8 hours" of attorney time for Summary Judgment). Defendants now admit that neither the factors included in RPC 1.5, reasonableness of attorney fees nor the Lodestar analysis (reasonable hourly rate time reasonable number of hours) was applied. See *Mahler v. Szucs,* 135 Wn.2d 398, 434-35, 957 P.2d 632 (1998).

_____

[2] Karen Hammer admitted that "based on the services rendered, the amount in controversy and the value of the services rendered are [sic] fair and reasonable amount to be awarded as attorney's fee is $200.00" (Ct Rec. 140-2, p.21, lines 7-8). But then she presented and caused to be entered a judgment for attorney's fees of "650.00". (Ct. Rec. 250-2). Despite this admission Suttell continued to seek and collect the $650.00 in thousands of other cases as well (JST Collector's notes request for Production pending).

REPLY MEMORANDUM ON
SUPPORT OF MOTION TO COMPEL
3rd, 4th, & 5th REQUESTS FOR
PRODUCTION - 7 -

Defendants' response is that they admit it was a "standardized fee" which is "wholly unrelated to the time recorded in the JST notes". (Ct. Rec. 236, p. 4, lines 8-9). But to support their bona fide error claim, the Suttell Defendants have finally identified their "historical analysis" which consists solely of the undocumented memories of William Suttell and Karen Hammer (Ct. Rec. 212, p. 4).

The Suttell Defendants claimed that the "historical analysis" included "periodic review of pleadings", … "what amounts were being routinely approved and granted by the courts, …, some courts started requesting an Affidavit for Attorney Fees, …"going over the steps it took for Suttell & Associates to process a file for default judgment versus Summary Judgment, …breaking those steps down and determining what the average amount of time to accomplish the various tasks, …judges did not question or object to the requests and , in fact routinely granted the requests, … "would have reduced the request to prevailing amount granted, …"routinely reviews the attorney fee requests made to the various courts as well as the pleadings that it relies on in making those requests…"(Ct. Rec. 212, p. 4).

The Suttell Defendants claim that Court approval of the "fee requests to various courts"[3] and they have reviewed the files to create a "standardized fee. On

_____

[3]  Apparently the seven (7) the Suttell Defendants identified for Layman and the one (1) Plaintiff found for Karen Hammer (Ct Rec. 156-1; 156-2).

REPLY MEMORANDUM ON
SUPPORT OF MOTION TO COMPEL
3rd, 4th, & 5th REQUESTS FOR
PRODUCTION - 8 -

February 7, 2011, Defendants produced a narrative of the memories of William Suttell and Karen Hammer as its "historical analysis" and stated that there is no actual evidence of any "historical analysis" (Ct. Rec. 212-1, p. 6). The narrative "historical analysis" claims that Suttell determined that based on "the average amount of time it would take to accomplish various tasks." (Ct. Rec. 212-1, p. 6, ln. 7-8). No information beyond the belief of Mr. William Suttell is offered to support what the "average time" of "various tasks" may be. The JST collectors' notes may be the only source of any information in that regard.

The Declarations filed with the court must be compared to the JST notes for those cases to test Suttell's assertion that they filed accurate and truthful declaration for fees with the Courts and the Courts found them reasonable. For example, Ms Hammer's declaration might lead a Court to erroneously believe that attorneys billing their own client an hourly rate of $230.00 were the basis of her fee request. The JST notes will also show how much Ms. Hammer inflated her claims to the Court. She claims ".6" attorney time to prepare and review the Complaint. The testimony based on the Gray JST is that Ms. Hammer spends about one (1) minute- time enough only to sign the Summons and Complaint. The JST notes shows that the computer automated process involves production and printing

REPLY MEMORANDUM ON
SUPPORT OF MOTION TO COMPEL
3rd, 4th, & 5th REQUESTS FOR
PRODUCTION - 9 -

MICHAEL D. KINKLEY P.S.
N. 4407 Division, Suite 914
Spokane Washington 99207
(509) 484-5611

time of about two (2) minutes. (Ct. Rec. 249-1 *Hammer Depo.*, pp 51-52). Mark

Case and Tu Uyen Huynh testified the same. (Ct. Rec. 42-1, *Case Depo.* pp. 27 &

29)(Ct. Rec. 250-1, *Huynh Depo.*, p. 9-12).

## II. JST Notes related to Spiegel Cases

RFP 41 also relates to the attorney fee issue and to the Statute of Limitations

issue. These Spiegel JST notes serve to solidify the evidence that Summons and

Complaints are produced, printed and signed in a total of a few less than five (5)

minutes time based on the automated computer procedure to rebut this claim of

historical analysis requires a review of sufficient number of JST notes.

