UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

KELLI GRAY and all others similarly situated,

Plaintiffs,

v.

SUTTELL & ASSOCIATES; MIDLAND FUNDING, LLC; MARK T. CASE and JANE DOE CASE, husband and wife; and KAREN HAMMER and JOHN DOE HAMMER,

Defendants.

EVA LAUBER, DANE SCOTT, SCOTT BOOLEN, JOEL FINCH, and all others similarly situated,

Plaintiffs,

v.

ENCORE CAPITAL GROUP, INC.; MIDLAND FUNDING, LLC; MIDLAND CREDIT MANAGEMENT, INC.; SUTTELL & HAMMER, PS.; MARK T. CASE and JANE DOE CASE, husband and wife; MALISA L. GURULE and JOHN DOE GURULE; KAREN HAMMER and ISAAC HAMMER, wife and husband; WILLIAM SUTTELL and JANE DOE SUTTELL, husband and wife;

Defendants.

NO. CV-09-251-EFS

**ORDER ENTERING RULINGS FROM MARCH 23, 2011 HEARING**

A hearing occurred in the above-captioned matter on March 23, 2011. Plaintiffs were represented by Michael Kinkley, Kirk Miller, and Scott

Kinkley. Carl Hueber appeared on behalf of the *Gray*-Suttell Defendants;[1] Bradley Fisher appeared on behalf of the *Lauber*-Suttell Defendants;[2] John D. Munding and Amy Gallegos appeared on behalf of Defendants Midland Funding, LLC, Midland Credit Management, Inc., and Encore Capital Group, Inc. ("Encore Defendants"). Before the Court were several motions filed by the parties. After reviewing the submitted materials and relevant authority and hearing from the parties, the Court was fully informed. This Order memorializes and supplements the Court's oral rulings.

## I. BACKGROUND

### A. *Gray*

Plaintiff Kelli Gray ordered an item from Spiegel Brands, Inc. ("Spiegel") mail-order catalogue and did not pay. On December 4, 2007, Midland Funding, LLC ("Midland"), a debt-buying business, purchased Ms. Gray's defaulted Spiegel account. Midland assigned the account to its servicer, Midland Credit Management Inc. ("MCMI"), which determines whether certain accounts are "eligible" or "not eligible" for collection, then turned the account over to a collection agency to collect the debt. The *Gray*-Suttell Defendants filed a lawsuit against Ms. Gray in Spokane

---

[1] The *Gray*-Suttell Defendants refer to the Sutell Defendants named in the *Gray* action: Suttell & Associates, Mark T. Case, Jane Doe Case, Karen Hammer, and John Doe Hammer.

[2] The *Lauber*-Suttell Defendants refer to the Suttell Defendants named in the *Lauber* action: Suttell & Hammer, P.S., Mark T. Case, Jane Doe Case, Malisa L. Gurule, John Doe Gurule, Karen Hammer, Isaac Hammer, William Suttell, and Jane Doe Suttell.

County Superior Court under the name *Midland Funding LLC v. Gray*, Case No. 08-2-04860, to collect the debt.

The Complaint ("*Gray*") was filed on August 12, 2009, alleging violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq*.; Washington Consumer Protection Act (WCPA), RCW 19.86, *et seq*.; and Washington Collection Agency Act (WCAA), RCW 19.16.

Ms. Gray alleges the Defendants violated those statutes by 1) serving and filing time-barred lawsuits ("Statute of Limitations Claim"); 2) requesting unreasonable attorneys' fees of $650.00 in a default judgment and $850.00 in a summary judgment ("Attorney Fee Claim"); and 3) acting as a collection agency without a collection-agency license ("Licensing Claim").

On July 12, 2010, Ms. Gray moved to certify three related classes (ECF No. 28):

> 1) Statute of Limitations[3] (based on UCC 2-725 "transaction in goods" four-year statute of limitations) consisting of:
>
> > a) all persons with addresses who were threatened with a lawsuit, or who were sued in the state of Washington;
> >
> > b) on a Spiegel or Eddy [sic] Bauer account more than four years from the date the account became in default.
>
> 2) Attorney Fee Class[4] consisting of:

---

[3] This class is further divided into a FDCPA Statute of Limitations Subclass (debt for household purposes; one-year statute of limitations), and a WCAA Statute of Limitations Subclass (debt not necessarily for household purposes; four-year statute of limitations).

