1   JOHN D. MUNDING
    CRUMB & MUNDING, P.S.
2   The Davenport Tower
    111 S. Post Street, PH 2290
3   Spokane, WA 99201
    (509) 624-6464
4
5   RICHARD L. STONE (*pro hac vice pending*)
    AMY M. GALLEGOS (*pro hac vice pending*)
    HOGAN LOVELLS US LLP
6   1999 Avenue of the Stars, No. 1400
    Los Angeles, CA 90067
7   (310) 785-4600
8   Attorneys for Defendants Encore Capital Group,
    Inc., Midland Funding, LLC, and Midland Credit
9   Management, Inc.
10
11                  UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF WASHINGTON AT SPOKANE
12
13  KELLI GRAY, and all others          Case No. CV-09-251-EFS
    similarly situated,                 (CONSOLIDATED CASE)
14          Plaintiffs,                 **DEFENDANTS ENCORE CAPITAL**
    v.                                  **GROUP INC., MIDLAND FUNDING**
15                                      **LLC, AND MIDLAND CREDIT**
    ENCORE CAPITOL GROUP INC;           **MANAGEMENT, INC.'S**
16  MIDLAND FUNDING, LLC;               **MEMORANDUM IN SUPPORT OF**
    MIDLAND CREDIT                      **MOTION TO DISMISS**
17  MANAGEMENT, INC.; SUTTELL           **PLAINTIFFS' STATE LAW**
    & HAMMER, P.S.; MARK T.             **CLAIMS**
18  CASE and JANE DOE CASE,
    husband and wife; MALISA L.         F.R.C.P. 12(b)(6)
19  GURULE, and JOHN DOE
    GURULE; KAREN HAMMER and
20  ISAAC HAMMER, wife and
    husband; WILLIAM SUTTELL and
21  JANE DOE SUTTELL, husband and
    wife;
22
            Defendants.
23
24
25
26
27
28

## I.    **INTRODUCTION**

After Defendants Encore Capital Group, Midland Funding LLC ("Midland Funding"), and Midland Credit Management, Inc. moved to dismiss Plaintiffs' claim for relief under the Washington Consumer Protection Act ("WCPA") in the original complaint, Plaintiffs sought relief to file an amended complaint and moved to intervene two new plaintiffs, Ruby Marcy and Marla Herbert (the "Proposed Intervenors"), as named plaintiffs in this action.  In ruling on these motions, the Court granted Plaintiffs the opportunity to amend their complaint, which Plaintiffs represented would set forth facts establishing injury to plaintiff Dane Scott's property as a result of wage garnishment, but *denied* their Motion to Intervene on the grounds that the Proposed Intervenors' interests would be adequately protected by those amended allegations.

Notwithstanding the Court's ruling, Plaintiffs added the Proposed Intervenors as named plaintiffs in the Amended Complaint.  Given that the Court has expressly considered and denied Plaintiffs' request to add the Proposed Intervenors as parties to this action, *see* Order Entering Rulings From March 23, 2011 Hearing ("Order"), Dkt. 299, pp. 11-13, Marcy and Herbert must be dismissed as named plaintiffs.

Moreover, despite having been given the opportunity to plead additional facts that would give rise to a cause of action, Plaintiffs failed to cure the defects that plagued their original WCPA claims.  Plaintiffs continue to assert that they are

entitled to treble damages (as well as injunctive and declaratory relief) pursuant to

the WCPA because Defendants allegedly violated Washington debt collection laws

by failing to comply with licensing and registration requirements, failing to give

certain statutorily-required notices, and collecting amounts greater than those

allowed by law.  But the WCPA provides recourse only for those who can plead

and prove a cognizable "injury to business or property."[1]  Here, none of the

plaintiffs have adequately alleged an "injury to business or property."  Plaintiff

Scott alleges that he has suffered an injury because his wages were garnished to pay

the judgment that Midland obtained against him.  However, because the Amended

Complaint is devoid of any allegation disputing that he owed the debt collected

upon, the garnishment of his wages does not amount to an "injury" under the

WCPA.

