1   Brad Fisher
    Davis Wright Tremaine LLP
2   1201 Third Avenue, Suite 2200
    Seattle WA 98101-3045
3   (206) 622-3150

4   *Attorneys for Defendants*
    *Suttell & Hammer, P.S.*
    *Mark T. Case and Jane Doe Case*
5   *Malisa L. Gurule and John Doe Gurule*
    *Karen Hammer and Isaac Hammer, and*
6   *Bill Suttell and Jane Doe Suttell*

7   Carl E. Hueber
    WINSTON & CASHATT, LAWYERS
8   601 W. Riverside, Ste. 1900
    Spokane, WA  99201
9   (509) 838-6131

10  *Attorney for Suttell & Associates,*
    *Mark & Jane Doe Case,*
    *Karen & Isaac Hammer*

11

            IN THE UNITED STATES DISTRICT COURT
12        FOR THE EASTERN DISTRICT OF WASHINGTON

13  KELLI GRAY and all others similarly          No.  CV-09-251-EFS
    situated,
14                                               (consolidated with
                    Plaintiffs,                  No. CV-10-5132 EFS)
15
            v.                                   MEMORANDUM IN
16                                               SUPPORT OF SUTTELL
    SUTTELL & ASSOCIATES, P.S.;  et al.,         DEFENDANTS' MOTION TO
17                                               DISMISS CLAIMS BROUGHT
                    Defendants.                  UNDER CONSUMER
18                                               PROTECTION ACT

19

20
    MEMO ISO SUTTELL MOTION
    TO DISMISS CPA CLAIM - 1                     Davis Wright Tremaine LLP
    CV-09-251-EFS                                      LAW OFFICES
    DWT 16742610v5 0093176-000001              Suite 2200 · 1201 Third Avenue
                                               Seattle, Washington  98101-3045
                                           (206) 622-3150 · Fax: (206) 757-7700

1    EVE LAUBER, et al.,

2                        Plaintiffs,

3        v.

4    ENCORE CAPITOL GROUP INC.; et al.,

5                        Defendants.

6

## I.    INTRODUCTION

7    Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Suttell

8    Defendants[1] move to dismiss all of plaintiffs'[2] claims alleging violations of the

9    Washington Consumer Protection Act (CPA), RCW 19.86.[3]   The CPA does not

10   _____

[1] The "Suttell Defendants" are Suttell & Hammer, P.S., Suttell & Associates,

11   Mark T. Case and Jane Doe Case, Malisa L. Gurule and John Doe Gurule, Karen

12   Hammer and Isaac Hammer, and Bill Suttell and Jane Doe Suttell.

13   [2] Although the Court denied Marla Herbert and Ruby Marcy's motion to

14   intervene, Dkt No. 299 at 13, plaintiffs' counsel has joined them in the case;  the

15   motion would apply equally to their claims if they are subsequently allowed to

16   bring them.

17   [3] The Suttell Defendants are separately moving to dismiss plaintiffs' claims

18   alleging that it is "illegal" to request a "fixed fee."  Dismissal of those claims in

19   their entirety would moot portions of this motion.  In addition, the Suttell

20   MEMO ISO SUTTELL MOTION
     TO DISMISS CPA CLAIM - 2
     CV-09-251-EFS
     DWT 16742610v5 0093176-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1   permit a party from a prior lawsuit to bring a subsequent claim against his

2   adversary's counsel based on the attorney's filings in the first lawsuit.  Allowing

3   such an expansion of Washington law would have dire and far-reaching

4   consequences that would fundamentally undermine the attorney-client

5   relationship, chill the zealous advocacy that is required of lawyers in this State,

6   and spawn endless satellite litigation by disappointed litigants who lost in prior

7   state court proceedings.

8        The Suttell Defendants additionally (and alternatively) request that the

9   CPA claims of plaintiffs Gray, Lauber, Boolen and Finch be dismissed for want

10  of any allegation of injury to business or property.

