UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KELLI GRAY and all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>SUTTELL & ASSOCIATES; MIDLAND FUNDING, LLC; MARK T. CASE and JANE DOE CASE, husband and wife; and KAREN HAMMER and JOHN DOE HAMMER,<br><br>　　　　Defendants. | NO. CV-09-251-EFS<br>(NO. CV-10-5132-EFS)<br><br>**ORDER GRANTING THE ENCORE DEFENDANTS' MOTION TO COMPEL EVA LAUBER TO ARBITRATE HER CLAIMS** |
| EVA LAUBER, DANE SCOTT, SCOTT BOOLEN, JOEL FINCH, and all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>ENCORE CAPITAL GROUP, INC.; MIDLAND FUNDING, LLC; MIDLAND CREDIT MANAGEMENT, INC.; SUTTELL & HAMMER, PS.; MARK T. CASE and JANE DOE CASE, husband and wife; MALISA L. GURULE and JOHN DOE GURULE; KAREN HAMMER and ISAAC HAMMER, wife and husband; WILLIAM SUTTELL and JANE DOE SUTTELL, husband and wife;<br><br>　　　　Defendants. | |

Before the Court is Defendants Encore Capital Group, Inc. ("Encore"), Midland Funding, LLC ("Midland"), and Midland Credit Management, Inc.'s ("MCH") (collectively, the "Encore Defendants") Motion

ORDER * 1

to Compel Eva Lauber to Arbitrate Her Claims, ECF No. 356. The Court initially heard oral argument on this motion on July 6, 2011, ECF No. 400; following the hearing, the parties filed supplemental materials pertaining to this motion. After reviewing the submitted material and relevant legal authority, the Court grants the Encore Defendants' motion.

**A.  Background**

In November 2003, Ms. Lauber entered into a loan agreement ("Agreement") with Household Finance Corporation (HFC). The Agreement contained a separate two-page document titled, "Arbitration Rider," which states, "By signing this Arbitration Rider, you agree that either Lender or you may request that any claim, dispute, or controversy . . . arising from or relating to this Agreement . . . shall be resolved, upon the election of you or us by binding arbitration pursuant to this arbitration provision . . . ." ECF No. 358-4 at 1.  On the Arbitration Rider's second page, above Ms. Lauber's signature, is the following statement:

> **THE PARTIES ACKNOWLEDGE THAT THEY HAD A RIGHT TO LITIGATE CLAIMS THROUGH A COURT BEFORE A JUDGE OR JURY, BUT WILL NOT HAVE THAT RIGHT IF EITHER PARTY ELECTS ARBITRATION.  THE PARTIES HEREBY KNOWINGLY AND VOLUNTARILY WAIVE THEIR RIGHTS TO LITIGATE SUCH CLAIMS IN A COURT BEFORE A JUDGE OR JURY UPON ELECTION OF ARBITRATION BY EITHER PARTY.**

*Id.* at 2.

Ms. Lauber failed to pay the consumer debt. HFC assigned Ms. Lauber's account and all of it rights and interests pertaining to the Agreement to Midland Funding, LLC. Midland then brought a state court action against Ms. Lauber to collect the unpaid consumer debt. On November 10, 2010, Ms. Lauber filed a class action against Midland, its parent company, Encore, and its affiliate, MCH, alleging violations of

ORDER ∗ 2

the Fair Debt Collections Practices Act (FDCPA) and Washington state consumer protection statutes ("Lauber lawsuit"). The Lauber lawsuit was consolidated with the previously-filed Gray lawsuit. ECF No. 182. The Encore Defendants filed their motion to arbitrate on June 6, 2011.

**B. Authority and Analysis**

The Arbitration Rider is expressly governed by the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1-16, which favors arbitration agreements. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). Therefore, the Court must construe the Arbitration Rider's language in favor of arbitration. *See id.* at 25. And the Arbitration Rider controls unless the governing Washington state law's generally-applicable contract defenses apply. *See Al-Safin v. Circuit City Stores, Inc.*, 394 F.3d 1254, 1257 (9th Cir. 2005).

