UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KELLI GRAY and all others similarly situated,<br><br>            Plaintiffs,<br><br>       v.<br><br>SUTTELL & ASSOCIATES; MIDLAND FUNDING, LLC; MARK T. CASE and JANE DOE CASE, husband and wife; and KAREN HAMMER and JOHN DOE HAMMER,<br><br>            Defendants. | NO. CV-09-251-EFS<br><br>**ORDER RULING ON PENDING MOTIONS** |
| EVA LAUBER; DANE SCOTT; SCOTT BOOLEN; JOEL FINCH; and all others similarly situated,<br><br>            Plaintiffs,<br><br>       v.<br><br>ENCORE CAPITAL GROUP, INC.; MIDLAND FUNDING, LLC; MIDLAND CREDIT MANAGEMENT, INC.; SUTTELL & HAMMER, PS.; MARK T. CASE and JANE DOE CASE, husband and wife; MALISA L. GURULE and JOHN DOE GURULE; KAREN HAMMER and ISAAC HAMMER, wife and husband; WILLIAM SUTTELL and JANE DOE SUTTELL, husband and wife;<br><br>            Defendants. | |

Hearings occurred in the above-captioned matter on July 6, 2011, and March 27, 2012.[1] Before the Court were several motions. The Court has

---

[1] The Minutes for those hearings reflect the counsel participating

ORDER * 1

entered Orders on two of those motions, ECF Nos. 410 & 413.  This Order serves to supplement and memorialize the Court's ruling on the three motions still pending: Defendants Encore Capital Group, Inc., Midland Funding, LLC, and Midland Credit Management, Inc.'s (collectively, "Encore Defendants") Motion to Dismiss Plaintiffs' State Law Claims Pursuant to FRCP 12(b)(6), ECF No. 306; Defendants Suttell & Associates, Mark and Jane Doe Case, and Karen and Isaac Hammer's (collectively, "Suttell Defendants") Motion to Dismiss Claims Brought under Consumer Protection Act, ECF No. 310; and the Suttell Defendants' Motion to Dismiss FDCPA Claims Re: Attorney Fees, ECF No. 313.  As explained below, the Court dismisses Plaintiffs' attorney-fee claims under the FDCPA and WCPA.

## I. Background[2]

### A. The *Gray* Lawsuit

Plaintiff Kelli Gray ordered an item from Spiegel Brands, Inc. ("Spiegel") mail-order catalogue and did not pay.  On December 4, 2007, Midland Funding, LLC ("Midland"), a debt-buying business, purchased Ms. Gray's defaulted Spiegel account.  Midland assigned the account to its

_____

in those hearings.  ECF Nos. 400 & 412.

    [2]    Because when ruling on a motion under Federal Rule of Civil Procedure 12(b)(6) the Court must construe the pleadings in the light most favorable to Plaintiffs and accept all material factual allegations in the complaint, this background section is based on the Amended Complaint, ECF No. 297.  *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).

ORDER * 2

servicer, Midland Credit Management, Inc. ("MCMI"), which determines whether certain accounts are "eligible" or "not eligible" for collection, and then turned the account over to a collection agency to collect the debt. Defendants Mark T. Case and Karen Hammer, attorneys for Defendant Suttell & Associates ("Suttell"), filed a lawsuit against Ms. Gray in Spokane County Superior Court to collect the debt.

On August 12, 2009, Ms. Gray filed this lawsuit. She, on her behalf and others similarly situated, alleges that Defendants violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, et seq., Washington Consumer Protection Act (WCPA), RCW ch. 19.86, and Washington Collection Agency Act (WCAA), RCW ch. 19.16, by 1) serving and filing time-barred lawsuits ("statute-of-limitations claim"); 2) requesting unreasonable attorney fees of $650.00 for a default judgment and $850.00 for a summary judgment ("attorney-fee claim"); and 3) acting as a collection agency without a collection agency license ("license claim").

**B.    The *Lauber* lawsuit**

Plaintiffs Eva Lauber, Dane Scott, Scott Boolen, and Joel Finch (collectively, "Lauber Plaintiffs"), like Ms. Gray, were obligated to pay a debt and failed to do so. On November 10, 2010, they filed a complaint alleging violations of the FDCPA, WCPA, and WCAA, based on: 1) filing unfair, deceptive, and misleading affidavits in support of state-court default and summary judgment motions ("affidavit claim"); and 2) a license claim.

