JOHN D. MUNDING, WSBA #21734
CRUMB & MUNDING, P.S.
1610 W. Riverside Ave.
Spokane, WA 99201
Phone: 509-624-6464
john@mundinglaw.com

Attorneys for Defendants *Encore Capital Group, Inc., Midland Funding, LLC, and Midland Credit Management, Inc.*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON AT SPOKANE

| | |
|---|---|
| KELLI GRAY, and all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SUTTELL & ASSOCIATES, *et. al.*<br><br>Defendant.<br><hr>EVA LAUBER, DANE SCOTT, SCOTT BOOLEN, JOEL FINCH and all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ENCORE CAPITOL GROUP, INC., *et. al.*<br><br>Defendants. | Case No. 2:09-cv-251-EFS<br><br>**(CONSOLIDATED CASE)**<br><br>**DEFENDANTS MIDLAND CREDIT MANAGEMENT, INC., MIDLAND FUNDING, LLC AND ENCORE CAPITAL GROUP, INC.'S STATEMENT OF FACTS IN SUPPORT OF SECOND MOTION FOR SUMMARY JUDGMENT** |

# MIDLAND DEFENDANTS' STATEMENT OF FACTS

1. Plaintiff Dane Scott ("Scott") admitted he owed $5,208.19 on his Washington Mutual account ending in 3330 as of the statement date December 24, 2008:

Q. Final statement in Exhibit 1, payment due date January 20, 2009. Do you have that statement in front of you?

A. **I do.**

Q. Any reason to believe this is not a true and correct copy of the monthly account statement for the account ending in 3330?

A. **No.**

Q. And do you see the balance that's stated as due as of December 24, 2008?

A. **I do.**

Q. And what is the balance that was due as of that date?

A. **5,208.19**

Q. Do you have any reason to believe that that is not the true and correct amount that was owed on the Washington Mutual account ending in 3330 as of December 24, 2008?

A. **No.**

***

Q. If this affidavit states that you owed $5,208.19 on a Washington Mutual account ending in 3330, you would not have disputed that assertion; correct?

A. **Probably not.**

Q. So if you had been called into court in this lawsuit and asked to raise your right hand, and you were testifying under oath on the stand and you were asked, Mr. Scott, did you have an account ending in 3330 with a balance of $5,208.19, you would have confirmed that to the court; correct?

A. **Most likely, given the paperwork I've seen.**

(Declaration of John D. Munding, Ex. "B", pp. 17-18; 28).

2. The Judgment entered against Dane Scott in the Superior Court for the State of Washington, County of Benton included the principal amount of $5208.19, which Scott admitted he owed. (Declaration of John D. Munding, Ex. "C").

3. Scott also testified that the damages he has allegedly sustained in this case are the amounts that have been garnished from his wages:

> Q. Are you making a claim that you've been damaged beyond that dollar amount that was deducted from your paychecks?
>
> A. No.

(Declaration of John D. Munding, Ex. "B", p. 43).

4. The amount garnished from Scott's wages is less than the principal balance portion of the Judgment:

> Q. What's the total amount that has been garnished?
>
> **A. To the best of my recollection, about – I think $2,400, but I'm not positive.**

(Declaration of John D. Munding, Ex. "B", p. 29).

5. At all relevant times to Plaintiffs' Amended Complaint, MCM maintained procedures for monitoring licensing requirements in the State of Washington and for ensuring the Midland Defendants complied with those licensing requirements. (Declaration of Gregory Gerkin, ¶ 2).

6. MCM reviewed and analyzed the applicable licensing laws and continually monitored those laws for changes in licensing requirements. When required to be licensed, MCM maintained procedures for obtaining the necessary licenses for the Midland Defendants. (Declaration of Gregory Gerkin, ¶ 3).

7. As part of its procedures for complying with the Washington licensing laws, MCM monitored the publications, findings, and determinations of the Washington Department of Licensing ("Licensing Department") and the Collection Agency Board (the "Collection Agency Board")—the state entities that govern the licensing and enforcement of the Washington Collection Agency Act ("WCAA"). (Declaration of Gregory Gerkin, ¶ 4).

8. For example, at all relevant times, MCM was required to be licensed in the State of Washington. In compliance with the WCAA, MCM first obtained its Collection Agency License on July 12, 2000. Since that time, MCM has sought and obtained additional collection agency business, for each of MCM's branch offices. MCM currently holds six Washington collection agency licenses. (Declaration of Gregory Gerkin, ¶ 5).

9. At the time Plaintiffs filed their lawsuits against the Midland Defendants in 2009, the Collection Agency Board—the agency charged with administering the WCAA—had adopted an interpretation that debt buyers such as Midland Funding were not required to be licensed under the WCAA. (Declaration of Gregory Gerkin, ¶ 6).

10. Based on the Collection Agency Board's determinations, MCM reasonably understood the WCAA's licensure requirement not to apply to Midland Funding. (Declaration of Gregory Gerkin, ¶ 7).

11. In 2013, the Washington legislature amended the WCAA to plainly include within the WCAA's licensure requirements debt buyers such as Midland Funding. (Declaration of Gregory Gerkin, ¶ 8).

12. As a result, in early August 2013, MCM, pursuant to its maintained procedures, immediately took the necessary steps to obtain a Collection Agency License for

MIDLAND DEFENDANTS'
STATEMENT OF FACTS IN SUPPORT OF
SECOND MOTION FOR SUMMARY DISPOSITION        4

Midland Funding, which was ultimately issued on September 26, 2013. (Declaration of Gregory Gerkin, ¶ 9).

13. Midland Funding is a passive debt buyer that has no employees and is merely a holding company for delinquent accounts, including Plaintiffs' accounts. (Declaration of Gregory Gerkin, ¶ 10).

CRUMB & MUNDING, P.S.

*/s/ John D. Munding*
JOHN D. MUNDING, WSBA #21734

THEODORE W. SEITZ (*pro hac vice*)
DYKEMA GOSSETT PLLC
201 Townsend St., Ste. 900
Lansing, MI 48933
(517) 374-9149

*Attorneys for Defendants Encore Capital Group, Inc., Midland Funding, LLC, and Midland Credit Management, Inc.*

# CERTIFICATE OF SERVICE

I, Blake A. Robertson the undersigned, hereby certify that on August 7, 2015, I electronically filed the foregoing Statement of Facts in Support of Second Motion for Summary Judgment with the Court using the Court's CM/ECF system, which will send notification of such filing to the following persons:

| | |
|---|---|
| Bradley L Fisher<br>bradfisher@dwt.com,<br>barbaramcadams@dwt.com,<br>seadocket@dwt.com | Kirk D Miller<br>kmiller@millerlawspokane.com |
| Theodore W Seitz<br>tseitz@dykema.com | Michael David Kinkley<br>mkinkley@qwestoffice.net,<br>pleadings@qwestoffice.net,<br>pwittry@qwestoffice.net |

CRUMB & MUNDING, P.S.

*/s/ Blake A. Robertson*
BLAKE A. ROBERTSON