Kirk D. Miller
*Kirk D. Miller, P.S.*
421 W. Riverside Avenue
Suite 660
Spokane, WA 99201
(509) 413-1494 Telephone
(509) 413-1724 Facsimile
kmiller@millerlawspokane.com

# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KELLI GRAY, et al and all others similarly situated, | Case No.: 2:09-CV-00251-SAB |
| Plaintiffs, | SECOND MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT |
| v. | |
| SUTTELL & ASSOCIATES, et al., | |
| Defendants. | |
| EVA LAUBER, et al., | |
| Plaintiffs, | |
| v. | |
| ENCORE CAPITAL GROUP, INC., et al., | |
| Defendants. | |

///

PLAINTIFFS' SECOND MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT -1

## I. MOTION

Plaintiffs, by and through their attorney Kirk D. Miller of Kirk D. Miller, P.S., move the Court for an Order granting leave to file an amended complaint in this matter. A copy of the proposed amendment is attached hereto as Exhibit A.

## II. BACKGROUND

On August 12, 2009, Plaintiff Kelli Gray filed this lawsuit. ECF No. 1. By January 6, 2010, all Defendants had been served or waived service, had appeared through counsel, and filed answers to the complaint. ECF Nos. 2 – 9, 11 – 13. On July 12, 2010, Plaintiffs filed their first motion for class certification. ECF No. 28. By stipulation of the parties, the Court continued the motion for class certification, along with several other discovery motions pending at the time until February 16, 2011, and issued a new scheduling order. ECF No. 101.

On November 10, 2010, *Lauber et. al. v. Encore Capital Group, Inc*. was filed with the Court under case no. 2:10-cv-05132-LRS. *Lauber* was a class action involving the same parties and many of the same causes of action. On November 19, 2010, Plaintiffs moved to consolidate the *Lauber* case with the *Gray* case. On December 29, 2010, over Defendants' opposition, the Court consolidated the two cases. With the motion to consolidate pending, on December 3, 2010, the Court stayed scheduled depositions until after ruling on the motion to consolidate. ECF

PLAINTIFFS' SECOND MOTION
FOR LEAVE TO FILE SECOND
AMENDED COMPLAINT -2

No. 171. On February 14, 2011, after the *Lauber* case was consolidated with *Gray*, Plaintiffs moved to amend/correct the complaint. ECF No. 223.

On March 23, 2011, at the hearing on Plaintiff's motion for class certification, the Encore defendants announced that they had reached a nation-wide settlement of the robo-signing issue in *Midland Funding, LLC v. Brent*, No. 3:08-cv-1434-DAK (N.D. Ohio). On April 15, 2011, the Court ruled on multiple motions heard on March 23, 2011. ECF No. 299. In order to avoid violating an injunction issued by the *Brent* court, this Court denied, with leave to renew, Plaintiffs' motions for class certification. *Id.* The Court granted Plaintiffs' motion to amend/correct the complaint. *Id.* The first Amended Complaint was filed on April 8, 2011. ECF No. 297.

The *Brent* settlement was challenged and the NDOH decision approving the settlement was ultimately reversed in the Sixth Circuit Court of Appeals. The Midland defendants quickly settled a nation-wide class with a different Ohio plaintiff, *Vassalle*, under slightly modified settlement terms and the settlement was again challenged on appeal (the *Vassalle* matter).

On March 19, 2012, the Court granted the Encore Defendants' motion to compel arbitration which stayed Plaintiff Lauber's claims pending completion of arbitration. ECF No. 410. However, Defendants did not initiate an arbitration.

On February 8, 2013, this Court ordered certified questions on state law sent to the Washington State Supreme Court. ECF No. 447. The case was again stayed pending ruling on the certified questions and a mandate from the Sixth Circuit Court of Appeals. ECF No. 448. On May 13, 2014, Michael Kinkley, lead counsel for the Plaintiffs, passed away. The stay was lifted on October 1, 2014 following the Washington Supreme Court's decision on the certified questions. ECF No. 464. On December 18, 2014, a second amended scheduling order was entered. ECF No. 469.

On February 2, 2015, Plaintiffs filed their second motion to amend/correct the complaint. ECF No. 472. On March 24, 2015, Plaintiffs gave notice to the Court regarding a motion to enforce/hold the *Gray* Plaintiffs in contempt, filed by the Encore and Midland defendants in the *Vassalle* matter. ECF No. 488. On March 25, 2015, the Court ordered another stay on Plaintiffs second motion to amend complaint pending ruling on the defendants' motion in *Vassalle*. ECF No. 489.

