UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KELLI GRAY, and all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>SUTTELL & ASSOCIATES, et al.,<br><br>    Defendants. | No. 2:09-cv-00251-SAB<br><br>**ORDER DENYING SECOND MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** |
| EVA LAUBER, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>ENCORE CAPITAL GROUP, INC., et al.,<br><br>    Defendants. | |

Before the Court is Plaintiffs' Motion for Leave to File Second Amended Complaint, ECF No. 601. A hearing on the motion was held on November 7, 2017, in Spokane, Washington. Plaintiffs were represented by Kirk Miller. The Midland Defendants were represented by John Munding; the Suttell Defendants were represented by Bradley Fisher.[1]

---

[1] The Court utilizes Judge Shea's categorization of the Defendants. Defendants Suttell & Associates PS, Suttell & Hammer PS, Mark Case, Jane Doe Case, Karen

**ORDER DENYING SECOND MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT ~ 1**

The background facts have been provided in previous Orders and the Court will not recite them again. *See* ECF Nos. 416, 544, 580.

The operative Complaint is the Amended Complaint filed in April, 2011. ECF No. 297. The Amended Complaint relies on three statutes to assert three causes of actions. The statutes are: (1) the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692 *et seq.*; (2) the Washington Consumer Protect Act (WCPA), RCW 19.86, *et seq.*; and (3) the Washington Collection Agency Act, (WCAA), RCW 19.16. The three alleged wrongful conduct are as follows:

(1) Statute of Limitations Claim. Defendants violated the statute of limitations by serving and filing time-barred lawsuits;

(2) Attorney Fees claim. Defendants violated the statutes by requesting unreasonable attorneys' fees of $650 in a default judgment and $850 in a summary judgment;

(3) Licensing Claim. Defendants acted as a collection agency without a collection agency license.

Defendants brought separate summary judgment motions for each of these claims at various times throughout the course of the litigation. As a result, both Judge Shea and Judge Peterson issued orders dismissing most of the claims. In March, 2012, Judge Shea granted the Suttell Defendants' Motion to Dismiss Plaintiffs' WCPA claims because the Amended Complaint failed to satisfy the WCPA's deceptive act or practice requirement and the trade or commerce requirement. ECF No. 416. He concluded the Suttell Defendants' request for attorney fees was for legal services performed, not an entrepreneurial aspect of

---

Hammer, Isaac Hammer, Malisa Gurule, John Doe Gurule, William Suttell, and Jane Doe Suttell are the "Suttell Defendants." Defendants Midland Funding, LLC, Midland Credit Management, Inc., and Encore Capital Group, Inc. are the "Midland Defendants."

**ORDER DENYING SECOND MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT ~ 2**

their legal practice. *Id.* He also concluded that Plaintiffs failed to state a FDCPA attorney-fee claim against the Suttell Defendants. *Id.* In that same Order, Judge Shea dismissed the WCPA claims asserted by Plaintiffs Gray, Boolen, and Finch against the Midland Defendants, but concluded that the injuries alleged by Plaintiffs Scott satisfied the WCPA's injury requirement for pleading purposes. *Id.*

In May, 2015, Judge Shea granted Defendants' Motions for Summary Judgment on the Statute of Limitations claim. ECF No. 544. He concluded that the bona fide error doctrine applied because: first, the undisputed facts showed that even if the lawsuits were filed outside the statute of limitations, this was an unintentional, genuine mistake; and second, the Midland Defendants' procedures were reasonably adapted to avoid filing suit outside the statute of limitations and additional procedures or screening would not have avoided the alleged error because the law was unclear. *Id.*

Judge Shea also ordered Plaintiffs to "file a notice succinctly listing (1) the remaining claim(s) presently asserted and against whom each is asserted and (2) the claims they would assert if permitted to file an amended complaint and against whom. *Id.*

In response, Plaintiffs represented to the Court the following:

II. Remaining Claims Presently Asserted

2.1   Failure to license as an RCW 19.16.100(4) "collection agency." Plaintiff has alleged violations under both the Washington Consumer Protection Act and the FDCPA. This claim is asserted against Defendant Midland Funding.

III.   Claims asserted if Permitted to File Amended Complaint

3.1   In addition to the above, Plaintiffs allege in the proposed amended complaint that the Suttell Defendants violated the FDCPA by altering the affidavits provided to them by the Encore defendants,

**ORDER DENYING SECOND MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT ~ 3**

when they caused documents to be attached to the affidavits that were unknown to the affiants.

