Kirk D. Miller
*Kirk D. Miller, P.S.*
421 W. Riverside Avenue, Ste 660
Spokane, WA 99201
(509) 413-1494 Telephone
(509) 413-1724 Facsimile
kmiller@millerlawspokane.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KELLI GRAY, and all others similarly situated, | Case No.: 2:09-CV-00251-SAB |
| Plaintiffs, | PLAINTIFF SCOTT'S MOTION FOR SUMMARY JUDGMENT AGAINST THE MIDLAND DEFENDANTS FOR VIOLATING THE WASHINGTON CONSUMER PROTECTION ACT |
| v. | |
| SUTTELL & ASSOCIATES, et al., | 11/07/2018 @ 6:30 PM |
| Defendants. | WITHOUT ORAL ARGUMENT |
| EVA LAUBER, et al., | |
| Plaintiffs, | |
| v. | |
| ENCORE CAPITAL GROUP, INC., et al., | |
| Defendants. | |

PLAINTIFF SCOTT'S MOTION FOR
SUMMARY JUDGMENT AGAINST
THE MIDLAND DEFENDANTS - 1

I. Introduction

Plaintiffs, by and through their attorney of record, Kirk D. Miller of Kirk D. Miller, P.S., hereby move this Court for entry of summary judgment in favor of Plaintiff Scott, holding that the Midland Defendants violated the WCPA by suing Mr. Scott and garnishing his property without first obtaining a Washington collection agency license.

II. Argument

On February 2, 2016, the Court denied the Midland Defendants' Motion for Summary Judgment, wherein they argued that they did not violate the Washington Consumer Protection Act (RCW 19.86, et seq.) by collecting debts in Washington without first obtaining a collection agency license. ECF No. 580. In relevant part, the Court made the following findings and conclusions:

- Midland funding has no employees. *Id* at 16.
- Although selling creditors make initial contact with MCMI, MCMI must enter a bid, on behalf of Midland Funding, before any portfolio of accounts is purchased. *Id* at 11.
- Bidding on a portfolio of accounts is distinguishable from "merely passively accepting offers" as described by the Washington State Supreme Court. *Id.*

PLAINTIFF SCOTT'S MOTION FOR SUMMARY JUDGMENT AGAINST THE MIDLAND DEFENDANTS - 2

- It is conceivable that the MCM I employees are acting as Midland Funding's agents to the extent that the employee is purchasing portfolios of accounts in Midland Funding's name. *Id* at 16.

- The three primary officers are the same for each Midland entity. *Id* at 16.

- Midland Funding and MCMI have the same president and chief executive officer. *Id.*

- The president and chief executive officer signs the purchase agreements with creditors for portfolios of accounts. *Id.*

- MCMI's license does not extend to or include Midland Funding, a distinct corporate entity which was both the actual purchaser and unlicensed. *Id* at 17.

- A Corporation can only act through its agents. *Id.*

- If Midland Funding agents took **any** affirmative steps to obtain claims for collection, then it is a collection agency. *Id* at 14.

- If Midland Funding is a collection agency, the WCAA requires that Midland Funding be licensed in order to enter judgments against debtors and issue writs of garnishment. If Midland Funding illegally garnished Mr. Scott wages, any amount collected could amount to an

PLAINTIFF SCOTT'S MOTION FOR
SUMMARY JUDGMENT AGAINST
THE MIDLAND DEFENDANTS - 3

injury as Midland Funding would have had no right to utilize a writ of garnishment mechanism to collect the underlying debt, even if that debt was not disputed. *Id* at 22-23.

When the Midland Defendants moved for summary judgment on the WCPA issue, Plaintiff Scott did not file a cross-motion. Presumably, the court stopped short of finding that Midland Funding was operating illegally without a collection agency license only because no cross-motion was filed at the time. *See Bridgeway Corporation v. Citibank*, 201 F.3d 134, 139–40 (2d Cir. 2000) (*sua sponte* granting summary judgment in favor of nonmoving party procedurally prejudices moving party if the moving party is surprised by the action and that surprise results in the moving party's failure to present evidence in support of its position.) To Plaintiff's knowledge, there are no additional facts not currently before the Court that could emerge at trial, which are necessary to reach the conclusion that MCMI was acting as Midland Funding's agent for purposes of purchasing debt. The Court's previous findings and conclusions at ECF No. 580 establish that Midland Funding was acting as a collection agency when collecting debt from Plaintiff Scott.

