FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 03, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KELLI GRAY, and all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>SUTTELL & ASSOCIATES, et al.,<br><br>    Defendants.<br><br>―――――――――――――――<br><br>EVA LAUBER, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>ENCORE CAPITAL GROUP, INC., et al.,<br><br>    Defendants. | No. 2:09-cv-00251-SAB<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT; CLOSING FILE** |

Before the Court is Plaintiff Dane Scott's Motion for Summary Judgment, ECF No. 620. A hearing was held on the motion on December 20, 2018. Plaintiff was represented by Kirk Miller. The Midland Defendants were represented by John Munding.

Plaintiff Dane Scott is the sole remaining Plaintiff. The sole remaining claim against the Midland Defendants is a Washington Consumer Protection Act ("CPA") claim based on the allegation that Defendant Midland Funding acted as a

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT; CLOSING FILE ~ 1**

"collection agency" without a "collection agency" license. All other claims asserted against Defendants have been resolved by prior Court rulings. ECF Nos. 416, 544, and 580.

## Motion Standard

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). There is no genuine issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The moving party has the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets its initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Id.* at 325; *Anderson*, 477 U.S. at 248.

In addition to showing there are no questions of material fact, the moving party must also show it is entitled to judgment as a matter of law. *Smith v. Univ. of Wash. Law Sch.*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the non-moving party has the burden of proof. *Celotex*, 477 U.S. at 323. The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993).

Where parties submit cross-motions for summary judgment, "each motion must be considered on its own merits." *Fair Hous. Council of Riverside Cnty. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001). In analyzing the two motions, a court has an independent duty to review each motion and its supporting evidence to evaluate whether an issue of fact remains when the parties believe there is no

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT; CLOSING FILE ~ 2**

issue of material fact. *Id.* In doing so, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

## BACKGROUND FACTS

There are two corporate entities that are encompassed by the term "Midland Defendants." Midland Funding ("MF") was formed to purchase claims for collection, has actually purchased claims, and has subsequently filed over 7,000 collection lawsuits in Washington between 2005 and 2010. During this time, MF was not licensed as a collection agency in the state of Washington. MF is owned by Midland Portfolio Services, which is owned by Midland Credit Management Inc., which is owned by Encore Capital Group, Inc. MF has no employees.

Midland Credit Management Inc. ("MCM") was a licensed collection agency in the State of Washington during the time in question. MCM contracts with law firms to bring collection lawsuits on behalf of MF. MCM employees determine whether to purchase the consumer debt portfolios. They negotiate with the creditors, and if its bid is accepted, they prepare the purchase agreement that indicates the debt is being purchased by MF. Officers for MF are the same officers for MCM and an officer will sign the purchase agreements in the name of MF.

In Plaintiff Dane Scott's case, the law firm contracted by MCM filed a collection law suit on behalf of MF, filed a Motion for Default Judgment, and requested attorneys' fees in the amount of $650.00 in Benton County Superior Court. A Writ of Garnishment was also sought and received, and funds were withheld from Plaintiff's pay check. The seeking and executing the Writ of Garnishment is the basis of the Washington Consumer Protection Act claim. Plaintiff maintains that Defendant MF was required to obtain a license before it could bring lawsuits in the state courts. Because it was unlicensed, any actions taken in the state courts were illegal and violated the CPA.

//

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT; CLOSING FILE ~ 3**

## WASHINGTON CONSUMER PROTECTION CLAIM

To maintain a Washington CPA claim, the plaintiff must show:

(1) An unfair or deceptive act or practice by a defendant;

(2) Occurring in trade or commerce

(3) An impact on the public interest

(4) Injury to the plaintiff's business or property

(5) Causation (the alleged unfair or deceptive act caused Plaintiff's injury).

*Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.,* 105 Wash.2d 778, 784-85 (1986).

No person may act as a "collection agency" without first having applied for an obtained a license. Wash Rev. Code § 19.16.110. Operating a "collection agency" without a license is a *per se* unfair practice under the WCPA. Wash. Rev. Code § 19.16.440; *Panag v. Farmers Ins. Co. of Wash.*, 166 Wash.2d 27, 53 (2009) ("When a violation of debt collection regulations occurs, it constitutes a per se violation of the CPA and [Federal Trade Commission Act] under state and federal law, reflecting the public policy significance of this industry.").