The Spiegel JST Notes also have a page which shows information relevant

to the Statute of Limitations issue. The Gray JST Collectors' notes filed as Ct. Rec.

139-3, p. 22 indicates "Memo …6 year SOL"; p. 24 show what Suttell's received

into its computer system as "Last Payment Date" (left side column-middle of

page); p. 26 shows "Charge Off Date". It appears that this information is being

"auto created from the YGC" system and Suttell is accepting the "client: Midland

Credit Management" representations regarding the default date and the applicable

statute of limitations which is contrary to the Bona Fide Error defense (Ct. Rec.

139-3, p. 24.)

Plaintiff is requesting that the Court Order the Suttell Defendants to produce

a response to RFP 41 which requests production of the JST notes for each of the

REPLY MEMORANDUM ON
SUPPORT OF MOTION TO COMPEL
3rd, 4th, & 5th REQUESTS FOR
PRODUCTION - 10 -

MICHAEL D. KINKLEY P.S.
N. 4407 Division, Suite 914
Spokane Washington 99207
(509) 484-5611

Spiegel cases identified by the Defendant (Ct. Rec. 218-5, p. 44). Defendant Suttell & Hammer did not timely respond or object to RFP 41 (due December 29, 2010) (Ct. Rec. 218, p. 3, ln. 6-18).

### III. Any Other Affidavits

On June 10, 2010, Plaintiff Gray served the Second Set of Interrogatories and Requests for Production requesting all detailed affidavits of attorney's fees filed with Washington Courts. (Ct. Rec. 218-7, p. 61, ln. 1-5; Ct. Rec. 218-7, p. 69, ln. 6-8).

On September 7, 2011, Suttell & Associates, P.S. responded by citing the "historical analysis" and producing seven (7) detailed attorney fee declarations signed by Patrick Layman (Ct. Rec. 140-1, p. 9, ln. 1-5; Ct. Rec. 218-7, p. 69, ln. 6-8). The response seems incomplete and the response qualified or parsed. The Plaintiff has already discovered one detailed fee affidavit (Karen Hammer) that was not produced. Plaintiff requests that the Court order production of any other affidavits not previously produced.

Dated this the 4th day of March, 2011

*Michael D. Kinkley, P.S.*

___/s Michael D. Kinkley___
Michael D. Kinkley
Attorney for Plaintiff
WSBA # 11624
(509) 484-5611
mkinkley@qwestoffice.net

*Michael D. Kinkley, P.S.*

___/s Scott M. Kinkley___
Scott M. Kinkley
Attorney for Plaintiff
WSBA # 42434
(509) 484-5611
skinkley@qwestoffice.net

REPLY MEMORANDUM ON
SUPPORT OF MOTION TO COMPEL
3rd, 4th, & 5th REQUESTS FOR
PRODUCTION - 11 -

MICHAEL D. KINKLEY P.S.
N. 4407 Division, Suite 914
Spokane Washington 99207
(509) 484-5611

CM/ECF CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of March, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

| | |
|---|---|
| Michael D. Kinkley | mkinkley@qwestoffice.net, pleadings@qwestoffice.net; pwittry@qwestoffice.net; |
| Scott M. Kinkley | skinkley@qwestoffice.net; |
| Kirk D. Miller | kmiller@millerlawspokane.com; |
| Carl Hueber | ceh@winstoncashatt.com; crh@winstoncashatt.com; |
| John D. Munding | munding@crumb-munding.com; Ashley@crumb-munding.com; |
| Theodore Seitz | tseitz@dykema.com; |
| Bradley Fisher | bradfisher@dwt.com |
| Amy Gallegos | amgallegos@hhlaw.com |
| Richard Stone | richard.stone@hoganlovells.com |

*Michael D. Kinkley P.S.*

s/Scott M. Kinkley
   Scott M. Kinkley
   WSBA # 42434
   Attorney for Plaintiffs
   4407 N. Division, Suite 914
   Spokane, WA 99207
   (509) 484-5611
   skinkley@qwestoffice.net

REPLY MEMORANDUM ON
SUPPORT OF MOTION TO COMPEL
3rd, 4th, & 5th REQUESTS FOR
PRODUCTION - 12 -

MICHAEL D. KINKLEY P.S.
N. 4407 Division, Suite 914
Spokane Washington 99207
(509) 484-5611