[4] This class is further divided into a FDCPA Attorney Fee Subclass (debt for household purposes; one-year statute of limitations), and a WCAA/WCPA Attorney Fee Subclass (debt not necessarily for household

a) all persons with addresses who were sued in the state of Washington;

b) from whom Defendants Suttell & Associates, P.S. and/or Mark T. Case and/or Karen Hammer, and/or Midland Funding, LLC demanded an attorney fee of $650.00 as part of a motion for default judgment or demanded an attorney fee of $850.00 as part of a motion for summary judgment.

3) License Class (based on WCAA/WCPA violations) consisting of:

a) all persons with addresses from whom Midland Funding LLC individually (or through a representative including but not limited to Suttell) attempted to collect or who were sued in the state of Washington for a "Claim" defined as "any obligation for the payment of money of thing or value arising out of any agreement or contract, express or implied" (RCW 19.16.100(5) that was in default at the time Midland Funding LLC obtained any right to the claim.

b) who paid any sum of money;

c) the class period for this WCAA/WCPA subclass is from four years prior to the date of filing this action to the present.

Also on July 12, 2010, the *Gray*-Suttell Defendants filed a Motion for Partial Summary Judgment Re: Applicable Statute of Limitations (ECF No. 32). And on July 21, 2010, they filed a Motion for Summary Judgment Re: Attorney Fees (ECF No. 44). These motions were continued several times so the parties could conduct further discovery. They are still pending and have not been revised or supplemented with discovery.

**B. *Lauber*[5]**

Plaintiffs Eva Lauber, Dane Scott, Scott Boolen, and Joel Finch (collectively, "*Lauber* Plaintiffs"), like Ms. Gray, were obligated to pay a debt and failed to do so. They filed a Complaint ("*Lauber*") on November 10, 2010, alleging violations of the FDCPA, WCPA, and WCAA,

---

purposes; four-year statute of limitations).

[5] *Lauber et. al. v. Encore Capitol Group, Inc., et. al.*, Case No. CV-10-5132.

based on: 1) filing unfair, deceptive, and misleading “Form 400" and “AFFRECORD” affidavits in support of default and summary-judgment motions (“Affidavit Claim”); and 2) acting as a collection agency without a collection agency license (“Licensing Claim”).

In addition to those defendants named in *Gray*, the *Lauber* Plaintiffs also named Encore Capital Group, Inc. (“Encore”), which purchases and manages charged-off consumer portfolios, and MCMI, Midland Funding’s servicer, as defendants.

**C. Consolidation and Encore’s Motion to Dismiss**

On November 19, 2010, Plaintiffs sought to consolidate *Gray* with *Lauber*, maintaining that the two complaints complete one another: Ms. Gray allegedly suffered an Affidavit violation and the *Lauber* Plaintiffs suffered Attorney Fee and Statute of Limitations violations. On December 29, 2010, the Court granted Ms. Gray’s motion to consolidate, requiring that all future filings be filed under the CV-09-251 case number.

On February 15, 2011, Plaintiffs filed a new motion for class certification to incorporate the Affidavit Claim within the class definition. (ECF No. 229.) And on January 24, 2011, Defendants Encore, Midland, and MCMI (collectively “Encore Defendants”), filed a Motion to Dismiss (ECF No. 195) the WCPA claims in the *Lauber* Complaint, arguing that Plaintiffs did not sufficiently plead their WCPA claims to include injury “to business or property.”

Apparently to cure this defect, Plaintiffs filed two motions on February 14, 2011: First, to allow Ruby J. Marcy and Marla J. Herbert to intervene in this action (ECF No. 220); and second, to amend the *Lauber* Complaint (ECF No. 223) to: 1) add that the Defendants collected money from Dane Scott by wage garnishments (which rebuts the Encore

Defendants' motion to dismiss that there was a lack of injury to property); 2) add Ms. Marcy and Marla J. Herbert as Plaintiffs (because they allegedly suffered the same Affidavit and Attorney Fee violations and the Defendants collected money from them by garnishment); 3) clarify which claims Plaintiffs allege relate back or are tolled; 4) clarify that Ms. Gray also asserts an Affidavit Claim; 5) clarify that the *Lauber* Plaintiffs also assert an Attorney Fee Claim; and 6) amend and simplify the class definition.