      Similarly, plaintiff Eva Lauber alleges that she was "injured" as a result of

having incurred certain minor costs, such as "car mileage" and "used vacation

time," when she defended the debt collection lawsuit that Midland Funding filed

against her.  This, too, is not a cognizable injury as a matter of law.  Washington

courts have consistently held that where, as here, a plaintiff asserts a WCPA claim

based on a defendant's debt collection activities, the costs of defending a routine

---

[1]    RCW 19.86.090 ("Any person who is injured in his or her business or property" by a violation of the WCPA may bring an action in superior court); *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash. 2d 778, 792, 719 P.2d 531, 539 (1986) (a private WCPA claim "requires a showing that plaintiff was injured in his or her 'business or property.'").

collection lawsuit do <u>not</u> amount to a compensable "injury to business or property" under the WCPA.[2]  Accordingly, Plaintiffs have failed to plead a necessary element of a WCPA claim, and their WCPA claim must be dismissed with prejudice.[3]

## II.    FACTS ALLEGED IN THE AMENDED COMPLAINT

The Plaintiffs in this case failed to pay their debts and were sued by Midland in Washington state court.  Although Plaintiffs do not deny that they owed – and defaulted on – the debts in question, they contend that Defendants have violated the WCPA by engaging in unfair acts and practices that caused injury to Plaintiffs' property.  Amended Complaint ("Cplt"), ¶¶ 15.1-15.17.  Specifically, Plaintiffs allege that Midland violated the Washington Collection Agency Act ("WCAA"), and that these violations amount to a per se violation of the WCPA, because Midland (1) failed to obtain proper licenses; (2) filed lawsuits without being a valid Washington corporation or qualified foreign corporation; (3) failed to give certain statutorily-required notices in debt-collection communications; and (4) misrepresented amounts due and attempted to collect amounts in excess of those allowed by law.  Cplt., ¶¶ 14.1-14.12.

Three of the named Plaintiffs (Gray, Boolen, and Finch) claim <u>no</u> injury

---

[2]    *See, e.g., Sign-O-Lite Signs, Inc.*, 64 Wash. App. 553, 563, 825 P.2d 714, 720 (1992); *Demopolis v. Galvin*, 57 Wash. App. 47, 54, 786 P.2d 804, 809 (1990).

[3]    Plaintiffs have not even attempted to allege that Kelli Gray, Scott Boolen and Joel Finch suffered any injury to business or property under the WCPA. Therefore, these plaintiffs' WCPA claims should be dismissed with prejudice.

arising from these alleged violations.    Plaintiff Dane Scott is alleged to have suffered "an injury to property" as a result of "the taking of money from [him] by garnishment" for the debts that he owed. Cplt. ¶ 15.3.    Plaintiff Eva Lauber attempts to claim damages "for an injury to property" as a result of the Defendants' collection efforts, including but not limited to, mileage to court to file pleadings, attend the January 15, 2010 and August 18, 2010 hearings, used vacation time for time off work to attend hearings, postage, and cell phone time. Cplt., ¶ 15.2.  And, as noted in the Court's Order, the Proposed Intervenors "suffered the same violations as the existing Plaintiffs," and like Scott, they suffered an "injury" as a result of having had their wages garnished. Order at p. 11:17-12:2; Cplt. ¶ 15.3. Pursuant to the WCPA, Plaintiffs demand treble damages, as well as declaratory and injunctive relief. Cplt. ¶¶ 17.6, 17.7, 17.10.

## III.    THE PROPOSED INTERVENORS MUST BE DISMISSED AS NAMED PLAINTIFFS IN THIS CASE PURSUANT TO THE COURT'S ORDER

Despite the Court's ruling denying their Motion to Intervene, the Plaintiffs have impermissibly included Proposed Intervenors Marcy and Herbert as named plaintiffs in the Amended Complaint.    As the Court has already recognized, intervention is not warranted here because Ms. Herbert and Ms. Marcy suffered the same alleged violations as the named plaintiffs and their "alleged injury – wage garnishment – appears *identical* to that of the already-named Plaintiff Mr. Scott."

-4-

Order at p. 12:18-20.  *See also* FRCP 24(a) (intervention is proper only when an applicant claims an interest relating to the subject matter of an action, the disposition of which could "as a practical matter impair or impede the movant's ability to protect its interest," and no other parties adequately represent the applicant's interest).  Accordingly, Proposed Intervenors Marcy and Herbert should be dismissed as named plaintiffs.

## IV.  PLAINTIFFS' WCPA CLAIM MUST BE DISMISSED BECAUSE PLAINTIFFS HAVE FAILED TO PLEAD AN INJURY TO BUSINESS OR PROPERTY

### A.   Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the pleadings.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  The motion must be granted if "when construed in the light most favorable to plaintiff, [the complaint] fails to plead sufficiently all required elements of a cause of action."  *Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998).  Moreover, "a formulaic recitation of the elements of a cause of action will not do."  *Ashcroft v. Iqbal*, -- U.S. --, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Although "detailed factual allegations" are not required, the rule "demands more than an unadorned the-defendant-unlawfully- harmed-me' accusation."  *Id.*

**B.    Plajntiffs' Have Failed To Allege Facts Demonstrating A
Cognizable Injury To Business Or Property As Required Under
The WCPA**