## II.    LEGAL STANDARD AND ALLEGATIONS

12       Under Rule 12(b)(6), a "court may dismiss a complaint as a matter of law

13  for (1) lack of a cognizable legal theory, or (2) insufficient facts under a

14  cognizable legal claim."  *SmileCare Dental Group v. Delta Dental Plan of*

———————————————

Defendants believe plaintiffs' claims under the Fair Debt Collection Practices Act

are deficient as well, but will brief that at a later date, *see O'Rourke v. Palisades*

*Acquisition XVI, LLC,* __ F.3d __, 2011 WL 905815 (7th Cir. 2011), along with

other grounds for dismissal of plaintiffs' claims, such as res judicata, collateral

estoppel and *Rooker-Feldman*.

MEMO ISO SUTTELL MOTION
TO DISMISS CPA CLAIM - 3
CV-09-251-EFS
DWT 16742610v5 0093176-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1    *California, Inc.*, 88 F.3d 780, 783 (9th Cir.), *cert. denied*, 519 U.S. 1028 (1996)

2    (internal citation and quotation omitted).  Well-pleaded factual allegations in the

3    complaint are assumed correct for purposes of a 12(b)(6) motion, *id.* at 782-83,

4    although Courts are not bound to accept as true "a legal conclusion couched as a

5    factual allegation."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2010).  The

6    complaint's "[f]actual allegations must be enough to raise a right to relief above

7    the speculative level" and provide more than a "formulaic recitation of the

8    elements of a cause of action."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56

9    (2007).

10        Although there are a host of allegations in plaintiffs' recently filed

11    Amended Complaint Related to Attorney's Fees, Statute of Limitations, and

12    Licensing (the "Amended Complaint") [Dkt. No. 297], only a handful are

13    relevant to the legal question of whether a party may assert a CPA claim against

14    an adversary's attorney for filings the attorney made in a prior lawsuit.

15        Plaintiffs' Amended Complaint is based on allegedly improper debt

16    collection methods, and they bring claims against the Suttell Defendants under

17    both the Fair Debt Collection Practices Act (FDCPA) and the CPA.  The Suttell

18    Defendants, acting on behalf of their creditor client, are alleged to have sued

19    plaintiffs in individual state court lawsuits to collect debts and during those suits

20

MEMO ISO SUTTELL MOTION
TO DISMISS CPA CLAIM - 4
CV-09-251-EFS
DWT 16742610v5 0093176-000001

submitted affidavits and records to the state courts.  When permitted by contract, the Suttell Defendants are alleged to have requested fees–$650 in the case of a default judgment, $850 when they were required to brief and argue a summary judgment motion.  *E.g.* Amended Complaint, ¶¶  6.18-6.32, 7.25-7.41.  Based on the allegations in the Amended Complaint, in many instances it appears that the fees were awarded by the reviewing court.[4]   Plaintiffs further allege that the Suttell Defendants wrongfully prosecuted claims that plaintiffs contend to have been barred by the governing statute of limitations, *e.g.*, *id.*, ¶¶ 6.11-6.12, although its is unclear whether plaintiffs are asserting claims against the Suttell

---

[4] In cases in which the requested fees were awarded against the plaintiffs, they have no claim against the Suttell Defendants.  In awarding fees, the state court necessarily determined that the requested fees were reasonable, a conclusion that cannot be revisited in a subsequent federal case.  *See Medialdea v. Law Office of Evan L. Loeffler, PLLC*, 2009 WL 1767185, at *7 (W.D. Wash. 2009) ("Plaintiffs' attempt to re-litigate their state court case via a federal FDCPA suit fails."); *Manufactured Home Communities Inc. v. City of San Jose*, 420 F.3d 1022, 1032 (9th Cir. 2005).  Moreover, a collateral challenge to the state court judgments would violate *Rooker-Feldman*.  If necessary, these issues will be thoroughly briefed at a later date with a more complete factual record.

MEMO ISO SUTTELL MOTION
TO DISMISS CPA CLAIM - 5
CV-09-251-EFS
DWT 16742610v5 0093176-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1    Defendants under the CPA based on these allegations.  *Compare id.*, ¶¶ 15.18-

2    15.32 (allegations against the Suttell Defendants in the CPA count) *with* ¶ 13.5

3    (alleging statute of limitation as basis for claim under FDCPA).