It is undisputed that Ms. Lauber's claims fall within those permitted to be subject to arbitration under the Arbitration Rider. The dispute instead centers on whether the Encore Defendants, non-signatories to the Arbitration Rider, may enforce it and, if so, whether they waived their right to seek arbitration by delaying their invocation of the Arbitration Rider.

The question of whether a non-signatory may enforce an arbitration agreement is a question for this Court to decide. *See Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1268 (9th Cir. 2006) ("The arbitrability of a particular dispute is a threshold issue to be decided by the courts."); *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales, Practices, & Prods. Liability Litig.* ("*In re Toyota*"), No. 8:10ML-02151-JVS (FMOx), 2012 WL 826854, *16-17 (C.D. Cal. Mar. 12, 2012). Courts

ORDER ~ 3

estop a signatory party from arguing that arbitration with a non-signatory is not required when 1) the claims are related to the agreement containing the arbitration provision, 2) the relationship between the signatory and non-signatory is sufficiently close, and 3) fairness requires enforcing the arbitration provision. *Contec Corp. v. Remote Solution Co., Ltd.*, 398 F.3d 205, 211 (2d Cir. 2005); *In re Toyota*, 2012 WL 826854 at 15; *Grigson v. Creative Artists Agency, LLC*, 210 F.3d 524, 527-28 (Tex. 2000); *see also* Application of Equitable Estoppel to Compel Arbitration By or Against Nonsignatory—State Cases, 22 A.L.R. 6th 387 (2012).

After considering these factors, the Court concludes that Ms. Lauber is estopped from arguing that the Encore Defendants may not exercise the right to arbitrate under the Arbitration Rider. Midland purchased charged-off accounts from HFC, including all of HFC's "rights, title, and interest in each and every one of the Accounts described in the Agreement." ECF No. 358-1. It is undisputed that Ms. Lauber's outstanding account was one of these purchased accounts. Accordingly, the Court finds the relationship between Ms. Lauber, a signatory, and the Encore Defendants, non-signatories, is sufficiently close. Also, the claims asserted in the Lauber lawsuit are related to the underlying Agreement: Ms. Lauber claims that the Encore Defendants violated the FDCPA and Washington consumer protection laws when they attempted to collect on the unpaid account. The Arbitration Rider's language broadly covers such claims:

> any claim, dispute or controversy (whether based upon contract; tort, intentional or otherwise; constitution; statute; common law; or equity and whether pre-existing, present, or future),

ORDER * 4

>     including initial claims, counter-claims, cross-claims, and
>     third-party claims, *arising from* or relating to this Agreement
>     or *the relationships which result from this Agreement* . . . .

ECF No. 358-4 (emphasis added). Absent enforcement of the Arbitration Rider under the circumstances, the Arbitration Rider would be "rendered meaningless and the federal policy in favor of arbitration effectively thwarted." *MS Dealer Serv. Corp. v. Franklin*, 177 F.3d 941, 948 (11th Cir. 1999) (quoting *Sam Reisfeld & Son Import Co. v. S.A. Eteco*, 530 F.2d 679, 681 (5th Cir. 1976)).

Ms. Lauber also argues that the Encore Defendants waived any right that they might have to submit to arbitration because they failed to immediately move for arbitration when served with her complaint. However, it was not until April 27, 2011, that the U.S. Supreme Court overturned prior binding case law and held that an arbitration agreement with a class-action waiver is enforceable and not unconscionable. *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740 (2011). The Encore Defendants timely filed their motion to arbitrate six weeks later on June 6, 2011. Under the circumstances, the Encore Defendants did not waive their right to seek arbitration under the Arbitration Rider.

///
///
///
///
///
///
//
/

ORDER * 5

**C.    Conclusion**

For the above-givens reasons, Ms. Lauber must submit her claims to arbitration.  Accordingly, **IT IS HEREBY ORDERED:** The Encore Defendants' Motion to Compel Eva Lauber to Arbitrate Her Claims, **ECF No. 356**, is **GRANTED**:  Ms. Lauber's claims asserted in this lawsuit are stayed pending completion of arbitration.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and distribute copies to counsel.

**DATED** this 16th  day of March 2012.

                         s/Edward F. Shea
                        EDWARD F. SHEA
                United States District Judge

Q:\Civil\2009\251.Dismiss.Arb.lc1.wpd

ORDER * 6