In addition to those defendants named in the *Gray* lawsuit, the Lauber Plaintiffs also named as defendants Encore Capital Group, Inc.

1  ("Encore"), which purchases and manages charged-off consumer portfolios,

2  and MCMI.[3]

3  **C.    Consolidation and the Encore Defendants' Motion to Dismiss**

4      On December 29, 2010, the Court consolidated the *Gray* lawsuit with

5  the *Lauber* lawsuit.   ECF No. 182.   On January 24, 2011, the Encore

6  Defendants filed a Motion to Dismiss the WCPA claims in the *Lauber*

7  lawsuit, ECF No. 195, arguing that the Lauber Plaintiffs did not

8  sufficiently plead their WCPA claims to include injury to business or

9  property.   In an attempt to cure this perceived defect, Plaintiffs filed

10 two motions on February 14, 2011: 1) to allow Ruby J. Marcy and Marla J.

11 Herbert to intervene in this action, ECF No. 220, and 2) to amend the

12 complaint, ECF No. 223.   On March 23, 2011, the Court granted Plaintiffs'

13 request to amend or correct the complaint, allowed the Encore Defendants

14 to re-file their motion to dismiss based on the amended complaint, and

15 denied with leave to renew Ms. Marcy and Ms. Herbert's motion to

16 intervene.[4]

17 **D.   The *Brent* Injunction**

18     On March 11, 2011, the district court in the Northern District of

19 Ohio issued a preliminary injunction in *Midland Funding, LLC v. Brent*,

20 No. 3:08-CV-1434-DAK (N.D. Ohio) ("*Brent*").   The *Brent* preliminary

21 injunction prohibits individuals from:

22  _____

23     [3] Defendants Encore, Midland, and MCMI share the same address,

24 employees, corporate governance, and software.

25     [4] Because Ms. Marcy and Ms. Herbert are not plaintiffs, any claims

26 asserted on their behalf in the Amended Complaint are of no effect.

ORDER * 4

> participating as class members in any lawsuit in any forum, or otherwise filing, intervening in, commencing, prosecuting, continuing and/or litigating any lawsuit in any forum arising out of or relating to the use of affidavits in debt collection lawsuits by Encore Capital Group, Inc., and/or its subsidiaries and affiliates, including but not limited to Midland Credit Management, Inc., Midland Funding LLC, MRC Receivables Corp., and Midland Funding NCC-2 Corp., unless and until such time as the Class member involved in such action timely and validly excludes himself or herself from the class to pursue individual relief.

ECF No. 272-3. Interpreting that preliminary injunction, the Court concluded that Plaintiffs could still pursue in this lawsuit: 1) the attorney-fee, licensing, and statute-of-limitations claims against the Suttell Defendants and the Encore Defendants, and 2) the affidavit claim against the Suttell Defendants. ECF Nos. 299 & 364.

**E.   Other Developments**

On April 89, 2011, Plaintiffs filed an Amended Complaint, ECF No. 297, alleging FDCPA, WCPA, and WCAA claims. The instant dismissal motions quickly followed. On June 6, 2011, the Encore Defendants moved to compel Ms. Lauber to arbitrate her claims, ECF No. 356; the Court granted this motion on March 19, 2012, ECF No. 410.

## II.   Authority and Analysis

**A.   Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the pleadings. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A complaint may be dismissed for failure to state a claim under Rule 12(b)(6) where the factual allegations do not raise the right to relief above the speculative level. *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Conversely, a complaint may not be dismissed for failure to

1  state a claim where the allegations plausibly show that the pleader is
2  entitled to relief. *Twombly*, 550 U.S. at 555.

3  **B.    The Suttell Defendants' Motion to Dismiss FDCPA Claims**

4        The Suttell Defendants move to dismiss Plaintiffs' FDCPA attorney-
5  fee claims, arguing that a request for a standardized attorney fee, such
6  as their $650.00 default judgment attorney-fee request and their $850.00
7  summary judgment attorney-fee request, in a court pleading is not unfair
8  or deceptive conduct under the FDCPA.   The Court agrees.