On September 1, 2015, Judge Shea entered an Order extending the discovery cutoff. ECF No. 554. On November 25, 2015, Judge Shea entered an order of recusal for himself and the case was transferred to Judge Peterson. ECF No. 566, 567.

PLAINTIFFS' SECOND MOTION
FOR LEAVE TO FILE SECOND
AMENDED COMPLAINT -4

On February 2, 2016, the Court ruled on Defendants' second motion for summary judgment. ECF No. 580. Meanwhile, the *Vassalle* court ordered the Plaintiffs and their counsel in this case to withdraw their motion for leave to file second amended complaint and Plaintiffs complied with the Order, while simultaneously appealing the contempt finding. ECF No. 581. On December 2, 2016, the Court again stayed the case pending a decision on appeal of the contempt finding. ECF No. 588. Once a decision was made on the contempt appeal, Plaintiffs promptly notified this court, and the stay was lifted on August 24, 2017. ECF No. 598. On the same day, Judge Peterson recused herself and this matter was reassigned to Judge Bastian. ECF No. 599.

The proposed Second Amended Complaint reflects procedural developments since the initial filing of the Complaint and Amended Complaint. The factual and legal allegations are substantially narrowed based on rulings from this Court and from the Sixth Circuit Court of Appeals. No new causes of action have been added. Instead, causes of action barred by the 6th Circuit or already decided on the merits by this Court have been removed. Defendants have been on notice of all claims alleged in the Second Amended Complaint since the inception of this case in 2009. Given the already lengthy procedural history of this case, narrowing of the facts and causes of action will allow the Court to resolve the remaining issues in the most expeditious manner. Amending the Complaint is in the interest of

PLAINTIFFS' SECOND MOTION
FOR LEAVE TO FILE SECOND
AMENDED COMPLAINT -5

justice, advances the efficient administration of justice and does not result in prejudice.

### III. ARGUMENT

Fed. R. Civ. P. 15(a)(2) states in relevant part:

> In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

The Court has very broad discretion in granting amendments to a complaint. The court rule makes clear that amendments shall be freely given if in the interests of justice. Indeed, the United States Supreme Court held that "[o]utright refusal (by a court) to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (cited in *Wright, Miller & Kane, Federal Practice and Procedure*, Civil 2d §1484). Leave "shall be freely given when justice so requires." *Bowles v. Read*, 198 F.3d 752, 757 (9th Cir. 1999). As stated by the Ninth Circuit, "it is generally our policy to permit amendment with 'extreme liberality.'" *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). During the pretrial phase, a court should allow amendments to ensure that all the issues are before the court. *Moore's Federal Practice 3d,* §15.14[1].

PLAINTIFFS' SECOND MOTION
FOR LEAVE TO FILE SECOND
AMENDED COMPLAINT -6

The liberality in granting leave to amend is subject to the qualifications that amendment of the complaint: (1) does not cause the opposing party undue prejudice; (2) is not sought in bad faith; and (3) does not constitute an exercise in futility. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). Of these factors, prejudice to the opposing party is the most critical. *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). These holdings are made in light of F.R.C.P.'s liberal policy of favoring amendments to pleadings. *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). The burden is on the party opposing amendment to make that showing. *DCD Programs*, 833 F.2d at 187.

The Plaintiffs' proposed Amended Complaint, a copy of which is attached and filed herewith, advances the remaining relevant factual allegations and advances the remaining legal and equitable claims. It is beneficial to the Court and non-prejudicial to the Defendants.

## IV. CONCLUSION

Plaintiffs' amendments do not cause undue delay, prejudice Defendant, have dilatory motives, nor are they futile. Quite the opposite. Plaintiffs seek to ensure that this matter is finally resolved on the merits in the most expeditious manner possible. For this reason, Plaintiffs request that the Court grant its Motion for leave to filed a Second Amended complaint.

DATED this 6th day of September, 2017.

                                                Kirk D. Miller, P.S.

                                                /s Kirk D. Miller
                                                Kirk D. Miller, WSBA #40025
                                                Attorney for Plaintiffs

PLAINTIFFS' SECOND MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT -8

CM/ECF CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of September, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

| | |
|---|---|
| Kirk D. Miller | kmiller@millerlawspokane.com; |
| John D. Munding | munding@crumb-munding.com; Ashley@crumb-munding.com; |
| Theodore Seitz | tseitz@dykema.com; |
| Bradley Fisher | bradfisher@dwt.com; |

Kirk D. Miller, P.S.

s/Kirk D. Miller
Kirk D. Miller, WSBA #40025
Attorney for Plaintiffs

PLAINTIFFS' SECOND MOTION
FOR LEAVE TO FILE SECOND
AMENDED COMPLAINT -9