ECF No. 557.

Plaintiffs went on to explain that if the Sixth Circuit Court of Appeals rejected the settlement agreement and injunction issued in the *Vassalle v. Midland Funding, LLC* case, they would seek leave to assert additional claims pertaining to the false, deceptive and misleading affidavits.

In February, 2016, Judge Peterson held that Plaintiffs' WCAA claim must be dismissed because the WCAA does not create a private cause of action. ECF No. 580. She noted that the remedy for violation of the WCAA is through the WCPA. She also noted that the Amended Complaint did not allege a FDCPA claim against the Midland Defendants. *Id.* at 23. ("Midland Defendants are correct that Plaintiffs did not allege an FDCPA claim related to licensing in the First Amended Complaint").

## ANALYSIS

In their motion, Plaintiffs assert the proposed Second Amended Complaint merely reflects procedural developments that have occurred since the initial filing of the Complaint and Amended Complaint. They maintain that "[n]o new causes of action have been added." ECF No. 601 at 5. If it were that simple, the Court would not hesitate to grant the motion. However, the Court has carefully reviewed the proposed Amended Complaint and disagrees that it merely reflects the procedural developments that have occurred since the initial filing of the Complaint and Amended Complaint. Instead, the proposed Amended Complaint seeks to resurrect claims brought by Plaintiffs that have been previously dismissed from the action against Defendants whose pending claims have been dismissed from this action.

In the proposed Amended Complaint, Plaintiffs allege FDCPA claims against the Suttell Defendants under a new and previously undisclosed theory of

**ORDER DENYING SECOND MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT ~ 4**

liability. Specifically, the new FDCPA claim against the Suttell Defendants is premised on the fact that the Suttell Defendants went to court and asked for an amount they were not entitle to ask for under Washington law because the debt was on behalf of an unlicensed debt collector. This is the first time that Plaintiffs have alleged an FDCPA claim based on Midland Fundings failure to obtain a license and as such, the proposed Second Amended Complaint does allege a new cause of action.

Moreover, back in 2015, Plaintiffs indicated to the Court that the only remaining claim was being asserted against the Midland Defendants. This effectively put the Suttell Defendants on notice that they were no longer parties to this action unless the Sixth Circuit rejected the settlement and injunction. That did not happen so it was reasonable for the Suttell Defendants to think they were no longer parties to this action. Resurrecting a FDCPA claim against the Suttell Defendants three years after they had been dismissed from this action and based upon a new theory of liability would result in substantial prejudice to these Defendants. Nothing prevented Plaintiffs from asserting a claim against the Suttell Defendants related to the licensing of Midland Funding in 2009 or in 2011 when the Amended Complaint was filed.

Finally, Plaintiffs have not established good cause to amend the Scheduling Order. Notably, the July, 2015 deadline for filing class certification came and went without Plaintiffs filing their Motion for Class Certification and without Plaintiffs filing any requests to continue the deadline. In November, 2016, Plaintiffs indicated to the Court that the July 7, 2015 was impossible due to the uncertainty of the causes of action that could proceed, ECF No. 585, but Plaintiffs' unilateral determination regarding whether they could or could not comply with the Court's Scheduling Order does not demonstrate good cause.

///

///

**ORDER DENYING SECOND MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT ~ 5**

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiffs' Second Motion for Leave to File Second Amended Complaint, ECF No. 601, is **DENIED**.

2. A telephonic scheduling conference is set for December 19, 2017, at 10:00 a.m. Counsel shall use the following information to access the call: Conference line: 1-888-636-3807; Access Code: 8839796; Security Code: 0251. **The use of cell phones or speaker phones during the telephonic hearing is prohibited.** Please listen carefully and follow the automated instructions to be added to the conference in a timely manner.

3. Prior to the conference, the parties are directed to meet and confer to discuss proposed trial dates and explore settlement options. Not less than 10 days in advance of the telephonic scheduling conference, the parties shall file a joint status certificate reflecting the results of their conference.

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order and forward copies to counsel.

**DATED** this 14th day of November 2017.



                              Stanley A. Bastian
                              United States District Judge

**ORDER DENYING SECOND MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT ~ 6**