An agent is "2. One who is authorized to act for or in the place of another: a representative". Black's Law Dictionary 8th Edition. The Court has already found that MCMI acts on behalf of Midland Funding to purchase debt portfolios. There has never been any allegation that MCMI was not authorized to act on Midland

PLAINTIFF SCOTT'S MOTION FOR
SUMMARY JUDGMENT AGAINST
THE MIDLAND DEFENDANTS - 4

Funding's behalf. When the Washington Supreme Court weighed in on this issue, it found that:

> Midland Funding was formed to purchase claims for collection, has actually purchased claims, and has subsequently filed 7,278 collection lawsuits in Washington between 2005 and 2010. **It strains credulity to suggest that Midland Funding acquired 7,278 claims for collection without ever undertaking any steps to solicit claims.** In addition, defendant Encore Capital files reports with the United States Securities and Exchange Commission (SEC). Defendants Midland Funding and MCM's financial and operational information are not separately required but, rather, are subsumed in the disclosures made by Encore Capital to the SEC. Indeed, in its 2010 10–Q filing with the SEC, Encore Capital explains:
>> Encore Capital Group, Inc. ("Encore"), through its subsidiaries (collectively, the "Company"), is a systems-driven purchaser and manager of charged-off consumer receivable portfolios.... The Company purchases receivables based on account-level valuation methods, and employs a suite of proprietary statistical models across the full extent of its operations.... Moreover, the Company has one of the industry's largest distressed consumer databases, comprised of approximately 20 million consumer accounts.
>
> ECF 128–1, at 5 (Encore Capital Grp. Inc. Quarterly Report (Form 10–Q), at 3 (Aug. 2, 2010)).
> Although the SEC filing does not conclusively establish that Midland Funding solicits claims for collection, it has no employees and acts only through employees of other Encore Capital subsidiaries.

*Gray v. Suttell & Associates*, 181 Wn.2d 329, 341, 334 P.3d 14, 20 (2014) (emphasis added)

PLAINTIFF SCOTT'S MOTION FOR
SUMMARY JUDGMENT AGAINST
THE MIDLAND DEFENDANTS - 5

1	The Midland Defendants cannot produce evidence to rebut the Washington Supreme Court's inference that Midland Funding is, and at all relevant times, most likely was a collection agency. Given the Court's findings at ECF No. 580, there can be no doubt that it is. This Court has already rejected the Midland Defendants' other challenges to a finding that it violated the WCPA with respect to Plaintiff Scott by operating illegally in Washington as a collection agency without a license.

### III. Conclusion

For the reasons set forth herein, Plaintiff Scott respectfully requests that this Court find that the Midland Defendants operated illegally as an unlicensed "collection agency", as defined by RCW 19.16.100, and that that garnishing Mr. Scott's property while so operating violates the WCPA.

DATED this 18th day of September, 2018.

Kirk D. Miller, P.S.


s/Kirk D. Miller
Kirk D. Miller, WSBA #40025
Attorney for Plaintiffs

CM/ECF CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of September, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

| | |
|---|---|
| Kirk D. Miller | kmiller@millerlawspokane.com; |
| John D. Munding | munding@crumb-munding.com; Ashley@crumb-munding.com; |
| Theodore Seitz | tseitz@dykema.com; |
| Bradley Fisher | bradfisher@dwt.com; |

Kirk D. Miller, P.S.

s/Kirk D. Miller
Kirk D. Miller, WSBA #40025
Attorney for Plaintiffs

PLAINTIFF SCOTT'S MOTION FOR
SUMMARY JUDGMENT AGAINST
THE MIDLAND DEFENDANTS - 7