## LAW OF THE CASE

The doctrine of the law of the case stands for the proposition that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent states in the same case. *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 815 (1988). The rule of law doctrine promotes the finality and efficiency of the judicial process by "protecting against the agitation of settled issues." *Id.* (quotation omitted). "A court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.' " *Id.* (quoting *Arizona v. California*, 460 U.S. 605, 618 n.8 (1983)).

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT; CLOSING FILE ~ 4**

The Ninth Circuit has instructed that this doctrine is a guide to courts' exercise of discretion, rather than a rigid rule. *See Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 216 F.3d 764, 787 (9th Cir. 2000); *United States v. Miller*, 822 F.2d 828, 832-33 (9th Cir. 1987); *Castner v. First Nat'l Bank of Anchorage*, 278 F.2d 376, 379-80 (9th Cir. 1960). There is no strict prohibition against one district judge reconsidering and overturning the interlocutory order or ruling of a prior district judge in the same case before final judgment, though "one judge should not overrule another except for the most cogent reasons." *United States v. Desert Gold Min. Co.*, 433 F.2d 713, 715 (9th Cir. 1970); *see also, e.g., Abada v. Charles Schwab & Co., Inc.*, 300 F.3d 1112, 1117-18 (9th Cir. 2002); *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 530 (9th Cir. 2000). Cogent reasons include a determination that a prior order was clearly erroneous and would result in a "useless trial." *Castner*, 278 F.2d at 380; *see also Delta Sav. Bank v. United States*, 265 F.3d 1017, 1027 (9th Cir. 2001).

## ANALYSIS

In his Motion, Plaintiff urges this Court to find that Defendant MF was operating as an unlicensed collection agency. He argues the facts demonstrate that MCM was acting a MF's agency for purposes of purchasing debt.

Defendants challenge Plaintiff's Motion for Summary Judgment with three arguments: (1) MF was not required to be licensed as a "collection agency" under the WCAA; (2) MF, even if required to be licensed under the WCAA, is entitled to the WCPA good faith exception; and (3) Plaintiff has not sustained an "injury to property or business" as required to maintain a WCPA cause of action.

**(1)     Whether Midland Finding was operating as a "collection agency" under the Washington Collection Agency Act?**

In *Gray v. Suttell & Assocs.*, 181 Wash.2d 329 (2014), the Washington Supreme Court set forth the standard the Court should apply in order to determine whether Defendant MF was acting as an "unlicensed collection agency": "if the

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT; CLOSING FILE ~ 5**

court finds that Midland Funding LLC solicited claims, then Midland Funding is a collection agency and it cannot file collection lawsuits without a license." *Id.* at 332.

It noted:

> Soliciting claims for collection involves conduct aimed at procuring a claim for collection. A passive market participant does not "solicit' claims for collection. There must be some affirmative act on the part of the solicitor. For example, the solicitor could advertise that it is purchasing claims, target individual sellers, enter into contracts with sellers to purchase claims, or perform market-based research to generate lists used to purchase claims.
>
> ***
>
> By contrast, if a company is formed, sits idle, and never actually solicits or acquires any claims for collection, that company has not solicited claims for collection. Nor has a company solicited claim if it engages in no marketing and merely passively accepts offers.

*Id.* at 340-41.

Finally, it instructed:

> Midland Funding, a debt buyer, is a "collection agency" under RCW 19.16.100(2) if the district court finds that Midland Funding solicited claims for collection—that is, if Midland Funding or its agents took any affirmative steps to obtain claims for collection.

*Id.* at 341.

While Defendant MF asks this Court to find it was not acting as a collection agency under the WCAA, it also suggests that in the alternative, the Court find that material questions of fact remain for a jury to resolve. Defendant MF has not identified what facts are in dispute. It appears there are none. As such, the issue as to whether MF operated as a collection agency is ripe for decision. *See Leingang v. Pierce Cnty Med. Bureau,* 131 Wash. 2d 133, 150 (1997) (noting that the determination of whether a particular statute applies to a factual situation is a

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT; CLOSING FILE ~ 6**

conclusion of law: "Since there is no dispute of facts as to what the parties did in this case, whether the conduct constitutes an unfair or deceptive act can be decided by this court as a question of law.").