**D. Recent Developments**

A status conference was held February 16, 2011, to discuss the consolidated case. At the hearing, the Encore Defendants' counsel advised that the Affidavit Claim against the Encore Defendants was about to be settled on a nationwide basis in *Midland Funding, LLC v. Brent*, No. 3:08-CV-1434-DAK (N.D. Ohio) ("*Brent*").

On March 11, 2011, the District Court in the Northern District of Ohio approved, executed, and preliminarily approved a nationwide settlement[6] of the following class:

> All natural persons (a) sued in the name of Encore Capital Group, Inc., Midland Funding, LLC, Midland Credit Management, Inc., or any other Encore and/or Midland-related entity (collectively, Midland), (b) between January 1, 2005, and the date the Order of Preliminary Approval of Class Action Settlement is entered by the Court, (c) in any debt collection lawsuit in any court (d) where an affidavit attesting to facts about the underlying debt was used by Midland in connection with the debt collection lawsuit.

(ECF No. 272.)

---

[6] That court preliminarily approved a $5.2 million settlement, in which the maximum payment to each class member is capped at $10.00.

A preliminary injunction ("*Brent* Injunction") was also issued, enjoining Plaintiffs from continuing to litigate their Affidavit Claims in this Court. It enjoins "all Class Members and all persons with actual notice of [the] Order" from:

> participating as class members in any lawsuit in any forum, or otherwise filing, intervening in, commencing, prosecuting, continuing and/or litigating any lawsuit in any forum arising out of or relating to the use of affidavits in debt collection lawsuits by Encore Capital Group, Inc., and/or its subsidiaries and affiliates, including but not limited to Midland Credit Management, Inc., Midland Funding LLC, MRC Receivables Corp., and Midland Funding NCC-2 Corp., unless and until such time as the Class member involved in such action timely and validly excludes himself or herself from the class to pursue individual relief.

(ECF No. 272-3.)

**E. Second Supplemental Motion for Class Certification**

To avoid violating the *Brent* Injunction, Plaintiffs filed a Second Supplemental Motion for Class Certification (ECF No. 276) on March 16, 2011, asking the Court to approve a class based on the the July 2010 class definition. Accordingly, Plaintiffs seek an order certifying a (approximately 8,000-member) class defined as:

> 1) all natural persons;
> 2) who were defendants in a lawsuit filed in a court in Washington state;
> 3) in which Midland Funding, LLC or Midland Credit Management or any entity owned by Encore was the Plaintiff;
> 4) in which Midland Funding LLC or Midland Credit Management or any entity owned by Encore was represented by Suttell & Associates, P.S. or Suttell & Hammer, P.S.;
> 5) in which a Suttell declaration for reasonable attorney fees of $650.00 in connection with a Motion for Default Judgment or for $650.00 in connection with a Motion for Default Judgment or for $850.00 in connection with a Motion for Summary Judgment was filed or served; and
> 6) FDCPA subclass[7]: the request was filed on or after August 12, 2008, (the date one (1) year period prior to commencement

[7] WCAA and WCPA would also apply to this subclass.

of this action, 15 U.S.C. 1692k(d)) for the FDCPA sub-class; or

7) WCPA/WCAA subclass[8]: the declaration was filed on or after August 12, 2005, (the date four years before this action was commenced, RCW 19.18.120) for the WCPA/WCAA subclass.

Due to its late filing, Defendants were unable to fully respond to Plaintiffs' Second Supplemental Motion for Class Certification (ECF No. 276).

**F. Discovery**

A Second Motion to Compel Production of Documents (ECF No. 216) from the *Gray*-Suttell Defendants, filed February 11, 2011, is currently pending. The Court has granted several previous motions to compel filed by Plaintiffs. (ECF No. 205.) Trial is set for February 21, 2012.

**II. DISCUSSION**

As an initial matter, the Court considers the *Brent* Injunction's effect on the pending motions. The *Brent* Injunction prohibits individuals from:

> participating as class members in any lawsuit in any forum, or otherwise filing, intervening in, commencing, prosecuting, continuing and/or litigating any lawsuit in any forum <u>arising out of or relating to the use of affidavits in debt collection lawsuits</u> by Encore Capital Group, Inc., and/or its subsidiaries and affiliates, including but not limited to Midland Credit Management, Inc., Midland Funding LLC, MRC Receivables Corp., and Midland Funding NCC-2 Corp., unless and until such time as the Class member involved in such action timely and validly excludes himself or herself from the class to pursue individual relief.