Plaintiffs' WCPA claim must be dismissed because an injury to "business or property" is a required element of a WCPA claim, and Plaintiffs have failed to allege one.  A private WCPA claim "requires a showing that plaintiff was injured in his or her 'business or property.'"  *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash. 2d 778, 792, 719 P.2d 531, 534 (1986);  *see also Steele v. Extendicare Health Services, Inc.*, 607 F. Supp. 2d 1226, 1231 (W.D. Wash. 2009) ("a plaintiff must prove, as an independent element of a CPA claim, 'injury to plaintiff in his or her business or property.'") (quoting *Hangman Ridge*, 719 P.2d at 535); *see also* RCW 19.86.090 ("Any person who is injured in his or her business or property" by a violation of the WCPA may bring an action in superior court).

As the Washington Supreme Court recently explained:  "The legislature's use of the phrase 'business or property' in the [W]CPA is restrictive of other categories of injury and is used in the ordinary sense to denote a commercial venture or enterprise."  *Ambach v. French, M.D.*, 167 Wash. 2d 167, 172, 216 P.3d 405, 408 (2009) (internal citations omitted).  Damage to business reputation or losses from being unable to attend to a business establishment, for example, fall into this category. *Id.* at 173.  Personal injuries do not.  *Id.*

1
2
3

      **1.**    **Plaintiff Scott's Claim That His Wages Were Garnished To Pay A Debt He Indisputably Owed Does Not Constitute "Injury To Business Or Property."**

4
5
6

    Plaintiffs claim injury under the WCPA by alleging that Scott's wages were garnished to pay the judgment Midland obtained against him.   Cplt. ¶ 15.3.

7
8
9
10
11

However, this allegation is not sufficient to state a WCPA claim because Plaintiffs do not allege that the losses from garnishment were caused by the alleged WCPA violations – nor can they, since nowhere in the Amended Complaint do they dispute that Scott owed the debt.

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

    The payment of a valid debt does not establish the type of injury required to recover under consumer protection statutes.   For example, in *Flores v. The Rawlings Co., LLC,* 117 Hawai'i 153, 157, 177 P.3d 341, 345 (2008), the plaintiffs brought a consumer protection act claim alleging that the defendants unlawfully engaged in collection activities without the proper state registration.   The plaintiffs claimed that they were injured because they settled with the defendant and paid a portion of their debts.   *Id.*   The Court held that although the defendant's collection activities might have violated state statutes, the plaintiffs were not injured by paying the underlying debt, since the debt was valid.   *Id.* at 357 ("Plaintiffs had a valid loan agreement with HMSA, which was settled through Rawlings.   Although Rawlings's activities in collecting the money were in violation of HRS chapter 443B, the collection cannot be said to have 'injured' Plaintiffs[.]").

28

Likewise, in *Camacho v. Automobile Club of Southern California*, 142 Cal. App. 4th 1394 (2006), the plaintiff, an uninsured motorist, filed a class action under California's consumer protection statute against a collection agency that sought to collect money from him, on behalf of an insurance company, after he caused a traffic accident. The Court held that the plaintiff could not establish injury arising from the allegedly unfair collection practices because he conceded liability and therefore actually owed the amounts that were collected. *Id.* at 1405.

Washington law is in accord. In *Panag v. Farmers' Insurance*, 166 Wash. 2d 27, 204 P.3d 885 (2009), the Washington Supreme Court held that although plaintiffs did not remand payment in response to a collection notice, they did sufficiently allege "injury" by pleading loss of business profits and the payment of expenses in having to defend themselves against an improper collection notice because the plaintiffs were being wrongfully induced to pay money on a debt which they did not owe. *Panag*, 166 Wash. 2d at 64-65. The Court discussed both *Flores* and *Comacho*, and held that the case before it was distinguishable because unlike in those cases, the defendant in *Panag* was attempting to collect money for debts that were not actually owed. *Id.* at 61-62 (finding that "*Comacho* is distinguishable because here there was, in fact, an attempt to collect moneys not actually owed," and noting that in *Flores*, the Hawaii Supreme Court cited with approval law holding that "injury exists in a CPA claim based on unfair debt collection activities if 'expenses were incurred because of the statutory violation and not because of a

1   valid debt'"). *Panag*, 166 Wash. 2d at 61-62. Given that Plaintiffs have not

2   alleged that Scott did not owe the debt, the wage garnishment alleged by Scott does

3

4   not constitute a cognizable injury to property.