4            Plaintiffs' CPA claims are thus based solely on the allegations that the

5    Suttell Defendants filed allegedly deceptive papers during the prior lawsuits as

6    substantive support for the debt-related claims,[5] and then filed allegedly deceptive

7    affidavits or motions in support of a fee request and/or acted improperly in

8    requesting a fixed fee rather than preparing a detailed case-specific fee

9    application based on a detailed lodestar calculation.

10           While plaintiff Scott alleges injury to property, *id.*, ¶ 8.29, plaintiffs Gray,

11   Lauber, Boolen and Finch make no such allegation.

12

13

14   _____

     [5] The claims that the Suttell Defendants and/or their clients filed deceptive

15   affidavits are not pled in the Amended Complaint.  The Suttell Defendants

16   believe such claims are properly stayed by virtue of the injunction entered in the

17   *Brent* case, although if, or when, such claims are litigated in this Court, the

18   rationale for dismissal of the CPA claims that is presented herein will apply

19   equally to such claims.

20   MEMO ISO SUTTELL MOTION
     TO DISMISS CPA CLAIM - 6
     CV-09-251-EFS
     DWT 16742610v5 0093176-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

## II.    ARGUMENT

### A.    Plaintiffs Have No CPA Claims Against the Suttell Defendants

Plaintiffs' CPA claims against the Suttell Defendants, all of which are based on their filings on behalf of a client in prior state court lawsuits, are properly dismissed as a matter of law.  Legal services are generally exempt from the CPA, and plaintiffs' allegations do not fall within the narrow exception for "entrepreneurial" activities relating to obtaining or billing clients.  No Washington court has ever held to the contrary, as evidenced by two District Court opinions on similar issues.  The consequences that would follow from plaintiffs' expansive interpretation of the CPA demonstrate why no Washington court has, or will, adopt their interpretation.

### 1.    Plaintiffs' CPA Claims Do Not Fall Within The Narrow Exception Allowing Limited Suits Against Lawyers.

To prevail on a claim under the Washington Consumer Protection Act, a plaintiff must establish five elements: "(1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business; (5) causation."  *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 780 (1986).  The Suttell Defendants' instant motion to dismiss is directed to the narrow question of whether an

MEMO ISO SUTTELL MOTION
TO DISMISS CPA CLAIM - 7
CV-09-251-EFS
DWT 16742610v5 0093176-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

attorney's filings in a prior lawsuit occur in "trade or commerce" for the purposes of a subsequent CPA claim by the party that was adverse in the first lawsuit.[6]

Although the practice of law is generally exempt from the CPA because it does not satisfy the "trade or commerce" element, the Washington Supreme Court has created a narrow exception for "the entrepreneurial aspects of legal practice—how the price of legal services is determined, billed, and collected and the way a law firm obtains, retains, and dismisses clients. These business aspects of the legal profession are legitimate concerns of the public which are properly subject to the CPA." *Short v. Demopolis*, 103 Wn.2d 52, 61 (1984). Claims attacking an attorney's "actual practice of law," including claims directed to the "competence of and strategy employed by" attorneys, are exempt from the CPA. *Id.* at 61-62.

---

[6] By filing this motion, the Suttell Defendants do not concede any of the remaining elements, even assuming all allegations in the complaint are presumed true, nor do they concede any allegations in the complaint. They assert that, even if plaintiffs satisfied the other four elements, their claim could not succeed because the court filings forming the basis of the CPA claim did not occur in "trade or commerce." As discussed herein, four of the plaintiffs have failed to even allege injury to property, and their CPA claims are properly dismissed for this independent reason.