9        The FDCPA prohibits debt collectors from engaging in various abusive
10 and unfair practices. *Heintz v. Jenkins*, 514 U.S. 291, 292-93 (1995).
11 As lawyers who collect debts through litigation, the Suttell Defendants
12 are "debt collectors" under the FDCPA.   *See McCollough v. Johnson,*
13 *Rodenburg & Lauinger, LLC*, 637 F.3d 939, 951 (9th Cir. 2011) (citing
14 *Heintz*, 514 U.S. at 294).   Therefore, they are prohibited from using
15 "unfair or unconscionable means to collect or attempt to collect debt,"
16 15 U.S.C. § 1692f(1), and "any false, deceptive, or misleading
17 representation or means in connection with the collection of any debt,"
18 including "[t]he false representation of . . . (A) the character, amount,
19 or legal status of any debt; or (B) any . . . compensation which may be
20 lawfully received by any debt collector for the collection of a debt,"
21 *id.* § 1692e(2).

22       The FDCPA focuses solely on a debt collector's communication to the
23 consumer.   Therefore, courts have found that the FDCPA does not apply
24 where the alleged misleading or deceptive statement was made to the
25 court, not the consumer. *See O'Rourke v. Palisades Acquisition CVI, LLC*,
26 635 F.3d 938, 942-944 (7th Cir. 2011) (holding that FDCPA protections do
   not extend beyond the consumer to misleading communications to third

ORDER * 6

1   parties, including judges); *Sayyed v. Wolpoff & Abramson, LLP*, 733 F.

2   Supp. 2d 635 (D. Md. 2010) (finding a request to a state court for

3   attorney fees contained in a motion for summary judgment does not

4   constitute a misrepresentation to a consumer).

5       Plaintiffs contend the Ninth Circuit in *McCollough v. Johnson,*

6   *Rodenberg & Lauinger, LLC*, 637 F.3d 939 (9th Cir. 2001), decided that an

7   attorney's deceptive attorney-fee representation to the state court is

8   actionable under the FDCPA.  *McCollough*, however, did not involve a

9   challenge to the claimed reasonableness of the requested attorney fee;

10  rather, it addressed whether a FDCPA claim could be brought against an

11  attorney who filed and continued a debt-collection lawsuit

12  notwithstanding being told by the client that the applicable statute of

13  limitations had run and that there was no contract or other basis under

14  which the debtor was liable for the client's attorney fees.  Nothing in

15  *McCollough* suggests that a party making a claim for a "reasonable fee"

16  before a state court deceives a consumer when it does not submit, nor

17  does the state court require, any additional analysis for determining

18  reasonableness.  *See also Cisneros v. Neuheisel Law Firm, P.C.*, No. CV06-

19  1467-PHX-DGC, 2008 WL 65608, *4 (D. Ariz. Jan. 3, 2008) (unpublished)

20  (holding that the defendant's attorney-fee request in state court did not

21  constitute an unfair or deceptive act or practice under the FDCPA).

22  Furthermore, as stated above, it is illogical for the Court to consider

23  whether the attorney-fee request submitted to the state court, not the

24  consumer, was deceptive, unfair, or unreasonable under the FDCPA's least

25  sophisticated consumer standard.

26      Here, in support of their attorney-fee request, the Suttell

Defendants did not submit billing or time records to the state court but

ORDER * 7

simply stated that $650.00 and $850.00 were reasonable attorney fees for default judgment and summary judgment proceedings, respectively, and they requested that the state court award that amount.  Based on the record before it, the state court found the attorney-fee requests reasonable. The state court could have requested additional documentation, such as contemporaneous billing records, before awarding a fee.  It did not. This Court will not revisit the state court's reasonableness conclusion. *See Medialdea v. Law Office of Evan L. Loeffler, PLLC*, No. C09-55RSL, 2009 WL 1767185, *7 (W.D. Wash. June 19, 2009) ("Plaintiffs' attempt to re-litigate their state court case via federal FDCPA suit fails."); *Manufactured Home Cmty. Inc. v. City of San Jose*, 420 F.3d 1022, 1032 (9th Cir. 2005).

Accordingly, the Court concludes Plaintiffs fail to state a FDCPA attorney-fee claim against the Suttell Defendants; the Suttell Defendants' motion to dismiss, ECF No. 313, is granted in this regard.