Here, the undisputed facts establish that MF or its agents took affirmative steps to obtain claims for collection. Employees of MCM, acting as agents of MF, entered into contracts on behalf of MF to purchase debts. This meets the definition supplied by the Washington Supreme Court.[1] As such, the Court finds as a matter of law that Defendant MF was acting as an unlicensed collection agency.

**(2) Whether Midland Funding is entitled to the WCPA good faith exception?**

Defendant MF argues that even if the Court concludes it was acting as a "collection agency," it is entitled to a good faith defense. In order for the Court to agree with Defendant, it will be necessary to revisit Judge Peterson's ruling that the good faith exception is not available for per se violations of the Washington CPA.

Under Washington law, acts or practices performed in good faith under an arguable interpretation of existing law do not constitute unfair conduct that violates the Washington CPA. *Perry v. Island Sav. And Loan Ass'n*, 101 Wash.2d 795, 810 (1984) ("We hold acts or practice performed in good faith under an arguable interpretation of existing law do not constitute unfair conduct violative of the consumer protection law."); *Leingang,* 131 Wash.2d at 155; *see also Watkins v. Peterson Enter., Inc.* 57 F.Supp.2d 1102, 1111 (E.D. Wash. 1999) (concluding the good faith defense is available for per se violations of the consumer protection laws).

Although Plaintiff argues the good faith exception does not apply to

---

[1] Indeed, as the Washington Supreme Court noted, "[i]t strains credulity to suggest that Midland Funding acquired 7,278 claims for collection without ever undertaking any steps to solicit claims." *Id.* at 341, n.8.

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT; CLOSING FILE ~ 7**

violations of black letter law, he does not cite to any case law to support his argument. Given the lack of precedent to support his position, as well as the precedent concluding otherwise, the Court will revisit Judge Peterson's decision and find that the good faith defense is available to excuse per se violations of the Washington CPA.

Here, there is no dispute that the question of whether MF was required to obtain a collection agency license was unclear. Indeed, the Washington Collection Agency Board, the agency that is charged with administering the WCAA, indicated in 2004 that debt buyers that collect solely on their own claims and in their own names are not covered by chapter 19.16 RCW. While the Board gave signals it was reconsidering that decision, during the time in question it was not clearly established that a license was required if the debt was owned by the person bringing the collection action. An even clearer signal that the statute was not clear is the fact that Judge Shea certified this exact question, *i.e.* whether MF was required to obtain a license before it could bring collection actions in state courts, to the Washington Supreme Court, and the Washington Supreme Court issued a published opinion after a careful and exacting analysis of the issue.

It follows that Defendant MF's belief that a license was not required if it owned the debt was a reasonable one. Therefore. even though this Court found that MF was required to obtain a license prior to bring collection actions, it is entitled to assert the good faith defense. Because the Court finds Defendant MF acted in good faith, it cannot be held liable under the Washington Consumer Protection Act. Summary judgment in favor of the Midland Defendants is appropriate.[2]

---

[2] Because the Court concludes that Defendant MF is entitled to the good faith defense, it is not necessary to revisit Judge Shea's ruling that "to the extent that Mr. Scott alleges an injury as a result of the garnished amount based solely on the

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT; CLOSING FILE ~ 8**

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, ECF No. 620, is **DENIED**.

2. The Midland Defendants' Cross-motion for Summary Judgment, ECF No. 622, is **GRANTED**.

3. The District Court Executive is directed to enter judgment in favor of the Midland Defendants and against Plaintiff Dane Scott.

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order, forward copies to counsel and **close the file**.

**DATED** this 3rd day of January 2019.



Stanley A. Bastian
United States District Judge

---

underlying debt and interest thereon, Mr. Scott fails to allege an injury to business or property." ECF No. 416, at 13.

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT; CLOSING FILE ~ 9**