(ECF No. 272-3.)

Since the *Brent* Injunction only prohibits action on lawsuits arising out of the Encore Defendants' "use of affidavits in debt collection," the

[8] This subclass would not share in distribution of the FDCPA statutory damages without equitable tolling.

parties agree that the pre-consolidation *Gray* claims still remain because they are not based on Encore's allegedly false affidavits. The Court agrees: although Plaintiffs may not advance their Affidavit Claims against any Encore Defendants, they may pursue: 1) Attorney Fees, Licensing, and Statute of Limitations Claims against Suttell and Encore Defendants, and 2) Affidavit Claims against Suttell. With this conclusion in mind, the Court considers each motion.

**A. Plaintiffs' Motion to Amend/Correct the Complaint**

Plaintiffs move for leave to amend the *Lauber* Complaint to: 1) add that Defendants collected money from Mr. Scott by wage garnishments; 2) add Ms. Marcy and Ms. Herbert as Plaintiffs; 3) clarify a) which claims relate back or are tolled, b) that Ms. Gray also asserts an Affidavit Claim, and c) that the *Lauber* Plaintiffs also assert an Attorney Fee Claim; and 4) amend and simplify the class definition. All Defendants agree that Plaintiffs are entitled to amend their Complaint as a matter of right and thus do not oppose the motion.

Under Federal Rule of Civil Procedure 15(a)(1)(B), a party may amend its pleading once as a matter of right within twenty-one days after service of a motion under Rule 12(b). Here, the Encore Defendants filed a Rule 12(b)(6) motion to dismiss for failure to state a claim on January 24, 2011. Plaintiffs filed the instant motion on February 14, 2011. Because Plaintiffs may amend their Complaint once as a matter of right, **NO LATER THAN April 8, 2011,**[9] Plaintiffs may re-plead and re-file an amended complaint as set forth above, so long as it avoids the *Brent*

[9] Plaintiffs filed an Amended Complaint on April 8, 2011. (ECF No. 297.)

Injunction (i.e., does not advance Plaintiffs' Affidavit Claim against any *Encore* Defendants in any way). Accordingly, Plaintiffs' motion to amend is **GRANTED** and **DENIED IN PART WITH RIGHT TO RE-FILE**.

**B. Encore Defendants' Motion to Dismiss**

The Encore Defendants move to dismiss Plaintiffs' WCPA claim (which is based on WCAA violations) for failure to state a claim because Plaintiffs failed to assert facts demonstrating they suffered injury to "business or property" as required by the WCAA.

The *Lauber* Plaintiffs allege they are entitled to treble damages (and injunctive and declaratory relief) pursuant to the WCPA because Defendants violated the WCAA (a per se violation of the WCPA), when they: 1) failed to obtain proper licenses; 2) filed lawsuits without being a Washington corporation or qualified foreign corporation; 3) failed to give certain statutorily-required notices in debt-collection communications; and 4) misrepresented amounts due and attempted to collect amounts in excess of those allowed by law. (ECF No. 145-1, ¶ 12.1-12.12). Three of the four named *Lauber* Plaintiffs claim no injury arising from these violations. Only Ms. Lauber claims she suffered an injury, and that was for "mileage to court to file pleadings, attend the January 15, 2010 and August 18, 2010 hearings, used vacation time for time off work to attend hearings, postage, and cell phone time." *Id*. ¶ 13.2).

Because Plaintiffs are given leave to amend their Complaint to cure the defects identified by the Encore Defendants' motion to dismiss (but only to the extent that it does not contravene the *Brent* Injunction), the Court **DENIES WITH LEAVE TO RENEW** the Encore Defendant's Motion to Dismiss

(ECF No. 195). The Encore Defendants may move to dismiss the WCPA claims after Plaintiffs file an amended complaint.

**C. Ruby J. Marcy and Marla J. Herbert's Motion to Intervene**

Ms. Marcy and Ms. Herbert seek to intervene as a matter of right in this action as plaintiffs and putative class representatives, purportedly to save the WCPA claims if they are dismissed. All Defendants oppose the motion.