5

6       2.   **Plaintiff Lauber's Claim That She Was Injured By Having To Defend A Routine Collection Action Is Not A Cognizable Injury To Business Or Property.**

7

8   Washington courts have consistently held that costs incurred in having to

9

10  defend a routine debt collection action, as those alleged here by plaintiff Lauber, are

11  <u>not</u> injury to business or property. *See Sign-O-Lite Signs, Inc.*, 64 Wash. App. 553,

12  564, 825 P.2d 714, 720 (1992) (reversing award of treble damages under WCPA,

13

14  where plaintiff claimed injury based on incurring attorneys' fees for defending

15  collection action, and holding that plaintiff's "mere involvement in having to

16  defend against Sign's collection action and having to prosecute a CPA counterclaim

17

18  is insufficient to show injury to her business or property . . . ."); *Demopolis v.*

19  *Galvin*, 57 Wash. App. 47, 54,  786 P.2d 804, 809 (1990) ("Demopolis' CPA

20  claims are based upon his alleged injury resulting from having had to bring suit to

21

22  protect against Lenders' foreclosure action.  This alleged injury is insufficient to

23  satisfy the injury element of a private CPA claim."); *Steele v. Extendicare Health*

24  *Services, Inc.*, 607 F. Supp. 2d 1226, 1231 (W.D. Wash. 2009) (noting that "having

25

26  to defend against a collection action and prosecute a CPA claim is not sufficient

27  injury" to establish a WCPA claim) (quoting *Sign-O-Lite*, 64 Wash. App. at 564).

28

1    Lauber's alleged "injury" as a result of Midland's alleged WCPA violation

2    consists solely of minor costs incurred in defending the collection lawsuit Midland

3    filed against her, such as mileage, used vacation time, postage, and cell phone time.

4    

5    Cplt., ¶ 15.2. Yet these are precisely the type of costs associated with defending a

6    

7    routine collection action that are not compensable under the WCPA. *See Sign-O-*

8    *Lite*, 64 Wash. App. at 564; *Demopolis*, 57 Wash. App. at 54. Indeed, as the Court

9    noted in *Sign-O-Lite*, "[t]o hold otherwise would be to invite defendants in most, if

10   not all, routine collection actions to allege CPA violations as counterclaims." *Sign-*

11   

12   *O-Lite*, 64 Wash. App. at 564. Accordingly, Plaintiffs' WCPA claim must be

13   dismissed, along with their demands for treble damages under the WCPA, and their

14   

15   demands for declaratory and injunctive relief.[4]

16

17

18

19

20

21

22

23

24

25   [4]   Declaratory and injunctive relief are not available on Plaintiffs' remaining
FDCPA and WCAA claims. *See Durham v. Continental Credit, et. al.*, 2010 WL

26   2776088, *8 (S.D. Cal. 2010) ("The courts that have specifically addressed the
issue of whether [injunctive and declaratory] relief is available to private plaintiffs

27   in FDCPA actions uniformly hold that the FDCPA does not authorize such relief.");
*Connelly v. Puget Sound Collections, Inc.*, 16 Wash. App. 62, 553 P.2d 1354

28   (1976) (only the Attorney General can bring an action to restrain a violation of the
WCAA).

1 **V.    CONCLUSION**

2

3      For the foregoing reasons, Defendants respectfully request that the Court

4 dismiss the Proposed Intervenors Marcy and Herbert as named plaintiffs in this

5

6 action, and dismiss Plaintiffs' WCPA claim with prejudice.

7

8

9 DATED this 22nd day of April, 2011.

10

11                                      CRUMB & MUNDING, P.S.

12

13

14                                      JOHN D. MUNDING, WSBA 21734
                                        Attorneys for Midland Funding, LLC
15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

**CERTIFICATE OF SERVICE**

I, Ashley Woods, the undersigned, hereby certify that on April 22, 2011, I

electronically filed the foregoing Memorandum with the Court using the Court's

CM/ECF system, which will send notification of such filing to the following persons:

| | |
|---|---|
| Amy Gallegos | Kirk D Miller |
| amy.gallegos@hoganlovells.com | kmiller@millerlawspokane.com |
| | |
| Bradley L Fisher | Michael David Kinkley |
| bradfisher@dwt.com, | mkinkley@qwestoffice.net, |
| barbaramcadams@dwt.com, | pleadings@qwestoffice.net, |
| seadocket@dwt.com | pwittry@qwestoffice.net |
| | |
| Carl Edward Hueber | Richard Lee Stone |
| ceh@winstoncashatt.com, | richard.stone@hoganlovells.com |
| crh@winstoncashatt.com | |
| | Scott M Kinkley |
| Theodore W Seitz | skinkley@qwestoffice.net |
| tseitz@dykema.com | |

Dated this 22ND day of April, 2011.


/s/ Ashley M. Woods
ASHLEY M. WOODS

CERTIFICATE OF SERVICE

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155