MEMO ISO SUTTELL MOTION
TO DISMISS CPA CLAIM - 8
CV-09-251-EFS
DWT 16742610v5 0093176-000001

1    A concurrence in *Short* cautioned that the novelty of the majority's "innovative

2    solution to the problem of how the CPA should be applied to the practice of law"

3    dictated that that the Supreme Court "should proceed cautiously in applying it to

4    different factual situations." *Id.* at 72.  Accordingly, to the knowledge of the

5    Suttell Defendants, no litigant has ever successfully used the CPA to recover

6    against his or her adversary's counsel.

7         In an effort to salvage part of their claim, plaintiffs may argue that a fee

8    application is "entrepreneurial" because it broadly relates to "fees" and is

9    motivated by counsel's desire to increase his or her recovery in a particular case.

10   This logic would eviscerate the narrow exception articulated in *Short*:  In **every**

11   case in which counsel's fee is contingent, **all** of his or her court filings are

12   directed to increasing the client's recovery, and in turn his or her fee.  *See Carter*

13   *v. Suttell & Assocs., PS*, 2011 WL 396038 (Wash. Ct. App. 2011) (to date

14   unpublished decision) ("Merely obtaining fees, either through the judicial process

15   or the process of billing a client, for the services rendered does not convert those

16   services into 'entrepreneurial' actions within the meaning of *Short* and *Mosquera-*

17   *Lacy*.  To so hold would allow the exception to swallow the rule, such that any

18   service rendered for profit would become subject to the CPA. This is contrary to

19   the rule of those cases.").  This "profit motive" inheres in all contingent

20

MEMO ISO SUTTELL MOTION
TO DISMISS CPA CLAIM - 9
CV-09-251-EFS
DWT 16742610v5 0093176-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1   representation, but it cannot, and does not, convert every court filing into a

2   potential CPA claim by a former adversary.   If it did, every lawsuit would spin

3   off potentially endless satellite litigation in which parties would attack prior

4   filings by its opponent's counsel as being "unfair" or "deceptive."   For obvious

5   reasons, such claims do not fall under the Consumer Protection Act, and they are

6   properly dismissed.

7           **2.      CPA Claims Cannot Be Brought Against An Adversary's
                    Attorney For Actions Related To The Litigation.**

8

9           In addition to the limitation that CPA claims may be brought against

10  attorneys only based on the entrepreneurial aspects of legal practice, parties may

11  not bring CPA claims against the attorneys of their adversaries.  This is because

12  "allowing a plaintiff to sue his or her adversary's attorney under a consumer

13  theory infringes on the attorney-client relationship."  *Jeckle v. Crotty*, 120 Wn.

14  App. 374, 384 (2004).  In *Jeckle*, a doctor sued the lawyer of an adverse party,

15  claiming that the lawyer had improperly obtained the doctor's patient files and

16  used them to solicit clients for the lawsuit against the doctor.

17

18

19

20

MEMO ISO SUTTELL MOTION
TO DISMISS CPA CLAIM - 10
CV-09-251-EFS
DWT 16742610v5 0093176-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

The *Jeckle* court adopted the reasoning of a line of Connecticut cases[7] standing for the proposition that "allowing a plaintiff to sue his or her adversary's attorney under a consumer theory infringes on the attorney-client relationship." *Id.* The court elaborated: "Providing a private right of action under CUTPA [the Connecticut equivalent to the CPA] to a supposedly aggrieved party for the actions of his or her opponent's attorney would stand the attorney-client relationship on its head and would compromise an attorney's duty of undivided loyalty to his or her client and thwart the exercise of the attorney's independent professional judgment on his or her client's behalf." *Id.* at 384-85 (citing *Suffield Dev. Assocs. Ltd. P'Ship v. Nat'l Loan Investors, L.P.*, 802 A.2d 44, 54 (Conn. 2002)). The *Suffield* court recognized the troubling incentives that would be created by exposing attorneys to consumer protection claims by adverse parties based on representations to a court: "[P]rotecting professional conduct from CUTPA liability ensures that no attorney is discouraged from intentional and aggressive actions, believed to be in the interest of a client, by fear of being held liable under CUTPA in the event that the action is later deemed to have been an

---

[7]   The Washington Supreme Court also relied on Connecticut case law when creating the "entrepreneurial" exception to the general rule that legal services are exempt from the CPA. *See Short*, 103 Wn.2d at 61, 64.