**C.   The Encore Defendants' Motions Seeking Dismissal of the WCPA Claims**

The Encore Defendants move to dismiss Plaintiffs' WCPA claims, arguing the Amended Complaint fails to assert facts demonstrating that Plaintiffs suffered an injury to business or property.  ECF No. 306.  The Suttell Defendants join in the motion, ECF No. 309, and also seek dismissal of the WCPA claims because Plaintiffs 1) cannot satisfy the WCPA's deceptive-act-or-practice requirement, ECF No. 313, or trade-or-commerce requirement, ECF No. 310, and 2) cannot bring a lawsuit against a former adversary's attorney and law firm, *id*.

To prevail on a WCPA claim, a plaintiff must show: "(1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public

1    interest impact; (4) injury to plaintiff in his or her business or

2    property; [and] (5) causation." *Hangman Ridge Training Stables, Inc. v.*

3    *Safeco Title Ins. Co.*, 105 Wn.2d 778, 780 (1986).  Defendants contend

4    that Plaintiffs failed to plead the first (unfair or deceptive act or

5    practice), second (trade or commerce), and third (injury to business or

6    property) requirements.  Below the Court analyzes each of these contested

7    elements.

8        1.   Deceptive Act or Practice

9        The Suttell Defendants argue their decision to utilize a

10   standardized fee rather than the lodestar method to calculate the

11   reasonableness of the attorney fees is not a deceptive act or practice.

12   ECF No. 313.  In response, Plaintiffs argue the term "reasonable attorney

13   fee" is a term of art under Washington law and the lodestar method must

14   be applied so the court can determine the reasonableness of a fee

15   request.

16       Under the lodestar method, a prevailing party's attorney fees are

17   calculated by multiplying the numbers of hours reasonably expended on the

18   litigation by a reasonable hourly local rate.  *Mahler v. Szucs*, 135 Wn.2d

19   398, 434 (1998); *Scott Fetzer Co. v. Weeks*, 114 Wn.2d 109, 150 (1990).

20   To determine whether the lodestar method must be applied in a particular

21   case, courts look to the statute under which the action was brought.

22   *Highland Sch. Dist. No. 203 v. Racy*, 149 Wn. App. 307, 314 (2009) ("We

23   find no authority for the proposition that the trial court had to use a

24   lodestar analysis under RCW 4.84.185.").

25       Plaintiffs cite no authority demonstrating that the reasonableness

26   of an attorney-fee request in a collection action *must* be determined by

the lodestar method.  Plaintiffs cite only to *Edmonds v. John L. Scott Real Estate, Inc.*, 87 Wn. App. 834, 856-57 (1997), in which the court recognized that in cases in which a contract provides for the award of reasonable attorney fees upon breach, "attorney fees are calculated by establishing a lodestar fee and then adjusting it up or down based upon the contingent nature of success and, in exceptional circumstances, based also on the quality of work performed." *Id*.  Yet, the lodestar method is only the "starting point" for making such an award.  *Metro. Mortg. & Sec. Co., Inc. v. Becker,* 64 Wn. App. 626, 633 (1992).  Indeed, Washington law does not require that every attorney-fee request utilize the lodestar method.  *Highland Sch. Dist. No. 203 v. Racy*, 149 Wn. App. 307, 316 n.5 (2009) ("A trial court is not mandated to follow the lodestar approach in all cases involving reasonable attorney fee awards. Instead, the award should be guided by the lodestar analysis.").

Here, Defendants' attorney-fee requests were not consistent with the lodestar method, i.e., Defendants did not identify the hours expended or their hourly rate.  And Defendants did not request a statutory fee, the fee paid by Suttell's clients, or a fee based on Superior Court Rule. Rather, Defendants requested a standardized fee that they claimed was reasonable.  The state court granted the attorney-fee requests without requiring anything more.  Because Washington state law did not require Defendants to utilize the lodestar method and it was the state court's responsibility for determining the reasonableness of a claimed attorney fee, the Court finds Plaintiffs fail to allege a deceptive act or practice under the WCPA.  Accordingly, the Suttell Defendants' motion to dismiss the WCPA attorneys-fee claim is granted.

2.  <u>Trade or Commerce</u>

The Suttell Defendants ask the Court to dismiss Plaintiffs' WCPA claims against them because the complained-of actions (requesting a standardized attorney fee in state court) did not occur in trade or commerce given that they were part of the practice of law.  ECF No. 310. Plaintiffs counter that the Suttell Defendants' services were rendered for the purpose of obtaining clients and profits and thus were entrepreneurial, not legal, in nature.