Under Federal Rule of Civil Procedure 24(a), the Court must permit a person to intervene if she establishes three elements: 1) she has an interest in the subject matter of the pending litigation; 2) there is a substantial risk that the litigation will impair the interest; and 3) the existing parties do not adequately protect that interest. Fed. R. Civ. P. 24(a)(2); *Arakaki v. Cayetano*, 324 F.3d 1078, 1088 (9th Cir. 2003), *cert. denied*, *Hoohuli v. Lingle*, 540 U.S. 1017 (2003) ("Intervention is improper . . . because [intervenor's] interests are adequately represented by existing parties.").

Ms. Marcy and Ms. Herbert suffered the same violations as the existing Plaintiffs: each had a default judgment entered against her that was based on an allegedly false affidavit (Affidavit Claim), was assessed a $650.00 attorney fee by Suttell (Attorney Fee Claim), and had a debt was collected against her without a license (License Claim). As to Ms. Marcy, Defendants allegedly filed a lawsuit to collect a Spiegel debt beyond the statute of limitations (Statute of Limitations Claim). And their addition seeks to cure the defects identified by the Encore Defendants' motion to dismiss: each has suffered injury to property because Defendants allegedly garnished their wages based upon the allegedly false affidavit (Affidavit Claim) (ECF Nos. 222-6 & 228-1) and

Suttell employees' misrepresentations that a $650.00 fee is reasonable (Attorney Fee Claim) (ECF No. 222-5 & 228-2).

Yet it is unclear whether the existing named Plaintiffs adequately represent Ms. Marcy and Ms. Herbert's interests. The Ninth Circuit considers three factors in determining adequacy of representation: 1) whether the interest of a present party is such that the party will undoubtedly raise the same arguments as the interventor; 2) whether the present party is capable of and willing to make such arguments; and 3) whether the intervenor would offer any necessary elements to the proceedings that the existing parties would neglect. *California v. Tahoe Reg'l Planning Agency*, 792 F.2d 775, 778 (9th Cir. 1986). Thus, if any of the named parties may proceed with their WCPA claims, then Ms. Marcy and Ms. Herbert cannot intervene. *See* Fed. R. Civ. P. 24(a)(2).

Here, Plaintiffs raise the valid concern that if the Court grants the Encore Defendants' motion to dismiss (thereby dismissing the WCPA claims), the statute of limitations would be reduced from four years to one year,[10] which would likely impair Ms. Marcy and Ms. Herbert's ability to pursue their claims. But Ms. Herbert and Ms. Marcy's alleged injury – wage garnishment – appears identical to that of already-named Plaintiff Mr. Scott. (ECF No. 232-1, ¶¶ 9.102-9.107; 12.77-12.89; 13.87-13.99.) This suggests that the prospective intervenors' interests would be adequately protected if the amended complaint cured the defects identified by the Encore Defendants' motion to dismiss by setting forth facts establishing injury to Mr. Scott's property.

---

[10] This is because only the FDCPA claims, which carry a one-year statute of limitations, would remain. *See* 15 U.S.C. § 1692k(d).

The Court has granted Plaintiffs' request to file an amended complaint to assert that Mr. Scott's wages were garnished. This amendment may obviate the need for Ms. Marcy and Ms. Herbert to intervene. Accordingly, the Court **DENIES WITH LEAVE TO RENEW** the motion to intervene.

**D. Plaintiffs' Motions for Class Certification**

On July 12, 2010, Ms. Gray moved to certify three related classes. (ECF No. 28.) After consolidation, Plaintiffs filed a new motion for class certification to incorporate the Affidavit Claim within the class definition on February 16, 2011. (ECF No. 229.) Then on March 16, 2011, and to avoid violating the *Brent* injunction, Plaintiffs filed a Second Supplemental Motion for Class Certification (ECF No. 276) asking the Court to revert to the July 2010 class definition and approve a class defined as:

> 1) all natural persons;
> 2) who were defendants in a lawsuit filed in a court in Washington state;
> 3) in which Midland Funding, LLC or Midland Credit Management or any entity owned by Encore was the Plaintiff;
> 4) in which Midland Funding LLC or Midland Credit Management or any entity owned by Encore was represented by Suttell & Associates, P.S. or Suttell & Hammer, P.S.;
> 5) in which a Suttell declaration for reasonable attorney fees of $650.00 in connection with a Motion for Default Judgment or for $650.00 in connection with a Motion for Default Judgment or for $850.00 in connection with a Motion for Summary Judgment was filed or served; and
> 6) FDCPA subclass[11]: the request was filed on or after August 12, 2008, (the date one (1) year period prior to commencement of this action, 15 U.S.C. 1692k(d)) for the FDCPA sub-class; or

[11] WCAA and WCPA would also apply to this subclass.