MEMO ISO SUTTELL MOTION
TO DISMISS CPA CLAIM - 11
CV-09-251-EFS
DWT 16742610v5 0093176-000001

1    intentional deviation from the standards of professional conduct." *Id.* at 54.  In

2    other words, allowing an adversary to prosecute a CPA claim against opposing

3    counsel would undermine the attorney's duties of undivided loyalty and zealous

4    advocacy.  *See* Rule of Professional Conduct 1.7, cmt. 1 ("Loyalty and

5    independent judgment are essential elements in the lawyer's relationship to a

6    client. Concurrent conflicts of interest can arise from the lawyer's responsibilities

7    to . . . a third person or from the lawyer's own interests.").

8         In additional support of its holding that the *Short* exception does not allow

9    parties to sue attorneys of their adversaries, the *Jeckle* court found that even if the

10   plaintiff's allegations touched on the entrepreneurial aspects of the defendant's

11   legal practice, they also involved the legal aspects of the practice.  *Jeckle*, 120

12   Wn. App. at 385.   This is an important limitation to the *Short* exception—if an

13   activity concerns both the business (entrepreneurial) and legal aspects of practice,

14   it cannot form the basis of a CPA claim; only those actions of lawyers that are

15   purely entrepreneurial can form the basis of a CPA claim.

16        *Jeckle* poses an insurmountable hurdle for plaintiffs' efforts to expand the

17   *Short* exception to cover court filings by an adversary's opponent.  First, it

18   precludes CPA claims against attorneys of adversaries based on court filings.

19   Second, it makes clear that plaintiffs' allegations do not fall within the *Short*

20

MEMO ISO SUTTELL MOTION
TO DISMISS CPA CLAIM - 12
CV-09-251-EFS
DWT 16742610v5 0093176-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1   exception.  Plaintiffs' allegation regarding the filing of third-party affidavits as

2   substantive support in a prior lawsuit falls within the very essence of practicing

3   law—in-court representation of a client.  It does not relate to the entrepreneurial

4   aspect of the Suttell Defendants' legal practice.  The same is true of a court filing

5   requesting fees by a prevailing party.  Even if, however, a fee request could

6   possibly be viewed as entrepreneurial because it touches upon fee calculation, it is

7   also plainly related to the Suttell Defendants' legal practice because it is an in-

8   court filing.  Under *Jeckle*, an activity touching on both the business and legal

9   aspects of practice cannot form the basis of a CPA claim.

10          The Suttell Defendants are not claiming that there is a general "adversarial

11   exemption" from the CPA or that the CPA requires a consumer or business

12   relationship.  The Washington Supreme Court held to the contrary in *Panag v.*

13   *Farmers Insurance Company*, concluding that a plaintiff who had been in a car

14   accident could bring a CPA claim against the other driver's insurance company

15   and its collection agency.  166 Wn.2d 27, 39, 42 (2009).  The Court brushed aside

16   concerns that its holding could expose attorneys to potential CPA claims for

17   actions brought on behalf of clients: "this Court has concluded that the CPA has

18   no application to the performance of legal services."  *Id.* at 56 n.14 (also noting

19   the entrepreneurial exception).  The limited applicability of *Panag* to the present

20

MEMO ISO SUTTELL MOTION
TO DISMISS CPA CLAIM - 13
CV-09-251-EFS
DWT 16742610v5 0093176-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1    case is plain—it did not involve a CPA claim against an adversary's attorney for

2    in-court filings or representations.