Trade or commerce is defined as "the sale of assets or services, and any commerce directly or indirectly affecting the people of the state of Washington." RCW 19.86.010(2).  Claims directed to a lawyer's competence or strategy employed do not satisfy the WCPA's "trade or commerce" element; however, certain "entrepreneurial aspects of legal practice" may fall within the WCPA's "trade or commerce" definition.  *Michael v. Mosquera-Lacy*, 165 Wn.2d 595, 603 (2009).  These entrepreneurial aspects include 1) how the price of legal services is determined and 2) the way a law firm obtains, retains, and dismisses clients. *Short v. Demopolis*, 103 Wn.2d 52, 61 (1984); *Quinn v. Connelly*, 63 Wn. App. 733, 742 (1992). Yet, "[m]erely obtaining fees, either through the judicial process or the process of billing a client for the services rendered does not convert . . . [legal] services into 'entrepreneurial' actions . . . ." *Carter v. Suttell & Assocs.*, PS, No. 63638-6-I, 2011 WL 396038, *5 (Wash. App. Jan. 13, 2011) (unpublished).

Here, the Court concludes the Amended Complaint fails to satisfy the CPA's trade-or-commerce requirement.  The Suttell Defendants' use of standardized forms to request attorneys fees in state court debt-

collection proceedings is a strategy they employ to collect their claimed reasonable attorney fees. That they widely use this process for requesting attorney fees from the state courts does not alter the fundamental fact that this is a process to collect attorney fees for legal services performed, and not an entrepreneurial aspect of legal practice. *See Medialdea*, 2009 WL 1767185 at *8 (finding that plaintiff could not pursue WCPA claim against an attorney for his attorney fee petition in a state court unlawful-detainer proceeding); *cf. Seyfarth v. Reese Law Group, P.L.C.*, No. C09-5727BHS, 2010 WL 2698819, *4 (W.D. Wash. July 7, 2010) (allowing plaintiff's WCPA claim challenging the attorney defendants' general business practice of requesting attorney fees in state court to survive a motion to dismiss).

Accordingly, the Court concludes the Amended Complaint's allegations fail to satisfy the WCPA's trade-or-commerce requirement. The Suttell Defendants' motion, ECF No. 310, is granted in this regard.

       3.  <u>Injury to Business or Property</u>

All Defendants argue the Amended Complaint fails to assert facts demonstrating Plaintiffs suffered an injury to business or property. ECF Nos. 306, 309, & 310. A private WCPA claim "requires a showing that plaintiff was injured in his or her business or property." *Hangman Ridge Training Stables, Inc.*, 105 Wn.2d at 785 (internal quotation omitted); *see also* RCW 19.86.090 ("Any person who is injured in his or her business or property" by a violation of the WCPA may bring an action in Superior Court.); *Steele v. Extendicare Health Servs., Inc.*, 607 F. Supp. 2d 1226, 1231 (W.D. Wash. 2001) ("[A] plaintiff must prove, as an independent element of a CPA claim, 'injury to plaintiff in his business or

property.'" (internal quotation omitted)).   The Court addresses each Plaintiffs' claimed injury in turn.

   a.  *Dane Scott*

Defendants argue that Mr. Scott's WCPA claim fails because the asserted injury (garnishment) is not an "injury to business or property" for WCPA purposes given that he owed the debt garnished.   In the Amended Complaint, Mr. Scott claims:

> The Suttell Defendants . . . engaged in deceptive acts and practices . . . that have caused injury to the Plaintiffs' property, including . . . garnishment . . . and Judgments for inflated amounts.

ECF No. 297 ¶ 15.24 (emphasis added).

To the extent that Mr. Scott alleges an injury as a result of the garnished amount based solely on the underlying debt and interest thereon, Mr. Scott fails to allege an injury to business or property. *See Flores v. The Rawlings Co., LLC*, 117 Hawaii 153, 157 (2008) (finding that although the defendant's collection activities might have violated state statutes, the plaintiffs were not injured by paying the underlying debt since the debt was valid); *Camacho v. Auto. Club of S. Cal.*, 142 Cal. App. 4th 1394, 1405 (2006) (finding that the plaintiff could not establish an injury from allegedly unfair collection practice where he conceded liability and owed the amounts that were collected).