7) WCPA/WCAA subclass[12]: the declaration was filed on or after August 12, 2005, (the date four years before this action was commenced, RCW 19.18.120) for the WCPA/WCAA subclass.

Defendants ask the Court to continue hearing on all Plaintiffs' motions for class certification. The Court agrees. Ruling on the *Lauber*-based Supplemental Motion to Certify (ECF No. 229), which incorporates the Affidavit Claim into the class definition, would violate the *Brent* injunction. And since Plaintiffs filed their most recent class-certification motion on March 16, 2011, Defendants have had insufficient time to argue the merits of the class-certification motion after consolidation and the *Brent* Injunction.

For these reasons and those articulated on the record, the Court **DENIES WITH LEAVE TO RENEW** Plaintiffs' Motion to Certify Class (ECF No. 28), Supplemental Motion to Certify Class (ECF No. 229), and Second Supplemental Motion to Certify Class (ECF No. 276).[13] Plaintiffs may file

---

[12] This subclass would not share in distribution of the FDCPA statutory damages without equitable tolling.

[13] In addition to their class-certification-continuance request, the Suttell Defendants move for an order striking the Declaration of Dane Scott Regarding Adequacy to Act as Class Representative (ECF No. 264), because 1) the parties have had insufficient time to conduct discovery from Mr. Scott; and 2) it was not filed more than thirty (30) days before the hearing, LR 7.1(d)(1), (h)(2)(a). Consistent with the Court's rulings on the class-certification motions, the Court **DENIES AS MOOT** (strike declaration) and **GRANTS** (continue hearing) **IN PART** Suttell Defendants' Motion to Strike Declaration of Dane Scott and to Continue

a motion for class certification after April 8, 2011, once the amended complaint is filed.

**E. *Gray*-Suttell Defendants' Motions for Summary Judgment**

By separate motions filed in July 2010, the *Gray*-Suttell Defendants move for summary judgment, requesting the Court find as a matter of law that: 1) the six-year statute of limitations under RCW 4.16.040(1) (for transactions involving third-party bank creditors), applies to this matter and excuses it from UCC § 2-725's four-year limitation period (for the simple sale of goods); and 2) that the $650.00 fee request for pursuing a collection to default judgment is reasonable and thus, is not a violation of the FDCPA or Washington law. Ms. Gray opposes both motions. She also moves to strike the documents supporting the summary-judgment motion on the Statute of Limitations Claim (ECF No. 60), arguing that they contain inadmissible hearsay. No replies were filed.

Because these motions were filed in July 2011, continued several times so the parties could conduct further discovery, and not revised or supplemented to reflect any discovery undertaken since then, the *Gray*-Suttell Defendants' Motion for SJ Re: Attorney's Fees (ECF No. 44), Motion for Partial SJ Re: Statute of Limitations (ECF No. 32), and

---

Hearing on Motions for Class Certification (ECF No. 266). The Court may consider the Dane Scott Declaration if necessary at a later date.

Plaintiffs also move to strike certain hearsay statements (ECF No. 256) regarding the nationwide settlement and injunction in Brent because no such settlement agreement or injunction had been filed at the time. Because the *Brent* Settlement Agreement and Injunction have been filed, is **DENIED AS MOOT.**

Plaintiff's Motion to Strike "Exhibit 'A'" Attached to the Suttell Defendants' Memorandum Regarding Applicable Statute of Limitations (ECF No. 60) are **DENIED WITH LEAVE TO RENEW. NO LATER THAN April 29, 2011,** the parties shall meet and confer and file a notice with the Court setting forth a hearing date and briefing schedule for any anticipated motions for summary judgment.

G. <u>Second Motion to Compel Production of Documents from Defendant Suttell</u>

Plaintiffs ask the Court to require the *Gray*-Suttell Defendants to produce outstanding discovery relating to their internal computer notes maintained as the attorney "file" for each case ("JST Notes"). Specifically, Plaintiffs seek: 1) JST notes related to the Attorney Fee Claim (Requests for Production 38, 39, 40); 2) JST notes related to Spiegel Statute of Limitations Claim (RFP 41); and 3) detailed declarations of attorneys fees filed by the Suttell Defendants in Washington courts, information related to the previously-requested "historical analysis" (Interrogatory 13, RFP 7 & 23). The *Gray*-Suttell Defendants argue that this motion should be denied because, in light of the pending motions filed back in July, this effort could be rendered unnecessary based on the rulings, it requires disclosure of private information, and seeks irrelevant information.