3         In addition, the Suttell Defendants are not claiming that there is a broad

4    exemption for lawyers under the CPA.  As described above, a CPA claim can be

5    based on a lawyer's actions relating to the entrepreneurial aspects of a legal

6    practice.  *See also Eriks v. Denver*, 118 Wn.2d 451, 463-65 (1992) (holding that a

7    lawyer's failure to disclose a potential conflict to ***his client*** could form the basis

8    of a CPA claim if it were done to obtain clients or increase profits).  A lawyer can

9    also be sued by his client under the CPA for the performance of non-legal

10   activities.  *See Styrk v. Cornerstone*, 61 Wn. App. 463, 471 (1991) (allowing a

11   CPA claim by ***a former client*** based on the lawyer's actions as an escrow agent).

12   But these are claims by the attorney's ***client.***  Neither of these scenarios covers

13   the present case, in which plaintiffs are attempting to bring a CPA claim against a

14   prior adversary's attorney solely based on court filings—actions that are at the

15   core of legal services.

16              **3.    Two Opinions From Sister Courts Confirm That No
                        Washington State Court Has Adopted Plaintiffs'**

17              **Interpretation Of The CPA.**

18        At least two courts in the Western District of Washington have confronted

19   issues similar to the one presented in this motion.  Both cases were FDCPA suits

20

MEMO ISO SUTTELL MOTION
TO DISMISS CPA CLAIM - 14
CV-09-251-EFS
DWT 16742610v5 0093176-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1  against the attorneys of former adversaries, and both included CPA claims.  Both

2  cases were based on allegations regarding the attorneys' actions in aid of debt

3  collection.  The plaintiffs in both cases were represented by the same counsel

4  representing plaintiffs in this case, Mr. Kinkley, and in both cases the attorney

5  defendants moved under Rule 12(b)(6) to dismiss the CPA claims.

6      In the first, Judge Lasnik granted in part the law firm's 12(b)(6) motion,

7  holding that a CPA claim cannot be based on a lawyer's alleged

8  misrepresentations to a court, which do not fall within *Short's* "entrepreneurial

9  aspects" exception:

10     In *Short*, the attorney misrepresented his services to his client,
       someone with whom he was engaged in commercial activity.  Here,
11     plaintiffs make no allegation that defendant misrepresented his fees
       and costs to his own clients; rather, they allege that his
12     misrepresentations were to the superior court.  ***The Court holds that a
       court proceeding does not constitute "trade or commerce" under the***
13     ***CPA.  The dearth of Washington case law on the applicability of the***
       ***CPA to judicial proceedings only supports this conclusion.***

14  *Medialdea v. Law Office of Evan L. Loeffler, PLLC*, 2009 WL 1767185, at *8

15  (W.D. Wash. 2009) (emphasis added).

16     In a later case, Judge Settle denied the defendant attorneys' 12(b)(6)

17  motion, distinguishing *Medialdea* in a brief analysis.  *Seyfarth v. Reese Law*

18  *Group, PLC*, 2010 WL 2698819, at *4 (W.D. Wash. 2010).  Seeming to accept

19  *Medialdea's* holding that in-court statements by an adversary's opponent do not

20

MEMO ISO SUTTELL MOTION
TO DISMISS CPA CLAIM - 15
CV-09-251-EFS

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1  fall within the *Short* exception, the court nonetheless noted that the *Seyfarth*

2  plaintiff was bringing a class action and thus was attacking the defendants' fee

3  requests as a "pattern or practice" that signified the defendants' method of

4  "conduct[ing] their business." *Id.*   The court mentioned *Jeckle's* holding that a

5  party may not bring a CPA claim against an adversary's attorney, but noted in a

6  single sentence that the "pattern or practice" aspect of plaintiffs' allegations made

7  that case inapplicable. *Id.* at *4-5.  Accordingly, the court held that the

8  defendants' filed fee requests from a prior case "may constitute the

9  entrepreneurial aspects of the practice of law," and it denied the 12(b)(6) motion.

10  *Id.* at *5.