The Court understands that Mr. Scott's allegation, however, focuses instead on his assertion that he has suffered an injury as a result of the attorney-fees judgment.   The Court finds this alleged injury satisfies the WCPA's injury requirement for pleading purposes. Accordingly, Defendants' motions are denied in this regard.

ORDER * 13

1              b.   *Scott Boolen and Joel Finch*

2       At the July 6, 2011 hearing, Plaintiffs conceded that the Amended

3   Complaint fails to allege that Mr. Boolen and Mr. Finch suffered an

4   injury to business or property.  Accordingly, Mr. Finch and Mr. Boolen's

5   WCPA claims are dismissed for failure to assert an injury to business or

6   property.  Defendants' motion to dismiss is granted in this regard.

7              c.   *Kelli Gray*

8       Plaintiffs assert that Ms. Gray "incurred attorney fees and costs

9   successfully defending the state court lawsuit as well as investigating

10  the claims of defendants."  ECF No. 345 at 7.  Yet, time and financial

11  resources expended to defend a debt collection action and/or to pursue

12  a WCPA claim do not satisfy the WCPA's injury requirement.  *Sign-O-Lite*

13  *Signs, Inc. v. DeLaurenti Florists, Inc.*, 64 Wn. App. 553, 564 (1992).

14  "Investigation expenses and other costs resulting from a deceptive

15  business practice" are sufficient to establish the injury requirement.

16  *Panag v. Farmers Ins. Co. of Wash.*, 166 Wn.2d 27, 62-63 (2009).  Here,

17  there are no facts to support Ms. Gray's assertion that she utilized her

18  own time or money or paid a third party, including her attorneys, to

19  investigate Defendants' alleged deceptive business practices.  Therefore,

20  the Amended Complaints fails to state that Ms. Gray suffered an injury

21  to her property or business.  Defendants' motion is granted in this

22  regard.

23             d.   *Eva Lauber*

24      On March 29, 2012, the Court ordered Ms. Lauber to arbitrate her

25  claims.  Accordingly, Defendants' motion is denied as moot as to Ms.

26  Lauber.

ORDER * 14

4.    <u>Action Against Adversary Attorney</u>

The Suttell Defendants argue the WCPA does not allow a party from a prior lawsuit to bring a subsequent claim against his adversary's counsel based on the attorney's filings in the first lawsuit because such a claim would infringe on the attorney-client relationship.  Given the Court's above finding that Plaintiffs' WCPA attorney-fee claim fails to survive the pleading stage, the Court need not reach this argument. Accordingly, the Suttell Defendants' motion, ECF No. 310, is denied as moot in this regard.

**III.  Conclusion**

For the above given reasons, **IT IS HEREBY ORDERED:**

1.    The Encore Defendants' Motion to Dismiss Plaintiffs' State Law Claims Pursuant to FRCP 12(b)(6), **ECF No. 306**, is **GRANTED IN PART** (WCPA injury requirement is lacking as to Mr. Boolen, Mr. Finch, and Ms. Gray), **DENIED AS MOOT IN PART** (Ms. Lauber), **and DENIED IN PART** (Mr. Scott satisfies the WCPA's injury requirement).

2.    The Suttell Defendants' Motion to Dismiss Claims Brought under Consumer Protection Act, **ECF No. 310**, is **GRANTED IN PART** (WCPA injury requirement is lacking as to Mr. Boolen, Mr. Finch, and Ms. Gray, and the trade-or-commerce requirement is lacking), **DENIED AS MOOT IN PART** (Ms. Lauber; argument that Plaintiffs may not pursue WCPA attorney-fee claim against former adversary's attorney), **and DENIED IN PART** (Mr. Scott satisfies the WCPA's injury requirement).

///

//

/

1      3.    The Suttell Defendants' Motion to Dismiss FDCPA Claims Re:

2  Attorney Fees, **ECF No. 313**, is **GRANTED** (FDCPA attorney-fee claim, and

3  WCPA deceptive-act-or-practice requirement is lacking).

4      **IT IS SO ORDERED.** The District Court Executive is directed to enter

5  this Order and distribute copies to counsel.

6      **DATED** this  __28th__  day of March 2012.

7

8                          S/ Edward F. Shea
                    _____
                           EDWARD F. SHEA
9                   United States District Judge

10  Q:\Civil\2009\251.pndgmotions.march.final.lc1.wpd

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER * 16