The *Gray*-Suttell Defendants correctly maintain that the JST Notes do not memorialize either the time spent or total work performed on a certain task. Plaintiffs, on the other hand, believe the JST Notes are relevant because they can be used to extrapolate the amount of time an employee spent performing a certain task by examining the time difference between tasks performed. The JST Notes are not contemporaneous

timekeeping records. Nor do they reflect the total amount of time an employee has worked on a particular case. Rather, the JST Notes are computer-generated reports that track the time at which a Suttell employee performed a certain task. In some cases, the time entries between tasks performed is mere minutes; from this, one could infer that the time spent performing that particular task could not have exceeded that short time-frame. Yet in other cases, no such inferences may be made because the time between tasks exceeds eight hours.

The Suttell Defendants represent that they did not maintain any contemporaneous timekeeping records. As such, any fee was based on a "historical analysis," which has been lost over time. Thus, the Court finds the JST Notes, although perhaps minimally helpful, are relevant to the question of whether the *Gray*-Suttell Defendants' customary fee was reasonable for the tasks performed. Accordingly, Plaintiff's Second Motion to Compel Production of Documents from Defendant Suttell & Hammer (Interrog. 13, RFP 7, 23, & 38-41) (ECF No. 216) is **GRANTED:** the *Gray*-Suttell Defendants shall produce 1) JST notes related to the Attorney Fee Claim (RP 38, 39, 40); 2) JST notes related to Spiegel Statute of Limitations Claim (RP 41); and 3) detailed declarations of attorneys fees filed by Suttell Defendants in Washington Courts, information related to the previously-requested "historical analysis" (Interrogatory 13, RP 7, RP 23).

## III. CONCLUSION

For the reasons set forth above and on the record, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion to Amend/Correct Complaint **(ECF No. 223)** is **GRANTED** and **DENIED IN PART**. **NO LATER THAN April 8, 2011,** Plaintiffs may

re-plead and re-file an amended complaint as set forth above, so long as it avoids the *Brent* Injunction (i.e., does not advance Plaintiffs' Affidavit Claim against any *Encore* Defendants in any way).

2. Encore Defendants' Motion to Dismiss **(ECF No. 195)** is **DENIED WITH LEAVE TO RENEW.** The Encore Defendants may move to dismiss the WCPA claims after Plaintiffs file an amended complaint.

3. Ruby J. Macy and Marla J. Herbert's Motion to Intervene **(ECF No. 220)** is **DENIED WITH LEAVE TO RENEW**.

4. Plaintiffs' Motion to Certify Class **(ECF No. 28)**, Supplemental Motion to Certify Class **(ECF No. 229)**, and Second Supplemental Motion to Certify Class **(ECF No. 276)** are **DENIED WITH LEAVE TO RENEW** after April 8, 2011.

5. Suttell Defendants' M. to Strike and Continue Hearing **(ECF No. 266)** is **GRANTED** (continue hearing) and **DENIED AS MOOT** (strike) **IN PART**.

6. Plaintiffs' Motion to Strike Portions of the Midland Defendants' Memorandum in Opposition to Plaintiff's "Supplemental Motion for Class Certification" **(ECF No. 256)** is **DENIED AS MOOT**.

7. The *Gray*-Suttell Defendants' Motion for Partial SJ Re: SOL **(ECF No. 32)** and Motion for SJ Re: Attorney's Fees **(ECF No. 44)**, and Plaintiffs' Motion to Strike [34] Memorandum in Support of Motion **(ECF No. 60)** are **DENIED WITH LEAVE TO RENEW.** The parties shall meet and confer and file a notice with the Court setting forth a hearing date and briefing schedule for any anticipated motions for summary judgment **NO LATER THAN April 29, 2011.**

8. Plaintiff's Second Motion to Compel Production of Documents from Defendant Suttell & Hammer (Interrog. 13, and RFP 7, 23, & 38-41) **(ECF**

**No. 216)** is **GRANTED.**

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and distribute copies to counsel.

**DATED** this 15th day of April 2011.

s/Edward F. Shea
EDWARD F. SHEA
United States District Judge

Q:\Civil\2009\251.Status.Conference.wpd