11       Both opinions seem to agree that allegations regarding the in-court

12  representations of an adverse party's attorney do not fall within the *Short*

13  exception and thus cannot form the basis of a CPA claim.  The difference is

14  whether there is an "exception to the exception" for an allegation that an attorney

15  has attempted to deceive a court on multiple occasions.  With due respect to

16  Judge Settle, while alleged repetition may go to the "public interest" element, it

17  does not go the issue of whether an attorney's court filings are or are not covered

18  by the CPA.  No state court in Washington has ever created such an exception, as

19  evidenced by the *Seyfarth* court's failure to cite any such case and as expressly

20

MEMO ISO SUTTELL MOTION
TO DISMISS CPA CLAIM - 16
CV-09-251-EFS
DWT 16742610v5 0093176-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

recognized in *Medialdea*, 2009 WL 1767185, at *8. *See also Carter*, 2011 WL 396038.

The holdings in *Medialdea* and *Jeckle* provide the correct analysis. The absence of a single on-point Washington state case, coupled with the fact that this state law claim is before the Court based on supplemental jurisdiction,[8] dictate that the Court should refuse to broadly expand the *Short* exemption, and should find that allegations against an adversary's attorney based on representations made to a court cannot form the basis of a CPA claim.

### 4.    The Logical Consequences of Plaintiffs' Interpretation of the CPA Demonstrate Why It Cannot be Correct.

Under plaintiffs' interpretation of the CPA, a party to a lawsuit would always have the right to bring a second suit based on the in-court filings and representations of the opposing party's attorney. Even if plaintiffs attempted to limit their CPA claim to the Suttell Defendants' fee requests, unless plaintiffs advance a limiting principal, their theory would mean that every fee request filed in a Washington state court could be the subject of a later CPA suit against the

---

[8]    Federal courts exercising diversity or supplemental jurisdiction over state law questions often refuse to extend doctrines in the absence of state law precedent. *See, e.g.*, *Maricopa Country v. Mayberry*, 555 F.2d 207, 216 (9th Cir. 1977).

MEMO ISO SUTTELL MOTION
TO DISMISS CPA CLAIM - 17
CV-09-251-EFS
DWT 16742610v5 0093176-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1   requesting lawyer.  The chilling effect of such an extension would be pervasive,

2   which is exactly what the Connecticut Supreme Court recognized when it refused

3   to allow consumer protection suits by a party against the lawyer of an adversary:

4           [W]e must . . . take care not to adopt rules which will have a
            chilling and inhibitory effect on would-be litigants of justiciable

5           issues . . . .  [We seek] to avoid any rule that would interfere with
            the attorney's primary duty of robust representation of the interests

6           of his or her client.

7   *Suffield Devel. Assocs. L.P.*, 802 A.2d at 54 (quoting *Jackson v. R.G. Whipple,*

8   *Inc.*, 627 A.2d 374 (Conn. 1993)).

9           Carrying plaintiffs' position to its logical end demonstrates the absurdity

10  that could result.  Setting aside troubling and dispositive issues of res judicata,

11  collateral estoppel, and *Rooker-Feldman*, if a party lost a lawsuit and was

12  assessed fees, that party could bring a subsequent lawsuit against its adversary's

13  attorney and argue that the attorney's fee affidavit in the earlier case had violated

14  the CPA.  If the original losing party prevailed on the subsequent CPA claim, he

15  could seek fees under the CPA's fee-shifting provision, which would require an

16  affidavit.  But then this affidavit supporting fees in the CPA suit could form the

17  basis of yet another CPA claim by the losing party (the attorney for the prevailing

18  party in the original suit).  Like the stairwell in an M.C. Escher sketch, this chain

19  of lawsuits could last forever, each new suit based on an adverse attorney's filings

20
MEMO ISO SUTTELL MOTION
TO DISMISS CPA CLAIM - 18
CV-09-251-EFS
DWT 16742610v5 0093176-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1  in the suit before.  Any theory that would allow this interpretation of a

2  Washington statute cannot be correct and should be rejected by the Court.

3     **B.     Plaintiffs Gray, Lauber, Boolen and Finch Have Failed to Plead**
       **Injury to Business of Property**

4

5  As the Court has noted in connection with prior motion practice in this

   consolidated litigation, a plaintiff bringing a CPA claim must establish injury to
6
   property.  *See* Dkt No. 299 at 11-12 (Court Order discussing defect in claims that
7
   fail to allege injury to property); *Hangman Ridge,* 105 Wn.2d at 780.  Plaintiffs'
8
   Amended Complaint includes such an allegation for Dane Scott (¶ 8.29), but not
9
   for plaintiffs Gray, Lauber, Boolen and Finch.  As such, even if all CPA claims
10
   were not dismissed as to all plaintiffs for the reasons set forth above, such claims
11
   must be dismissed as to Gray, Lauber, Boolen and Finch for failure to state an
12
   essential element of their claim.
13
                        **III.    CONCLUSION**
14
   A CPA claim cannot be based on the court filings of an adversary's
15
   attorney.  Such a claim does not fit within *Short's* narrow "entrepreneurial"
16
   exception, and is further barred by *Jeckle's* prohibition on CPA suits against an
17
   adversary's attorney based on in-court filings and representations.  The Court
18
   should decline an invitation to extend *Short's* exception and modify *Jeckle's*
19
   prohibition, particularly in light of the absence of support in Washington case
20
   MEMO ISO SUTTELL MOTION
   TO DISMISS CPA CLAIM - 19
   CV-09-251-EFS
   DWT 16742610v5 0093176-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1   law, as recognized in *Medialdea*.  Finally, the potential consequences that would

2   result if plaintiffs' interpretation became law illustrate that it cannot be correct

3   and is highly unlikely to be adopted by a Washington state court that eventually

4   confronts the question.

5          The Suttell Defendant's motion should be granted, and plaintiffs' CPA

6   claims against the Suttell Defendants should be dismissed.  If a CPA claim

7   survives, the CPA claims of plaintiffs Gray, Lauber, Boolen and Finch are still

8   properly dismissed for want of any alleged injury to property.

9          DATED this 25th day of April, 2011.

10                              Davis Wright Tremaine LLP
                                Attorneys for Defendants
11                              Suttell & Hammer, P.S., Mark T. Case and Jane
                                Doe Case, Malisa L. Gurule and John Doe
12                              Gurule, Karen Hammer and Isaac Hammer, and
                                Bill Suttell and Jane Doe Suttell
13
                                By   *s/ Brad Fisher*
14                                  Brad Fisher, WSBA No. 19895

15                              WINSTON & CASHATT, LAWYERS,
                                A Professional Service Corporation
16                              Attorneys for Suttell & Associates, Mark & Jane
                                Doe Case, Karen & Isaac Hammer
17
                                By   *s/  Carl E. Hueber*
18                                  Carl E. Hueber, WSBA No. 12453

19

20
MEMO ISO SUTTELL MOTION
TO DISMISS CPA CLAIM - 20
CV-09-251-EFS
DWT 16742610v5 0093176-000001

## CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that on April 25, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

- **Michael David Kinkley**
  mkinkley@qwestoffice.net,pleadings@qwestoffice.net,pwittry@qwestoffice.net

- **Scott M Kinkley**
  skinkley@qwestoffice.net

- **Kirk D Miller**
  kmiller@millerlawspokane.com

- **Theodore W Seit**
  tseitz@dykema.com

- **Amy Gallegos**
  amy.gallegos@hoganlovells.com

- **John D. Munding**
  munding@crumb-munding.com

- **Richard Lee Stone**
  richard.stone@hoganlovells.com

DATED this 25th day of April, 2011.

Davis Wright Tremaine LLP
Attorneys for Defendants
Suttell & Hammer, P.S., Mark T. Case and Jane
Doe Case, Malisa L. Gurule and John Doe
Gurule, Karen Hammer and Isaac Hammer, and
Bill Suttell and Jane Doe Suttell

By  _s/ Brad Fisher_
Brad Fisher, WSBA #19895
1201 Third Avenue, Suite 2200
Seattle, Washington 98101-3045
Telephone: (206) 757-8042
Fax: (206) 757-7042
E-mail: bradfisher@dwt.com

MEMO ISO SUTTELL MOTION
TO DISMISS CPA CLAIM - 21
CV-09-251-EFS
DWT 16742610v5 0093176-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700